Lloyd Winawer (State Bar No. 157823)
*lwinawer@goodwinprocter.com*
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017-5704
Telephone:  213-426-2500
Facsimile:  213-623-1673

Brian E. Pastuszenski (*Pro Hac Vice*)
*bpastuszenski@goodwinprocter.com*
Alexis L. Shapiro (*Pro Hac Vice*)
*ashapiro@goodwinprocter.com*
Mitchell D. Webber (*Pro Hac Vice*)
*mwebber@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, Massachusetts 02109
Telephone:  617-570-1000
Facsimile:  617-523-1231

*Attorneys for Defendant*
Countrywide Financial Corporation

**Goodwin Procter LLP**
**601 South Figueroa Street, 41st Floor**
**Los Angeles, California 90017**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHILDREN'S HOSPITAL & MEDICAL CENTER FOUNDATION OF OMAHA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTRYWIDE FINANCIAL CORPORATION, et al., <br><br> Defendants. | Case No. 11-CV-00809-MRP-MAN <br><br> **NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT COUNTRYWIDE FINANCIAL CORPORATION'S MOTION TO DISMISS** <br><br> Date:    August 8, 2011 <br> Time:    11:00 a.m. <br> Judge:   Hon. Mariana R. Pfaelzer <br> Crtrm:   12 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Countrywide Financial Corporation ("Countrywide"), by and through its attorneys of record, hereby requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201 and supporting case law, of the below listed documents and facts in connection with its Motion to Dismiss.  The documents listed below are attached to the Declaration of Lloyd Winawer, submitted herewith:

EXHIBIT    DESCRIPTION

1.    Excerpts from Countrywide Financial Corp. Annual Report (Form 10-K), filed April 1, 2002; and

2.    Excerpts from Countrywide Financial Corp. Annual Report (Form 10-K), filed March 28, 2003; and

3.    Excerpts from Countrywide Financial Corp. Annual Report (Form 10-K), filed March 15, 2005; and

4.    Excerpts from Countrywide Financial Corp. Annual Report (Form 10-K), filed on March 1, 2006; and

5.    Excerpts from Countrywide Financial Corp. Annual Report (Form 10-K), filed March 1, 2007; and

6.    Excerpts from Countrywide Financial Corp. Quarterly Report (Form 10-Q), filed November 8, 2005; and

7.    Excerpts from Countrywide Financial Corp. Quarterly Report (Form 10-Q), filed August 7, 2006; and

8.    Excerpts from Countrywide Financial Corp. Quarterly Report (Form 10-Q), filed November 7, 2006; and

9.    Excerpts from Countrywide Financial Corp. Quarterly Report (Form 10-Q), filed August 9, 2007; and

10.    Excerpts from Prospectus Supplement CWABS Revolving Home Equity Loan Trust, Series 2006-6 , filed March 30, 2006; and

**Goodwin Procter LLP**
**601 South Figueroa Street, 41st Floor**
**Los Angeles, California  90017**

-1-

Goodwin Procter LLP
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017

11. Excerpts of Countrywide's Transcript of Motion for Final Approval Hearing, *In re Countrywide Fin. Corp. Sec. Litig.*, dated February 25, 2011; and

12. Stock Price Data from S&P Supercomposite Thrifts and Mortgage Finance Index; and

13. Excerpts of The Federal Home Loan Mortgage Corporation, ("Freddie Mac"), 2006 Annual Report, dated March 23, 2007; and

14. Presentation slides from Countrywide Financial Corp. Investor Forum, dated March 30, 2004; and

15. Excerpts of Transcript of Countrywide Financial Corp. Analyst Meeting, dated May 24, 2005; and

16. Excerpts of Transcript of Countrywide Financial Corp. Fixed Income Analyst Forum, dated February 28, 2006; and

17. Excerpts of Transcript of Countrywide Financial Corp. Equity Investor Forum, dated March 30, 2006; and

18. Excerpts of Transcript of Countrywide Financial Corp. Equity Investor Forum, dated September 12, 2006; and

19. Presentation slides from Countrywide Financial Corp. Equity Investor Forum, dated September 12, 2006; and

20. Excerpts of Transcript of Countrywide Financial Corp. Fixed Income Investor Forum, dated September 13, 2006; and

21. Presentation slides from Countrywide Financial Corp. Fixed Income Investor Forum, dated September 13, 2006; and

22. Countrywide Financial Corp. press release, dated March 30, 2004; and

23. Countrywide Financial Corp. press release, dated May 24, 2005; and

24. Countrywide Financial Corp. press release, dated February 27, 2006; and

25. Countrywide Financial Corp. press release, dated March 7, 2006; and

26. Countrywide Financial Corp. press release, dated September 5, 2006; and

-2-

Goodwin Procter LLP
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017

27. Countrywide Financial Corp. press release, dated September 11, 2006; and

28. Countrywide Financial Corp. press release, dated August 16, 2007; and

29. Article, "Interest-Only Craze," from *Mortgage Banking,* dated October 2004; and

30. Class Action Complaint in *Pappas v. Countrywide Fin. Corp.*, No. CV 07-05295 (C.D. Cal.), filed on August 14, 2007; and

31. Class Action Complaint in *N.Y. City Employees' Retirement Sys. v. Countrywide Fin. Corp.*, No. CV 08-00492 (C.D. Cal.), filed on January 25, 2008; and

32. Class Action Complaint in *Garber v. Mozilo, et al.,* No. BC375275 (Los Angeles Sup. Ct.), filed on August 3, 2007; and

33. Class Action Complaint in *In re Countrywide Fin. Corp. Shareholder Deriv. Litig.,* No. BC375275 (Los Angeles Sup. Ct.), filed on January 11, 2008; and

34. Second Consolidated Amended Class Action Complaint in *In re Countrywide Fin. Corp. Sec. Litig.*, No. CV 07-05295-MRP (C.D. Cal.), filed on January 6, 2009; and

35. Merrill Lynch analyst report by Kenneth Bruce, "Countrywide Financial Corporation: Liquidity is the Achilles Heel," dated August 15, 2007; and

36. Report, "Fitch Downgrades & Places Countrywide Home Loans' Servicer Rtgs on Rating Watch Evolving," dated August 24, 2007; and

37. E-mail from Angelo Mozilo to Carlos Garcia and David Sambol, dated November 4, 2007; and

38. The Weitz Funds, Certified Semi-Annual Shareholder Report of Registered Management Investment Companies (Form N-CSR), filed November 2, 2007; and

39. The Weitz Funds, Quarterly Report (Form N-30B-2), filed February 20,

-3-

2008; and

40. Excerpts from Countrywide Financial Corp. Quarterly Report (Form 10-Q), filed November 9, 2007; and

41. Complaint in *Securities And Exchange Commission v. Angelo Mozilo, et al.*, No. CV 09-3994-JFW-MANx (C.D. Cal.), filed June 4, 2009; and

42. Excerpts from Plaintiff Securities And Exchange Commission's Statement of Genuine Issues Of Material Fact in Opposition to Defendants' Motion for Summary Judgment, filed August 16, 2010, Docket No. 302 of *Securities And Exchange Commission v. Angelo Mozilo, et al.*, No. CV 09-3994-JFW-MANx (C.D. Cal.); and

43. Article, Mara Der Hovanesian, "Who Crossed The Line on the Street?", from *BusinessWeek*, dated November 13, 2008; and

44. Article, Chris Palmieri, "One Insider's View of Countrywide," from *BusinessWeek*, dated January 17, 2008; and

45. Transcript, ABC Nightline, with Anchor Cynthia McFadden, aired on November 20, 2007; and

46. Excerpts from Complaint in *Ambac Assurance Corp., et al., v. Countrywide Home Loans, Inc., et al.*, No. 651612/2010 (Sup. Ct. NY), filed Sept. 28, 2010; and

47. Article, Daniel Golden, "Countrywide's Many 'Friends,'" *Conde Naste Portfolio*, June 12, 2008; and

48. Excerpts of Transcript of Countrywide Financial Corp. Earnings Conference Call, dated July 26, 2005; and

49. Excerpts of Transcripts of Countrywide Financial Corp. Earnings Conference Call, dated July 25, 2006.

This request is based on the attached Memorandum of Points and Authorities in support hereof, the documents submitted as Exhibits 1- 49, the Declaration of Lloyd Winawer submitted herewith, and upon any additional argument or evidence

**Goodwin Procter LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017

-4-

permitted at the hearing on Countrywide's Motion to Dismiss.


Dated:  May 20, 2011                    GOODWIN PROCTER LLP


                                        By: /s/ Brian E. Pastuszenski

                                            Brian E. Pastuszenski (*Pro Hac Vice*)
                                            Lloyd Winawer
                                            Alexis L. Shapiro (*Pro Hac Vice*)
                                            Mitchell D. Webber *(Pro Hac Vice)*

                                        *Attorneys for Countrywide Financial Corporation*

**Goodwin Procter LLP**
**601 South Figueroa Street, 41st Floor**
**Los Angeles, California  90017**

-5-

Goodwin Procter LLP
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Evidence 201 provides that a court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).  As set forth below, the specified documents submitted in support of Countrywide's Motion to Dismiss are properly subject to judicial notice.

Exhibits 1 through 10 and 40, which consist of several of Countrywide Financial Corporation's filings with the Securities and Exchange Commission ("SEC"), and Exhibits 38 and 39, which consist of filings of The Weitz Funds with the SEC, are proper subjects of judicial notice because they are publicly available documents capable of accurate and ready determination.[1]  It is well-settled that the Court may take judicial notice of SEC filings on a motion to dismiss.  *See Metzler Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (citing *Dreiling v. American Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006)); *Argent Classic Conv. Arb. Fund L.P. v. Countrywide Fin. Corp.*, No. CV-07-07097, slip op. at 6 (C.D. Cal. Mar. 19, 2009) (documents filed with the SEC were "indisputably subject to notice"); *In re Finisar Corp. Deriv. Litig.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008) ("public filings with the SEC are properly the subject of judicial notice in a motion to dismiss"); *In re Computer Scis. Corp. Deriv. Litig.*, 244 F.R.D. 580, 585 n.8 (C.D. Cal. 2007) (same).

Exhibit 12 is a chart depicting stock price data for companies in the mortgage lending industry, as reflected in the S&P Supercomposite Thrifts and Mortgage

---

[1] Countrywide has elected to submit excerpts of its SEC filings rather than entire filings in order to save the court time and paper.  Courts regularly take judicial notice of excerpts.  *See Shurkin v. Golden State Vintners, Inc.*, 471 F. Supp. 2d 998, 1011 (N.D. Cal. 2006); *In re Nuko Info. Sys. Inc. Sec. Litig.*, 199 F.R.D. 338, 341 (N.D. Cal. 2000); *In re Taser Int'l S'holder Deriv. Litig.*, No. CV-05-123-PHX-SRB, 2006 WL 687033, at *7 (D. Ariz. Mar. 17, 2006).

-6-

**Goodwin Procter LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017

Finance Index. The Court may take judicial notice of such stock price data, because it is publicly available and "capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned." *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1150 (C.D. Cal. 2007) (taking judicial notice of stock prices); *see also, In re Metricom Sec. Litig.*, No. C 01-4085 PJH, 2004 WL 966291 (N.D. Cal. Apr. 29, 2004), *aff'd sub nom. Young v. Dreisbach*, 182 Fed. Appx. 714 (9th Cir. 2006) (taking judicial notice of stock prices).

Exhibits 14 through 21 are transcripts and presentation slides from Countrywide's investor forums, and Exhibits 48 and 49 are transcripts from Countrywide's conference calls.  Plaintiffs referenced and quoted from the May 24, 2005; March 30, 2006; and September 12 and 13, 2006 investor forums and July 26, 2005; and July 25, 2006 conference calls in their Complaint.  The contents of these presentations are therefore constructively incorporated by reference into the Complaint and may be considered by this Court on a motion to dismiss.  *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (holding that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *In re Taleo Corp. Sec. Litig.*, No. C 09-00151 JSW, 2010 WL 597987, at *7 (N.D. Cal. Feb. 17, 2010) (taking judicial notice, on a motion to dismiss, of excerpts of SEC filings, conference call transcripts, and press releases, partly on the grounds that "[m]any of these documents are explicitly referred to in the" complaint).  Though the March 30, 2004 and February 28, 2006 conferences are not referenced in the Complaint, the Court may still take judicial notice of them.  *See, e.g., Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) ("Defendants also seek judicial notice of . . . conference call transcripts. The Court takes judicial notice of the fact that these [conference call] statements were made on the dates specified, but not of the truth of the matters asserted therein."); *In*

-7-

Goodwin Procter LLP
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017

*re Nuvelo, Inc. Sec. Litig.*, 668 F. Supp. 2d 1217, 1220 (N.D. Cal. 2009) ("Courts hearing securities fraud cases routinely take judicial notice of documents with unquestioned authenticity that demonstrate the information available to the market during the class period.").

Exhibits 22 through 28 are press releases. Exhibit 13 is a complete copy of a publication issued by The Federal Home Loan Mortgage Corporation ("Freddie Mac"). Courts will regularly take judicial notice of company press releases and other publicly available documents on motions to dismiss. *See, e.g., In re Washington Mutual, Inc. Sec., Deriv. & ERISA Litig.*, 259 F.R.D. 490, 495 (W.D. Wash. 2009) (taking judicial notice of SEC filings, conference call transcripts, and Washington Mutual's press releases); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157-60 (C.D. Cal. 2007) (taking judicial notice of various transcripts, press releases, SEC filings, Canadian securities filings, and newspaper articles, because they were either referenced and relied on in the complaint, or, as public records, were of "undisputed authenticity"); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863-64 (N.D. Cal. 2004) (taking judicial notice of information that was publicly available at the time the defendant company made the allegedly false statements, including press releases and transcripts of conference calls).

Exhibits 30 through 34, 41, 42, and 46 are copies of various public court filings. Exhibit 11 is a copy of the transcript of a hearing held by Honorable Mariana R. Pfaelzer in a related case, *In re Countrywide Fin. Corp. Sec. Litig.,* No. CV-07-05295 MRP (MANx) (Feb. 25, 2011). This Court may take judicial notice of pleadings and papers publicly filed with it and with other courts. *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (granting request for judicial notice of pleadings in related action); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (same); *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1217-18 (S.D. Cal. 2001) (judicial notice of court filings).

Exhibit 29 is an article from a trade journal, Exhibits 43, 44, and 47 are popular

-8-

**Goodwin Procter LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017

media articles, and Exhibit 45 is the public transcript of a network television program. The Court can take judicial notice of these articles because—in addition to the fact that Exhibits 43 through 45 and 47 were referenced in Plaintiffs' Complaint—the articles were publicly available and their contents are not subject to reasonable dispute. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (holding that judicial notice may be taken of newspaper articles at the motion to dismiss stage in order to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true") (internal citation omitted); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings . . . [w]e take judicial notice that the market was aware of the information contained in news articles submitted by the defendants.") (internal citations omitted); *In re Nuvelo, Inc. Sec. Litig.*, 668 F. Supp. 2d 1217, 1219-20 (N.D. Cal. 2009) (judicial notice taken of article in trade journal to consider whether information was available to the market); *In re Rackable Sys., Inc. Sec. Litig.*, No. C 09-0222 CW, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) (taking judicial notice of newspaper articles); *In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2010 WL 1729426, at *13-14 (N.D. Cal. Apr. 27, 2010) (judicial notice taken of newspapers and other documents over plaintiffs' objections).

Exhibit 35 is an analyst report, and Exhibit 36 is a report issued by Fitch Ratings. This Court may properly take judicial notice of the contents of analyst reports, like articles, in order to determine whether and when particular information was disclosed or known to investors. *See In re Infonet Servs. Corp. Sec. Litig.,* 310 F. Supp. 2d 1106, 1115 n.10 (C.D. Cal. 2003) (taking judicial notice of analyst reports submitted to establish "whether and when certain information was provided to the market"). The Court may take judicial notice of the Fitch Ratings report for the same reasons as for the trade journal article and analyst report, and for the additional reason that the Fitch Ratings report is referenced in Plaintiffs' Complaint. *See Branch*, 14

-9-

F.3d at 453-54.

Exhibit 37 is an e-mail referenced and quoted in the Complaint. The Court may take judicial notice of "documents whose contents are alleged in a complaint and whose authenticity no party questions. . . ." *Branch*, 14 F.3d at 453-54.

**CONCLUSION**

Upon proper notice, the Court may take judicial notice of the documents listed above without converting Countrywide's motion to dismiss into a motion for summary judgment. For the reasons discussed above, Countrywide respectfully requests that the Court take judicial notice of Exhibits 1 through 49 filed in support of its Motion to Dismiss.

Dated: May 20, 2011

Respectfully submitted,

By: /s/ Brian E. Pastuszenski
Lloyd Winawer
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017-5704
Telephone: 213-426-2500
Facsimile: 213-623-1673

Brian E. Pastuszenski *(Pro Hac Vice)*
Alexis L. Shapiro *(Pro Hac Vice)*
Mitchell D. Webber *(Pro Hac Vice)*
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, Massachusetts 02109
Telephone: 617-570-1000
Facsimile: 617-523-1231

*Attorneys for Countrywide Financial Corporation*

REQUEST FOR JUDICIAL NOTICE                    CASE NO. 11-CV02056-MRP (MANx)

**Goodwin Procter LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017