Lloyd Winawer (SBN 157823)
*lwinawer@goodwinprocter.com*
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017-5704
Telephone: 213-426-2500
Facsimile: 213-623-1673

Brian E. Pastuszenski
*bpastuszenski@goodwinprocter.com*
Alexis L. Shapiro
*ashapiro@goodwinprocter.com*
Mitchell D. Webber *(Pro Hac Vice)*
*mwebber@goodwinprocter.com*
**GOODWIN PROCTER LLP**
53 State Street
Boston, Massachusetts 02109
Telephone: 617-570-1000
Facsimile: 617-523-1231

*Attorneys for Defendant*
Countrywide Financial Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CHILDREN'S HOSPITAL & MEDICAL CENTER FOUNDATION OF OMAHA, HASTINGS COLLEGE FOUNDATION, PETER KIEWIT FOUNDATION, WEITZ VALUE FUND, WEITZ PARTNERS VALUE FUN, WEITZ HICKORY FUND, WEITZ BALANCED FUND, RESEARCH FUND, PARTNERS III OPPORTUNITY FUND, and HEIDER WEITZ PARTNERSHIP,

Plaintiffs,

v.

COUNTRYWIDE FINANCIAL CORPORATION, ANGELO R. MOZILO, DAVID SAMBOL, ERIC P. SIERACKI, and KPMG LLP,

Defendants.

CASE NO. CV-11-02056-MRP (MANx)

**ANSWER TO PLAINTIFFS' COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS AND STATE LAW**

Defendant Countrywide Financial Corporation ("Countrywide") hereby answers Plaintiffs' Complaint For Violations Of The Federal Securities Laws (the "Complaint"). Countrywide denies all of the Complaint's allegations unless expressly admitted herein. Countrywide answers the allegations in the like-numbered paragraphs and subparagraphs of the Complaint as follows:

The first unnumbered paragraph on page 1 of the Complaint is a characterization of the Complaint to which no response is required. To the extent a response is required, Countrywide denies the allegations in the first unnumbered paragraph of the Complaint.

1. Countrywide denies the allegations of paragraph 1 of the Complaint.

2. Countrywide states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 2 of the Complaint and therefore denies the same. Countrywide denies the allegations of the second sentence of paragraph 2 of the Complaint.

3. Countrywide denies the allegations of paragraph 3 of the Complaint.

4. Countrywide denies the allegations of paragraph 4 of the Complaint.

5. Countrywide denies the allegations of paragraph 5 of the Complaint.

6. Countrywide denies the allegations of paragraph 6 of the Complaint.

7. Countrywide states that the comment allegedly made by Mr. Mozilo, referenced in paragraph 7 of the Complaint, speaks for itself, respectfully refers the Court to the statement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 7 of the Complaint.

8. Countrywide states that the comment allegedly made by Mr. Mozilo on March 15, 2005, referenced in paragraph 8 of the Complaint, speaks for itself, respectfully refers the Court to the statement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 8 of the Complaint.

9 Countrywide states that the comment allegedly made by Mr. Mozilo on September 13, 2005, referenced in paragraph 9 of the Complaint, speaks for itself, respectfully refers the Court to the statement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 9 of the Complaint.

10. Countrywide states that the SEC filings referenced in paragraph 10 of the Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 10 of the Complaint.

11. Countrywide states that the comment allegedly made by Mr. Mozilo on July 26, 2005, referenced in paragraph 11 of the Complaint speaks for itself, respectfully refers the Court to the statement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 11 of the Complaint.

12. Countrywide states that the comment allegedly made by Ambac Assurance Corporation referenced in paragraph 12 of the Complaint speaks for itself, respectfully refers the Court to the statement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 12 of the Complaint.

13. Countrywide states that its SEC filings referenced in paragraph 13 of the Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 13 of the Complaint.

14. Countrywide states that the comment allegedly made by Mr. Mozilo on May 31, 2006, referenced in paragraph 14 of the Complaint speaks for itself, respectfully refers the Court to the statement for its contents, and

denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 14 of the Complaint.

15. Countrywide states that the internal e-mail referenced in paragraph 15 of the Complaint is a document that speaks for itself, respectfully refers the Court to the documents for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 15 of the Complaint.

16. Countrywide denies the allegations of paragraph 16 of the Complaint.

17. Countrywide states that the internal e-mail referenced in paragraph 17 of the Complaint is a document that speaks for itself, respectfully refers the Court to the documents for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 17 of the Complaint.

18. Countrywide denies the allegations of paragraph 18 of the Complaint.

19. Countrywide denies the allegations of paragraph 19 of the Complaint.

20. Countrywide denies the allegations of paragraph 20 of the Complaint.

21. Countrywide states that the comments allegedly made by Countrywide and Standard & Poor's, referenced in paragraph 21 of the Complaint, speak for themselves, respectfully refers the Court to the statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 21 of the Complaint.

22. Countrywide denies the allegations of paragraph 22 of the Complaint.

23. Countrywide states that the comment allegedly made by Mr. Mozilo on July 24, 2007, referenced in paragraph 23 of the Complaint speaks for itself, respectfully refers the Court to the statement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 23 of the Complaint.

24. Countrywide denies the allegations of paragraph 24 of the Complaint.

25. Countrywide denies the allegations of paragraph 25 of the Complaint.

26. Countrywide states that the comment allegedly made by Mr. Mozilo on August 23, 2007, referenced in paragraph 26 of the Complaint speaks for itself, respectfully refers the Court to the statement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 26 of the Complaint.

27. Countrywide states that the alleged *Wall Street Journal* article referenced in paragraph 27 of the Complaint speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 27 of the Complaint.

28. Countrywide states that the comment allegedly made by Standard & Poor's on July 16, 2007, referenced in paragraph 28 of the Complaint, speaks for itself, respectfully refers the Court to the statement for its contents, and denies any characterization inconsistent with its terms. Countrywide states that the alleged November 26, 2007 *Wall Street Journal* article referenced in paragraph 28 of the Complaint speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide states that its alleged stock prices referenced in paragraph 28 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 28 of the Complaint.

29. Countrywide states that the comment allegedly made by two unnamed economics professors in paragraph 29 of the Complaint speaks for itself, respectfully refers the Court to the statement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 29 of the Complaint.

30. Countrywide denies the allegations of paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint consists of conclusions of law to which no response is required. To the extent that paragraph 31 contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint consists of conclusions of law to which no response is required. To the extent that paragraph 32 contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint consists of conclusions of law to which no response is required. To the extent that paragraph 33 contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 33 of the Complaint.

34. Countrywide states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies the same.

35. Countrywide states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 35 of the Complaint and therefore denies the same. Countrywide denies the allegations of the second, fourth, and fifth sentences of paragraph 35 of the Complaint.

36. Countrywide denies the allegations of paragraph 36 of the Complaint except to admit that, prior to its merger with Bank of America, Countrywide was a Delaware corporation and engaged in mortgage lending and other finance-related businesses.

37. Countrywide denies the allegations of paragraph 37 of the Complaint except to admit that Mr. Mozilo is a co-founder of Countrywide, was Chairman of the Board of Directors from March 1999 until Countrywide's merger with Bank of

America, and was Chief Executive Officer ("CEO") of Countrywide from February 1998 until Countrywide's merger with Bank of America. Countrywide also admits that Mozilo was President of the Company from March 2000 through December 2003. Countrywide states that the SEC filings referenced in paragraph 37 of the Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide states that Mr. Mozilo sold certain shares of Countrywide common stock during the Relevant Period as reported on Forms 4 filed with the SEC, respectfully refers the Court to the Forms 4 for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 37 of the Complaint.

38. Countrywide denies the allegations of paragraph 38 of the Complaint except to state that Mr. Sambol was President and Chief Operating Officer of Countrywide during the part of the Relevant Period. Countrywide also admits that Mr. Sambol was President and Chief Operating Officer of Countrywide Home Loans ("CHL") from 2004 through 2006 and became Chairman and CEO of CHL in 2007. Countrywide states that the SEC filings referenced in paragraph 38 of the Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide states that Mr. Sambol sold certain shares of Countrywide common stock during the Relevant Period as reported on Forms 4 filed with the SEC, respectfully refers the Court to the Forms 4 for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 38 of the Complaint.

39. Countrywide denies the allegations of paragraph 39 of the Complaint except to state that Mr. Sieracki was Chief Financial Officer of Countrywide during part of the Relevant Period. Countrywide states that the SEC filings referenced in paragraph 39 of the Complaint are documents that speak for themselves, respectfully

refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide states that Mr. Sieracki sold certain shares of Countrywide common stock during the Relevant Period as reported on Forms 4 filed with the SEC, respectfully refers the Court to the Forms 4 for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint is a characterization of the Complaint to which no response is required.

41. Pursuant to the Court's August 22, 2011 Order Re: Motion to Dismiss the Complaint, KPMG LLP is no longer a defendant to this Action, and therefore no response is required to paragraph 41 of the Complaint. To the extent that a response is required, Countrywide admits the allegations of paragraph 41 of the Complaint.

42. Countrywide denies the allegations of paragraph 42 of the Complaint except to admit that, prior to its merger with Bank of America, Countrywide engaged in mortgage lending and other finance-related business.

43. Countrywide denies the allegations of paragraph 43 of the Complaint except to admit that it sold loans into the secondary market.

44. Countrywide denies the allegations of paragraph 44 of the Complaint.

45. Countrywide denies the allegations of paragraph 45 of the Complaint.

46. Countrywide denies the allegations of paragraph 46 of the Complaint.

47. Countrywide denies the allegations of paragraph 47 of the Complaint.

48. Countrywide states that the document from which the figures are extracted in paragraph 48 of the Complaint speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 48 of the Complaint.

49. Countrywide denies the allegations of paragraph 49 of the Complaint except to admit that Countrywide's product mix "was no secret to investors" and "[t]he market understood" the credit risk inherent in Countrywide-originated loans.

50. Countrywide states that the alleged Countrywide statements referenced in paragraph 50 of the Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 50 of the Complaint.

51. Countrywide denies the allegations of paragraph 51 of the Complaint.

52. Countrywide states that the 2005, 2006, and 2007 Form 10-Ks referenced in paragraph 52 of the Complaint are documents that speak for themselves, respectfully refers the Court to the 10-Ks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 52 of the Complaint.

53. Countrywide states that the 2005, 2006, and 2007 Form 10-Ks referenced in paragraph 53 of the Complaint are documents that speak for themselves, respectfully refers the Court to the 10-Ks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 53 of the Complaint.

54. Countrywide states that the periodic filings referenced in paragraph 54 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 54 of the Complaint.

55. Countrywide denies the allegations of paragraph 55 of the Complaint.

56. Countrywide denies the allegations of paragraph 56 of the Complaint.

57. Countrywide denies the allegations of paragraph 57 of the Complaint.

58. Countrywide denies the allegations of paragraph 58 of the Complaint.

59. Countrywide denies the allegations of paragraph 59 of the Complaint.

60. Countrywide denies the allegations of paragraph 60 of the Complaint except to admit that it originated loans in the belief and with the expectation that the loans would be repaid.

61. Countrywide denies the allegations of paragraph 61 of the Complaint.

62. Countrywide denies the allegations of paragraph 62 of the Complaint.

63. Countrywide states that the alleged July 1, 2008 article by *MSNBC News* is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 63 of the Complaint.

64. Countrywide states that the alleged November 13, 2008 *BusinessWeek* article is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 64 of the Complaint.

65. Countrywide states that the alleged statements by Mr. Koss referenced in paragraph 65 of the Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 65 of the Complaint.

66. Countrywide states that the alleged statements by Ms. Lau referenced in paragraph 66 of the Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 65 of the Complaint.

67. Countrywide denies the allegations in paragraph 67 of the Complaint.

68. Countrywide states that the alleged statements by Ambac Assurance Corporation referenced in paragraph 68 of the Complaint speak for themselves,

respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 68 of the Complaint.

69. Countrywide states that the alleged statements by the SEC referenced in paragraph 69 of the Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 69 of the Complaint.

70. Countrywide denies the allegations in paragraph 70 of the Complaint.

71. Countrywide denies the allegations in paragraph 71 of the Complaint.

72. Countrywide states that the alleged June 24, 2005 correspondence by Mr. McMurray to Mr. Sambol referenced in paragraph 72 of the Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 72 of the Complaint.

73. Countrywide denies the allegations of paragraph 73 of the Complaint.

74. Countrywide denies the allegations of paragraph 74 of the Complaint.

75. Countrywide states that the Form 10-Ks referenced in paragraph 75 of the Complaint are documents that speak for themselves, respectfully refers the Court to the 10-Ks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations in paragraph 75 of the Complaint.

76. Countrywide denies the allegations of paragraph 76 of the Complaint.

77. Countrywide denies the allegations of paragraph 77 of the Complaint.

78. Countrywide denies the allegations of paragraph 78 of the Complaint.

79. Countrywide states that the alleged Credit Risk Leadership Reporting Packages referenced in paragraph 79 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and

denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 79 of the Complaint.

80. Countrywide denies the allegations of paragraph 80 of the Complaint.

81. Countrywide states that the June 2008 *Conde Nast Portfolio* article referenced in paragraph 81 the Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 81 of the Complaint.

82. Countrywide states that the alleged internal June 2007 presentation referenced in paragraph 82 of the Complaint is a document that speaks for itself, respectfully refers the Court to the presentation for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 82 of the Complaint.

83. Countrywide denies the allegations of paragraph 83 of the Complaint.

84. Countrywide denies the allegations of paragraph 84 of the Complaint.

85. Countrywide denies the allegations of paragraph 85 of the Complaint.

86. Countrywide states that the 2006 Form 10-K referenced in paragraph 86 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide further states that the alleged May 31, 2006 speech by Mr. Mozilo referenced in paragraph 86 of the Complaint speaks for itself, respectfully refers the Court to the speech for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 86 of the Complaint.

87. Countrywide states that the unattributed statements referenced in paragraph 87 of the Complaint speak for themselves, respectfully refer the Court to the remarks for their contents, and denies any characterization inconsistent with their contents. Countrywide otherwise denies the allegations of paragraph 87 of the

Complaint.

88. Countrywide denies the allegations of paragraph 88 of the Complaint.

89. Countrywide denies the allegations of paragraph 89 of the Complaint.

90. Countrywide denies the allegations of paragraph 90 of the Complaint.

91. Countrywide denies the allegations of paragraph 91 of the Complaint.

92. Countrywide states that the February 23, 2008 *Wall Street Journal* article reference in paragraph 92 of the Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 92 of the Complaint.

93. Countrywide states that the alleged September 1, 2004 e-mail from Mr. Mozilo to Mr. Kurland and Mr. McLaughlin referenced in paragraph 93 of the Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 93 of the Complaint.

94. Countrywide states that the alleged September 9, 2004 memorandum referenced in paragraph 94 of the Complaint is a document that speaks for itself, respectfully refers the Court to the memorandum for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 94 of the Complaint.

95. Countrywide states that the alleged September 9, 2004 e-mail from Mr. McMurray referenced in paragraph 95 of the Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 95 of the Complaint.

96. Countrywide denies the allegations of paragraph 96 of the Complaint.

97. Countrywide denies the allegations of paragraph 97 of the Complaint.

98. Countrywide states that the SEC testimony referenced in paragraph 98

of the Complaint speaks for itself, respectfully refers the Court to the testimony for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 98 of the Complaint.

99. Countrywide states that the alleged June 25, 2005 e-mail from Mr. McMurray to Mr. Sambol referenced in paragraph 99 of the Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 99 of the Complaint.

100. Countrywide states that the alleged November 2, 2006 e-mail from Mr. McMurray to Countrywide's Chief Investment Officer referenced in paragraph 100 of the Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 100 of the Complaint.

101. Countrywide states that the alleged November 16, 2006 e-mail from Mr. McMurray to Mr. Sambol referenced in paragraph 101 of the Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 101 of the Complaint.

102. Countrywide states that the alleged November 16, 2006 e-mail from Mr. McMurray to Mr. Sambol referenced in paragraph 102 of the Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 102 of the Complaint.

103. Countrywide states that the alleged February 11, 2007 e-mail from Mr. McMurray to Mr. Sambol referenced in paragraph 103 of the Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide

otherwise denies the allegations of paragraph 103 of the Complaint.

104. Countrywide denies the allegations of paragraph 104 of the Complaint.

105. Countrywide states that the December 2007 *Wall Street Journal* article referenced in paragraph 105 of the Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 105 of the Complaint, except to admit that it originated some home equity lines of credit.

106. Countrywide denies the allegations of paragraph 106 of the Complaint.

107. Countrywide denies the allegations of paragraph 107 of the Complaint.

108. Countrywide states that the alleged "Policy on High Risk Products" referenced in paragraph 108 of the Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of the Complaint.

109. Countrywide denies the allegations of paragraph 109 of the Complaint.

110. Countrywide states that the alleged March 28, 2006 e-mail from Mr. Mozilo to Mr. Sambol and others referenced in paragraph 110 of the Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 110 of the Complaint.

111. Countrywide states that the alleged April 13, 2006 e-mail from Mr. Mozilo to Mr. Sambol, Mr. Sieracki, and others referenced in paragraph 111 of the Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 111 of the Complaint.

112. Countrywide states that the alleged April 7, 2006 e-mail from Mr. Mozilo to Mr. Sambol referenced in paragraph 112 of the Complaint is a document

that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 112 of the Complaint.

113. Countrywide denies the allegations of paragraph 113 of the Complaint.

114. Countrywide states that the alleged December 7, 2006 memorandum referenced in paragraph 114 of the Complaint is a document that speaks for itself, respectfully refers the Court to the memorandum for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 114 of the Complaint.

115. Countrywide states that the alleged April 2006 statements by Mr. Mozilo referenced in paragraph 115 of the Complaint speak for themselves, respectfully refers the Court to remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 115 of the Complaint.

116. Countrywide denies the allegations of paragraph 116 of the Complaint.

117. Countrywide states that the alleged "Credit Risk Leadership Reporting Package" reports referenced in paragraph 117 of the Complaint are documents that speak for themselves, respectfully refers the Court to the reports for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 117 of the Complaint.

118. Countrywide states that the alleged May 22, 2006 statements from Mr. McMurray to Mr. Sambol referenced in paragraph 118 of the Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 118 of the Complaint.

119. Countrywide states that the alleged June 28, 2005 presentation to the Corporate Credit Risk Committee referenced in paragraph 119 of the Complaint speaks for itself, respectfully refers the Court to the presentation for its contents, and

denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 119 of the Complaint.

120. Countrywide states that the alleged materials distributed at a March 12, 2007 meeting of the credit risk committee referenced in paragraph 120 of the Complaint speak for themselves, respectfully refers the Court to the materials for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 120 of the Complaint.

121. Countrywide denies the allegations of paragraph 121 of the Complaint.

122. Countrywide denies the allegations of paragraph 122 of the Complaint.

123. Countrywide states that the alleged February 2004 warning from Mr. McMurray referenced in paragraph 123 of the Complaint speaks for itself, respectfully refers the Court to the remarks for their content, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 123 of the Complaint.

124. Countrywide states that the alleged June 2005 warning from Risk Management referenced in paragraph 124 of the Complaint speaks for itself, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 24 of the Complaint.

125. Countrywide states that the alleged June 22, 2006 memorandum referenced in paragraph 125 of the Complaint is a document that speaks for itself, respectfully refers the Court to the memorandum for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 125 of the Complaint.

126. Countrywide states that the alleged July 26, 2005 e-mail from Mr. Mozilo to Mr. Sambol and the alleged April 4, 2006 e-mail to Mr. Mozilo referenced in paragraph 126 of the Complaint are documents that speak for themselves, respectfully refers the Court to the e-mails for their contents, and denies

any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 126 of the Complaint.

127. Countrywide states that the alleged June 2, 2006 e-mail and attached audit report from Mr. Sambol referenced in paragraph 127 of the Complaint are documents that speak for themselves, respectfully refers the Court to the e-mail and report for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 127 of the Complaint.

128. Countrywide states that the alleged May 18 and 19, 2006 e-mails from Mr. Mozilo to Messrs. Sambol and Sieracki referenced in paragraph 128 of the Complaint are documents that speak for themselves, respectfully refers the Court to the e-mails for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 128 of the Complaint.

129. Countrywide states that the alleged June 1, 2006 e-mail from Mr. Mozilo to Mr. Sambol and others referenced in paragraph 129 of the Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 129 of the Complaint.

130. Countrywide denies the allegations of paragraph 130 of the Complaint.

131. Countrywide states that the July 10, 2006 “flash report” referenced in paragraph 131 of the Complaint is a document that speaks for itself, respectfully refers the Court to the report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 131 of the Complaint.

132 Countrywide states that the alleged July 10, 2006 e-mail from Mr. Mozilo referenced in paragraph 132 of the Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any

characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 132 of the Complaint.

133. Countrywide states that the alleged August 16, 2006 e-mail to Mr. Mozilo and Mr. Mozilo's response referenced in paragraph 133 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 133 of the Complaint.

134. Countrywide states that the alleged September 26, 2006 e-mail from Mr. Mozilo to Messrs. Sambol and Sieracki and others referenced in paragraph 134 of the Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 134 of the Complaint.

135. Countrywide states that the alleged September 26, 2006 e-mail from Mr. Mozilo to Messrs. Sambol and Sieracki referenced in paragraph 135 of the Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 135 of the Complaint.

136. Countrywide states that the alleged e-mail from Mr. McMurray to Mr. Mozilo and the alleged statements by Countrywide's Chief Investment Officer referenced in paragraph 136 of the Complaint speak for themselves, respectfully refers the Court to the e-mail and remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 136 of the Complaint.

137. Countrywide states that the alleged January 29, 2007, and November 3, 2007 e-mails from Mr. Mozilo to the president of Countrywide Bank referenced in paragraph 137 of the Complaint are documents that speak for themselves, respectfully refers the Court to the e-mails for their contents, and denies any

characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 137 of the Complaint.

138. Countrywide states that the alleged November 4, 2007 e-mail from Mr. Mozilo to Mr. Sambol referenced in paragraph 138 of the Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 138 of the Complaint.

139. Countrywide denies the allegations of paragraph 139 of the Complaint.

140. Countrywide states that the comments allegedly made at the April 6, 2005 meeting of the Credit Risk Committee referenced in paragraph 140 of the Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 140.

141. Countrywide denies the allegations of paragraph 141 of the Complaint.

142. Countrywide states that the alleged June 2005 e-mails exchanged between Messrs. Sambol and McMurray referenced in paragraph 142 of the Complaint are documents that speak for themselves, respectfully refers the Court to the e-mails for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of 142 of the Complaint.

143. Countrywide denies the allegations of paragraph 143 of the Complaint.

144. Countrywide states that the alleged report presented at the April 24, 2006 meeting of the Credit Risk Management Committee referenced in paragraph 144 of the Complaint speaks for itself, respectfully refers the Court to the report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 144 of the Complaint.

145. Countrywide states that the alleged June 1, 2006 e-mail from Mr. Mozilo to Mr. Sambol and the alleged June 2, 2006 e-mail received by Mr. Sambol referenced in paragraph 145 of the Complaint are documents that speak for

themselves, respectfully refers the Court to the e-mails, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 145 of the Complaint.

146. Countrywide denies the allegations of paragraph 146 of the Complaint.

147. Countrywide states that the alleged January 2007 e-mail from Mr. McMurray to Mr. Sieracki and others and the alleged January 29, 2007 McMurray outline referenced in paragraph 147 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 147 the Complaint.

148. Countrywide states that the alleged August 2007 e-mails exchanged by Mr. McMurray and the managing director of financial reporting referenced in paragraph 148 of the Complaint are documents that speak for themselves, respectfully refers the Court to the e-mails for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 148 of the Complaint.

149. Countrywide states that the alleged "qualified" certification referenced in paragraph 149 of the Complaint is a document that speaks for itself, respectfully refers the Court to the certification for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 149 of the Complaint.

150. Countrywide states that Countrywide's 2005, 2006, and 2007 Form 10-Ks referenced in paragraph 150 of the Complaint are documents that speak for themselves, respectfully refers the Court to the 10-Ks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 150 of the Complaint.

151. Paragraph 151 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 151 of the Complaint contains

factual allegations to which a response is required, Countrywide denies the allegations of paragraph 151 of the Complaint.

152. Paragraph 152 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 152 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 152 of the Complaint.

153. Countrywide denies the allegations of paragraph 153 of the Complaint.

154. Paragraph 154 of the Complaint contains conclusions of law and an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 154 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 154 of the Complaint.

155. Paragraph 155 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 155 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 155 of the Complaint.

156. Paragraph 156 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 156 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 156 of the Complaint.

157. Paragraph 157 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 157 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 157 of the Complaint.

158. Countrywide states that the 2004 Audit Risk Alert (“ARA”) referenced in paragraph 158 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 2004 ARA for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of

paragraph 158 of the Complaint.

159. Countrywide states that the 2005 ARA referenced in paragraph 159 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 2005 ARA for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 159 of the Complaint.

160. Paragraph 160 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 160 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 160 of the Complaint.

161. Paragraph 161 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 161 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 161 of the Complaint.

162. Paragraph 162 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 162 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 162 of the Complaint.

163. Paragraph 163 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 163 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 163 of the Complaint.

164. Countrywide states that the 2006 ARA referenced in paragraph 164 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 2006 ARA for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 164 of the Complaint.

165. Countrywide states that the 2007 ARA referenced in paragraph 165 of

the Complaint is a document that speaks for itself, respectfully refers the Court to the 2007 ARA for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 165 of the Complaint.

166. Countrywide denies the allegations of paragraph 166 of the Complaint.

167. Paragraph 167 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 167 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 167 of the Complaint.

168. Paragraph 168 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 168 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 168 of the Complaint.

169. Countrywide denies the first sentence of paragraph 169 of the Complaint. The remainder of paragraph 169 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that the remainder of paragraph 169 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 169 of the Complaint.

170. Paragraph 170 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 170 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 170 of the Complaint.

171. Paragraph 171 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 171 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 171 of the Complaint.

172. Paragraph 172 of the Complaint is an interpretation of accounting rules

and literature to which no response is required. To the extent paragraph 172 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 172 of the Complaint.

173. Countrywide denies the allegations of paragraph 173 of the Complaint.

174. Countrywide states that the alleged July 24, 2007, and October 27, 2007 statements referenced in paragraph 174 of the Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 174 of the Complaint.

175. Countrywide denies the allegations of paragraph 175 of the Complaint.

176. Paragraph 176 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 176 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 176 of the Complaint.

177. Countrywide denies the allegations of paragraph 177 of the Complaint.

178. Countrywide denies the allegations of paragraph 178 of the Complaint.

179. Countrywide denies the allegations of paragraph 179 of the Complaint.

180. Countrywide denies the allegations of paragraph 180 of the Complaint.

181. Paragraph 181 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 181 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 181 of the Complaint.

182. Countrywide denies the allegations of paragraph 182 of the Complaint.

183. Countrywide denies the allegations of paragraph 183 of the Complaint.

184. Countrywide denies the allegations of paragraph 184 of the Complaint.

185. Countrywide states that its third quarter 2007 Form 10-Q referenced in paragraph 185 of the Complaint is a document which speaks for itself, respectfully refers the Court to the Form 10-Q for its contents, and denies any characterization

inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 185 of the Complaint.

186. Countrywide denies the allegations of paragraph 186 of the Complaint.

187. Countrywide states that the representations and warranties referenced in paragraph 187 of the Complaint speak for themselves, respectfully refers the Court to the representations and warranties for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 187 of the Complaint.

188. Countrywide denies the first and second sentences of paragraph 188 of the Complaint. The third sentence of paragraph 188 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that the third sentence of paragraph 188 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 188 of the Complaint.

189. Paragraph 189 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 189 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 189 of the Complaint.

190. Paragraph 190 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 190 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 190 of the Complaint.

191. Countrywide denies the allegations of paragraph 191 of the Complaint.

192. Countrywide denies the allegations of paragraph 192 of the Complaint.

193. Countrywide denies the allegations of paragraph 193 of the Complaint.

194. Countrywide denies the allegations of paragraph 194 of the Complaint.

195. Countrywide denies the allegations of paragraph 195 of the Complaint.

196. Countrywide denies the allegations of paragraph 196 of the Complaint.

197. Countrywide denies the allegations of paragraph 197 of the Complaint.

198. Countrywide denies the allegations of paragraph 198 of the Complaint.

199. Countrywide states that its Form 10-K filings and Quality Control Department documents referenced in paragraph 199 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 199 of the Complaint.

200. Countrywide denies the allegations of paragraph 200 of the Complaint.

201. Countrywide denies the allegations of paragraph 201 of the Complaint.

202. Countrywide denies the allegations of paragraph 202 of the Complaint.

203. Countrywide denies the allegations of paragraph 203 of the Complaint.

204. Countrywide denies the allegations of paragraph 204 of the Complaint.

205. Countrywide denies the allegations of paragraph 205 of the Complaint.

206. Countrywide denies the allegations of paragraph 206 of the Complaint.

207. Paragraph 207 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 207 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 207 of the Complaint.

208. Paragraph 208 of the Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 208 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 208 of the Complaint.

209. Countrywide denies the allegations of paragraph 209 of the Complaint.

210. Countrywide states that the prime interest rates referenced in paragraph 210 of the Compliant speak for themselves, respectfully refers the Court to the prime rates, and denies any allegations inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 210 of the Complaint.

211. Countrywide denies the allegations of paragraph 211 of the Complaint.

212. Countrywide denies the allegations of paragraph 212 of the Complaint.

213. Countrywide denies the allegations of paragraph 213 of the Complaint.

214. Countrywide states that AAM 8050.37 referenced in paragraph 214 of the Complaint speaks for itself, respectfully refers the Court to AAM 8050.37 for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 214 of the Complaint.

215. Countrywide denies the allegations of paragraph 215 of the Complaint.

216. Countrywide denies the allegations of paragraph 216 of the Complaint.

217. Countrywide denies the allegations of paragraph 217 of the Complaint.

218. Countrywide denies the allegations of paragraph 218 of the Complaint.

219. Countrywide denies the allegations of paragraph 219 of the Complaint.

220. Countrywide denies the allegations of paragraph 220 of the Complaint.

221. Countrywide denies the allegations of paragraph 221 of the Complaint.

222. Countrywide denies the allegations of paragraph 222 of the Complaint.

223. Countrywide states that Messrs. Mozilo, Sambol, and Sieracki sold certain shares of Countrywide common stock during the Relevant Period as reported on Forms 4 filed with the SEC, respectfully refers the Court to the Forms 4 for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 223 of the Complaint.

224. Countrywide denies the allegations of paragraph 224 of the Complaint except to admit that it originated loans in the belief and with the expectation that the loans would be repaid.

225. Countrywide denies the allegations of paragraph 225 of the Complaint.

226. Countrywide states that its Form 10-Ks referenced in paragraph 226 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 226 of the Complaint.

227. Countrywide states that its July 16, 2007 press release and Form 8-K referenced in paragraph 227 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 227 of the Complaint.

228. Countrywide states that its alleged July 24, 2007 statements referenced in paragraph 228 of the Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 228 of the Complaint.

229. Countrywide denies the allegations of paragraph 229 of the Complaint.

230. Countrywide denies the allegations of paragraph 230 of the Complaint.

231. Countrywide states that its August 9, 2007 Form 10-Q referenced in paragraph 231 of the Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 231 of the Complaint.

232. Countrywide states that the alleged August 13 and 15, 2007 Merrill Lynch reports referenced in paragraph 232 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 232 of the Complaint.

233. Countrywide states that its alleged August 16, 2007 announcement referenced in paragraph 233 of the Complaint speaks for itself, respectfully refers the Court to the announcement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 233 of the Complaint.

234. Countrywide states that the alleged November 27, 2007 *Wall Street Journal* article referenced in paragraph 234 of the Complaint is a document that speaks for itself, respectfully refers the Court to article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 234 of the Complaint.

235. Countrywide states that the alleged September 11, 2007 media reports referenced in paragraph 235 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 235 of the Complaint.

236. Countrywide states that its alleged October 26, 2007 report referenced in paragraph 236 of the Complaint speaks for itself, respectfully refers the Court to the report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 236 of the Complaint.

237. Countrywide denies the allegations of paragraph 237 of the Complaint.

238. Countrywide states that its alleged stock prices referenced in paragraph 238 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 238 of the Complaint.

239. Countrywide states that its alleged stock prices referenced in paragraph 239 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 239 of the Complaint.

240. Countrywide states that its alleged financial statements referenced in paragraph 240 of the Complaint are documents that speak for themselves, respectfully refers the Court to the financial statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies

the allegations of paragraph 240 of the Complaint, except to admit that Countrywide entered a merger agreement with Bank of America in 2008.

241. Countrywide states that the alleged November 4, 2010 *Huffington Post* article referenced in paragraph 241 of the Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 241 of the Complaint.

242. Countrywide denies the allegations of paragraph 242 of the Complaint.

243. Paragraph 243 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 243 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 243 of the Complaint.

244. Paragraph 244 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 244 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 244 of the Complaint.

245. Countrywide denies the allegations of paragraph 245 of the Complaint.

246. Countrywide denies the allegations of paragraph 246 of the Complaint.

247. Countrywide states that Mr. Mozilo's alleged January 27, 2004 statement referenced in paragraph 247 of the Complaint speaks for itself, respectfully refers the Court to the statements for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 247 of the Complaint.

248. Countrywide states that its March 12, 2004 Form 10-K referenced in paragraph 248 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 248 of the Complaint.

249. Countrywide states that its March 12, 2004 Form 10-K referenced in paragraph 249 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 249 of the Complaint.

250. Countrywide states that its March 12, 2004 Form 10-K referenced in paragraph 250 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 250 of the Complaint.

251. Countrywide states that its March 12, 2004 Form 10-K referenced in paragraph 251 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 251 of the Complaint.

252. Countrywide states that its March 12, 2004 Form 10-K and SOX Certifications referenced in paragraph 252 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 252 of the Complaint.

253. Countrywide denies the allegations of paragraph 253 of the Complaint.

254. Countrywide states that its April 21, 2004 press release referenced in paragraph 254 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 254 of the Complaint.

255. Countrywide states that the conference call referenced in paragraph 255 of the Complaint speaks for itself, respectfully refers the Court to the

conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 255 of the Complaint.

256. Countrywide states that the conference call referenced in paragraph 256 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 256 of the Complaint.

257. Countryside denies the allegations of paragraph 257 of the Complaint.

258. Countrywide states that its May 7, 2004 Form 10-Q referenced in paragraph 258 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 258 of the Complaint.

259. Countrywide states that its May 7, 2004 Form 10-Q referenced in paragraph 259 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 259 of the Complaint.

260. Countrywide states that its May 7, 2004 Form 10-Q and SOX Certifications referenced in paragraph 260 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 260 of the Complaint.

261. Countrywide denies the allegations of paragraph 261 of the Complaint.

262. Countrywide states that its July 22, 2004 press release referenced in paragraph 262 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization

inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 262 of the Complaint.

263. Countrywide states that the July 22, 2004 conference call referenced in paragraph 263 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 263 of the Complaint.

264. Countrywide denies the allegations of paragraph 264 of the Complaint.

265. Countrywide states that its August 6, 2004 Form 10-Q referenced in paragraph 265 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 265 of the Complaint.

266. Countrywide states that its August 6, 2004 Form 10-Q referenced in paragraph 266 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 266 of the Complaint.

267. Countrywide states that its August 6, 2004 Form 10-Q and SOX Certifications referenced in paragraph 267 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 267 of the Complaint.

268. Countrywide denies the allegations of paragraph 268 of the Complaint.

269. Countrywide states that the alleged September 14, 2004 statements made by Mr. Mozilo referenced in paragraph 269 of the Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise

denies the allegations of paragraph 269 of the Complaint.

270. Countrywide states that its October 20, 2004 press release referenced in paragraph 270 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 270 of the Complaint.

271. Countrywide states that the October 20, 2004 conference call referenced in paragraph 271 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 271 of the Complaint.

272. Countrywide states that the October 20, 2004 conference call referenced in paragraph 272 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 272 of the Complaint.

273. Countrywide denies the allegations of paragraph 273 of the Complaint.

274. Countrywide states that its November 8, 2004 Form 10-Q referenced in paragraph 274 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 274 of the Complaint.

275. Countrywide states that its November 8, 2004 Form 10-Q referenced in paragraph 275 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 275 of the Complaint.

276. Countrywide states that its November 8, 2004 Form 10-Q and SOX

Certifications referenced in paragraph 276 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 276 of the Complaint.

277. Countrywide denies the allegations of paragraph 277 of the Complaint.

278. Countrywide states that its February 2, 2005 press release referenced in paragraph 278 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 278 of the Complaint.

279. Countrywide states that the February 2, 2005 conference call referenced in paragraph 279 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 279 of the Complaint.

280. Countrywide denies the allegations of paragraph 280 of the Complaint.

281. Countrywide states that its March 15, 2005 Form 10-K referenced in paragraph 281 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 281 of the Complaint.

282. Countrywide states that its March 15, 2005 Form 10-K referenced in paragraph 282 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 282 of the Complaint.

283. Countrywide states that its March 15, 2005 Form 10-K referenced in paragraph 283 of the Complaint is a document that speaks for itself, respectfully

refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 283 of the Complaint.

284. Countrywide states that its March 15, 2005 Form 10-K referenced in paragraph 284 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 284 of the Complaint.

285. Countrywide states that its March 15, 2005 Form 10-K referenced in paragraph 285 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 285 of the Complaint.

286. Countrywide states that the alleged March 11, 2005 KPMG audit report referenced in paragraph 286 of the Complaint is a document that speaks for itself, respectfully refers the Court to the audit report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 286 of the Complaint.

287. Countrywide states that its March 15, 2005 Form 10-K and SOX Certifications referenced in paragraph 287 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 287 of the Complaint.

288. Countrywide denies the allegations of paragraph 288 of the Complaint.

289. Countrywide states that the March 15, 2005 conference transcript referenced in paragraph 289 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of

paragraph 289 of the Complaint.

290. Countrywide states that the March 15, 2005 conference transcript referenced in paragraph 290 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 290 of the Complaint.

291. Countrywide states that the March 15, 2005 conference transcript referenced in paragraph 291 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 291 of the Complaint.

292. Countrywide denies the allegations of paragraph 292 of the Complaint.

293. Countrywide states that its April 26, 2005 press release referenced in paragraph 293 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 293 of the Complaint.

294. Countrywide states that the April 26, 2005 conference call referenced in paragraph 294 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 294 of the Complaint.

295. Countrywide states that the April 26, 2005 conference call referenced in paragraph 295 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 295 of the Complaint.

296. Countrywide denies the allegations of paragraph 296 of the Complaint.

297. Countrywide states that the alleged statement by Mr. Mozilo referenced in paragraph 297 of the Complaint speaks for itself, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 297 of the Complaint.

298. Countrywide denies the allegations of paragraph 298 of the Complaint.

299. Countrywide states that its May 9, 2005 Form 10-Q referenced in paragraph 299 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 299 of the Complaint.

300. Countrywide states that its May 9, 2005 Form 10-Q referenced in paragraph 300 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 300 of the Complaint.

301. Countrywide states that its May 9, 2005 Form 10-Q and SOX Certifications referenced in paragraph 301 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 301 of the Complaint.

302. Countrywide denies the allegations of paragraph 302 of the Complaint.

303. Countrywide states that the May 24, 2005 conference transcript referenced in paragraph 303 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 303 of the Complaint.

304. Countrywide states that the May 24, 2005 conference transcript

referenced in paragraph 304 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 304 of the Complaint.

305. Countrywide states that the May 24, 2005 conference transcript referenced in paragraph 305 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 305 of the Complaint.

306. Countrywide denies the allegations of paragraph 306 of the Complaint.

307. Countrywide states that the June 2, 2005 conference transcript referenced in paragraph 307 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 307 of the Complaint.

308. Countrywide states that the June 2, 2005 conference transcript referenced in paragraph 308 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 308 of the Complaint.

309. Countrywide denies the allegations of paragraph 309 of the Complaint.

310. Countrywide states that its July 26, 2005 press release referenced in paragraph 310 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 310 of the Complaint.

311. Countrywide states that the July 26, 2005 conference call referenced in paragraph 311 of the Complaint speaks for itself, respectfully refers the Court to

the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 311 of the Complaint.

312. Countrywide denies the allegations of paragraph 312 of the Complaint.

313. Countrywide states that the July 26, 2005 conference call referenced in paragraph 313 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 313 of the Complaint.

314. Countrywide states that the July 26, 2005 conference call referenced in paragraph 314 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 314 of the Complaint.

315. Countrywide states that the July 26, 2005 conference call referenced in paragraph 315 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 315 of the Complaint.

316. Countrywide denies the allegations of paragraph 316 of the Complaint.

317. Countrywide states that its August 8, 2005 Form 10-Q referenced in paragraph 317 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 317 of the Complaint.

318. Countrywide states that its August 8, 2005 Form 10-Q referenced in paragraph 318 of the Complaint is a document that speaks for itself, respectfully

refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 318 of the Complaint.

319. Countrywide states that its August 5, 2005 Form 10-Q and SOX Certifications referenced in paragraph 319 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 319 of the Complaint.

320. Countrywide denies the allegations of paragraph 320 of the Complaint.

321. Countrywide states that the September 13, 2005 conference call referenced in paragraph 321 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 321 of the Complaint.

322. Countrywide states that the September 13, 2005 conference call referenced in paragraph 322 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 322 of the Complaint.

323. Countrywide states that the September 13, 2005 conference call referenced in paragraph 323 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 323 of the Complaint.

324. Countrywide denies the allegations of paragraph 324 of the Complaint.

325. Countrywide states that its October 27, 2005 press release referenced in paragraph 325 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization

inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 325 of the Complaint.

326. Countrywide states that its October 27, 2005 press release referenced in paragraph 326 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 326 of the Complaint.

327. Countrywide states that its October 27, 2005 press release referenced in paragraph 327 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 327 of the Complaint.

328. Countrywide states that the October 27, 2005 conference call referenced in paragraph 328 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 328 of the Complaint.

329. Countrywide denies the allegations of paragraph 329 of the Complaint.

330. Countrywide states that its November 8, 2005 Form 10-Q referenced in paragraph 330 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 330 of the Complaint.

331. Countrywide states that its November 8, 2005 Form 10-Q referenced in paragraph 331 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 331 of the Complaint.

332. Countrywide states that its November 8, 2005 Form 10-Q referenced in paragraph 332 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 332 of the Complaint.

333. Countrywide states that its November 8, 2005 Form 10-Q and SOX Certifications referenced in paragraph 333 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 333 of the Complaint.

334. Countrywide denies the allegations of paragraph 334 of the Complaint.

335. Countrywide states that its January 31, 2006 press release referenced in paragraph 335 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 335 of the Complaint.

336. Countrywide states that its January 31, 2006 press release referenced in paragraph 336 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 336 of the Complaint.

337. Countrywide states that the January 31, 2006 conference call referenced in paragraph 337 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 337 of the Complaint.

338. Countrywide denies the allegations of paragraph 338 of the Complaint.

339. Countrywide states that its March 1, 2006 Form 10-K referenced in

paragraph 339 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 339 of the Complaint.

340. Countrywide states that its March 1, 2006 Form 10-K referenced in paragraph 340 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 340 of the Complaint.

341. Countrywide states that its March 1, 2006 Form 10-K referenced in paragraph 341 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 341 of the Complaint.

342. Countrywide states that its March 1, 2006 Form 10-K referenced in paragraph 342 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 342 of the Complaint.

343. Countrywide states that its March 1, 2006 Form 10-K referenced in paragraph 343 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 343 of the Complaint.

344. Countrywide states that its March 1, 2006 Form 10-K referenced in paragraph 344 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of

paragraph 344 of the Complaint.

345. Countrywide states that its March 1, 2006 Form 10-K referenced in paragraph 345 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 345 of the Complaint.

346. Countrywide states that the alleged February 27, 2006 KPMG audit report referenced in paragraph 346 of the Complaint is a document that speaks for itself, respectfully refers the Court to the audit report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 346 of the Complaint.

347. Countrywide states that its March 1, 2006 Form 10-K and SOX Certifications referenced in paragraph 347 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 347 of the Complaint.

348. Countrywide denies the allegations of paragraph 348 of the Complaint.

349. Countrywide states that the March 8, 2006 conference referenced in paragraph 349 of the Complaint speaks for itself, respectfully refers the Court to statements made at the conference for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 349 of the Complaint.

350. Countrywide denies the allegations of paragraph 350 of the Complaint.

351. Countrywide states that the March 21, 2006 conference referenced in paragraph 351 of the Complaint speaks for itself, respectfully refers the Court to statements made at the conference for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 351 of the Complaint.

352. Countrywide denies the allegations of paragraph 352 of the Complaint.

353. Countrywide states that the March 30, 2006 conference referenced in paragraph 353 of the Complaint speaks for itself, respectfully refers the Court to statements made at the conference for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 353 of the Complaint.

354. Countrywide states that the March 30, 2006 conference transcript referenced in paragraph 354 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 354 of the Complaint.

355. Countrywide states that the March 30, 2006 conference transcript referenced in paragraph 355 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 355 of the Complaint.

356. Countrywide denies the allegations of paragraph 356 of the Complaint.

357. Countrywide states that its April 27, 2006 press release referenced in paragraph 357 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 357 of the Complaint.

358. Countrywide states that its April 27, 2006 press release referenced in paragraph 358 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 358 of the Complaint.

359. Countrywide states that the April 27, 2006 conference call referenced

in paragraph 359 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 359 of the Complaint.

360. Countrywide denies the allegations of paragraph 360 of the Complaint.

361. Countrywide states that its May 10, 2006 Form 10-Q referenced in paragraph 361 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 361 of the Complaint.

362. Countrywide states that its May 10, 2006 Form 10-Q referenced in paragraph 362 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 362 of the Complaint.

363. Countrywide states that its May 10, 2006 Form 10-Q referenced in paragraph 363 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 363 of the Complaint.

364. Countrywide states that its May 10, 2006 Form 10-Q and SOX Certifications referenced in paragraph 364 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 364 of the Complaint.

365. Countrywide denies the allegations of paragraph 365 of the Complaint.

366. Countrywide states that the May 31, 2006 conference transcript referenced in paragraph 366 of the Complaint speaks for itself, respectfully refers

the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 366 of the Complaint.

367. Countrywide states that the May 31, 2006 conference transcript referenced in paragraph 367 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 367 of the Complaint.

368. Countrywide denies the allegations of paragraph 368 of the Complaint.

369. Countrywide states that its July 25, 2006 press release referenced in paragraph 369 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 369 of the Complaint.

370. Countrywide states that the July 25, 2006 conference call referenced in paragraph 370 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 370 of the Complaint.

371. Countrywide denies the allegations of paragraph 371 of the Complaint.

372. Countrywide states that its August 7, 2006 Form 10-Q referenced in paragraph 372 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 372 of the Complaint.

373. Countrywide states that its August 7, 2006 Form 10-Q referenced in paragraph 373 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization

inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 373 of the Complaint.

374. Countrywide states that its August 7, 2006 Form 10-Q and SOX Certifications referenced in paragraph 374 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 374 of the Complaint.

375. Countrywide denies the allegations of paragraph 375 of the Complaint.

376. Countrywide states that the September 12, 2006 conference transcript referenced in paragraph 376 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 376 of the Complaint.

377. Countrywide denies the allegations of paragraph 377 of the Complaint.

378. Countrywide states that the September 13, 2006 conference transcript referenced in paragraph 378 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 378 of the Complaint.

379. Countrywide states that the September 13, 2006 conference transcript referenced in paragraph 379 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 379 of the Complaint.

380. Countrywide states that the September 13, 2006 conference referenced in paragraph 380 of the Complaint speaks for itself, respectfully refers the Court to statements made at the conference for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the

allegations of paragraph 380 of the Complaint.

381. Countrywide states that the September 13, 2006 conference transcript referenced in paragraph 381 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 381 of the Complaint.

382. Countrywide states that the September 13, 2006 conference transcript referenced in paragraph 382 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 382 of the Complaint.

383. Countrywide denies the allegations of paragraph 383 of the Complaint.

384. Countrywide states that its October 24, 2006 press release referenced in paragraph 384 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 384 of the Complaint.

385. Countrywide states that its October 24, 2006 press release referenced in paragraph 385 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 385 of the Complaint.

386. Countrywide states that its October 24, 2006 press release referenced in paragraph 386 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 386 of the Complaint.

387. Countrywide states that the October 24, 2006 conference call

referenced in paragraph 387 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 387 of the Complaint.

388. Countrywide denies the allegations of paragraph 388 of the Complaint.

389. Countrywide states that its November 7, 2006 Form 10-Q referenced in paragraph 389 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 389 of the Complaint.

390. Countrywide states that its November 7, 2006 Form 10-Q referenced in paragraph 390 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 390 of the Complaint.

391. Countrywide states that its November 7, 2006 Form 10-Q referenced in paragraph 391 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 391 of the Complaint.

392. Countrywide states that its November 7, 2006 Form 10-Q and SOX Certifications referenced in paragraph 392 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 392 of the Complaint.

393. Countrywide denies the allegations of paragraph 393 of the Complaint.

394. Countrywide states that its January 30, 2007 press release referenced in paragraph 394 of the Complaint is a document that speaks for itself, respectfully

refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 394 of the Complaint.

395. Countrywide states that its January 30, 2007 press release referenced in paragraph 395 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 395 of the Complaint.

396. Countrywide states that its January 30, 2007 press release referenced in paragraph 396 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 396 of the Complaint.

397. Countrywide states that the January 30, 2007 conference call referenced in paragraph 397 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 397 of the Complaint.

398. Countrywide states that the January 30, 2007 conference call referenced in paragraph 398 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 398 of the Complaint.

399. Countrywide denies the allegations of paragraph 399 of the Complaint.

400. Countrywide states that its March 1, 2007 Form 10-K referenced in paragraph 400 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of

paragraph 400 of the Complaint.

401. Countrywide states that its March 1, 2007 Form 10-K referenced in paragraph 401 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 401 of the Complaint.

402. Countrywide states that its March 1, 2007 Form 10-K referenced in paragraph 402 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 402 of the Complaint.

403. Countrywide states that its March 1, 2007 Form 10-K referenced in paragraph 403 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 403 of the Complaint.

404. Countrywide states that its March 1, 2007 Form 10-K referenced in paragraph 404 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 404 of the Complaint.

405. Countrywide states that its March 1, 2007 Form 10-K referenced in paragraph 405 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 405 of the Complaint.

406. Countrywide states that its March 1, 2007 Form 10-K referenced in paragraph 406 of the Complaint is a document that speaks for itself, respectfully

refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 406 of the Complaint.

407. Countrywide states that its March 1, 2007 Form 10-K referenced in paragraph 407 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 407 of the Complaint.

408. Countrywide states that the alleged February 28, 2007 KPMG audit report referenced in paragraph 408 of the Complaint is a document that speaks for itself, respectfully refers the Court to the audit report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 408 of the Complaint.

409. Countrywide states that its March 1, 2007 Form 10-Q and SOX Certifications referenced in paragraph 409 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 409 of the Complaint.

410. Countrywide denies the allegations of paragraph 410 of the Complaint.

411. Countrywide states that the March 6, 2007 conference referenced in paragraph 411 of the Complaint speaks for itself, respectfully refers the Court to statements made at the conference for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 411 of the Complaint.

412. Countrywide denies the allegations of paragraph 412 of the Complaint.

413. Countrywide states that the March 7, 2007 conference referenced in paragraph 413 of the Complaint speaks for itself, respectfully refers the Court to the statements made at the conference for their contents, and denies any

characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 413 of the Complaint.

414. Countrywide denies the allegations of paragraph 414 of the Complaint.

415. Countrywide states that the March 13, 2007 CNBC interview referenced in paragraph 415 of the Complaint speaks for itself, respectfully refers the Court to the interview for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 415 of the Complaint.

416. Countrywide denies the allegations of paragraph 416 of the Complaint.

417. Countrywide states that its April 26, 2007 press release referenced in paragraph 417 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 417 of the Complaint.

418. Countrywide states that its April 26, 2007 press release referenced in paragraph 418 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 418 of the Complaint.

419. Countrywide states that the April 26, 2007 conference call referenced in paragraph 419 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 419 of the Complaint.

420. Countrywide states that the April 26, 2007 conference call referenced in paragraph 420 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 420 of

the Complaint.

421. Countrywide denies the allegations of paragraph 421 of the Complaint.

422. Countrywide states that the April 26, 2007 conference transcript referenced in paragraph 422 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 422 of the Complaint.

423. Countrywide states that the April 26, 2007 conference transcript referenced in paragraph 423 of the Complaint speaks for itself, respectfully refers the Court to the transcript for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 423 of the Complaint.

424. Countrywide states that the April 26, 2007 conference referenced in paragraph 424 of the Complaint speaks for itself, respectfully refers the Court to statements made at the conference for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 424 of the Complaint.

425. Countrywide states that the April 26, 2007 conference referenced in paragraph 425 of the Complaint speaks for itself, respectfully refers the Court to statements made at the conference for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 425 of the Complaint.

426. Countrywide denies the allegations of paragraph 426 of the Complaint.

427. Countrywide states that its May 9, 2007 Form 10-Q referenced in paragraph 427 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 427 of the Complaint.

428. Countrywide states that its May 9, 2007 Form 10-Q referenced in paragraph 428 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 428 of the Complaint.

429. Countrywide states that its May 9, 2007 Form 10-Q referenced in paragraph 429 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 429 of the Complaint.

430. Countrywide states that its May 9, 2007 Form 10-Q referenced in paragraph 430 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 430 of the Complaint.

431. Countrywide states that its May 9, 2007 Form 10-Q and SOX Certifications referenced in paragraph 431 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 431 of the Complaint.

432. Countrywide denies the allegations of paragraph 432 of the Complaint.

433. Countrywide denies the allegations of paragraph 433 of the Complaint.

434. Countrywide denies the allegations of paragraph 434 of the Complaint.

435. Countrywide denies the allegations of paragraph 435 of the Complaint.

436. Countrywide states that its July 16, 2007 press release referenced in paragraph 436 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of

paragraph 436 of the Complaint.

437. Countrywide states that the alleged statement by Mr. Plesser referenced in paragraph 437 of the Complaint speaks for itself, respectfully refers the Court to the remark for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 437 of the Complaint.

438. Countrywide states that the alleged statement by Mr. Miller referenced in paragraph 438 of the Complaint speaks for itself, respectfully refers the Court to the remark for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 438 of the Complaint.

439. Countrywide denies the allegations of paragraph 439 of the Complaint.

440. Countrywide states that its July 24, 2007 Form 8-K and press release referenced in paragraph 440 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 440 of the Complaint.

441. Countrywide states that its July 24, 2007 Form 8-K and press release referenced in paragraph 441 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 441 of the Complaint.

442. Countrywide states that the July 24, 2007 conference call referenced in paragraph 442 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 442 of the Complaint.

443. Countrywide states that the July 24, 2007 conference call referenced

in paragraph 443 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 443 of the Complaint.

444. Countrywide states that the July 24, 2007 conference call referenced in paragraph 444 of the Complaint speaks for itself, respectfully refers the Court to the conference call for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 444 of the Complaint.

445. Countrywide states that the alleged testimony referenced in paragraph 445 of the Complaint speaks for itself, respectfully refers the Court to the testimony for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 445 of the Complaint.

446. Countrywide states that its alleged stock prices referenced in paragraph 446 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 446 of the Complaint.

447. Countrywide denies the allegations of paragraph 447 of the Complaint.

448. Countrywide denies the allegations of paragraph 448 of the Complaint.

449. Countrywide denies the allegations of paragraph 449 of the Complaint.

450. Countrywide states that its July 24, 2007 earnings release referenced in paragraph 450 of the Complaint is a document that speaks for itself, respectfully refers the Court to the earnings release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 450 of the Complaint.

451. Countrywide states that the July 24, 2007 conference call referenced in paragraph 451 of the Complaint speaks for itself, respectfully refers the Court to statements made at the conference for their contents, and denies any

characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 451 of the Complaint.

452. Countrywide states that the July 24, 2007 conference call referenced in paragraph 452 of the Complaint speaks for itself, respectfully refers the Court to statements made at the conference for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 452 of the Complaint.

453. Countrywide states that the July 24, 2007 conference call referenced in paragraph 453 of the Complaint speaks for itself, respectfully refers the Court to statements made at the conference for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 453 of the Complaint.

454. Countrywide denies the allegations of paragraph 454 of the Complaint.

455. Countrywide denies the allegations of paragraph 455 of the Complaint.

456. Countrywide states that its August 2, 2007 press release referenced in paragraph 456 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 456 of the Complaint.

457. Countrywide denies the allegations of paragraph 457 of the Complaint.

458. Countrywide denies the allegations of paragraph 458 of the Complaint.

459. Countrywide denies the allegations of paragraph 459 of the Complaint.

460. Countrywide states that its alleged stock prices referenced in paragraph 460 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 460 of the Complaint.

461. Countrywide states that its August 9, 2007 Form 10-Q referenced in

paragraph 461 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 461 of the Complaint.

462. Countrywide states that the alleged August 13, 2007 Merrill Lynch analyst report referenced in paragraph 462 of the Complaint is a document that speaks for itself, respectfully refers the Court to the analyst report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 462 of the Complaint.

463. Countrywide states that its alleged stock prices referenced in paragraph 463 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 463 of the Complaint.

464. Countrywide states that its August 9, 2007 Form 10-Q referenced in paragraph 464 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 464 of the Complaint.

465. Countrywide states that August 9, 2007 Form 10-Q referenced in paragraph 465 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the existence of the alleged August 8, 2007 “qualified certification” along with the remainder of the allegations of paragraph 465 of the Complaint.

466. Countrywide states that its August 9, 2007 Form 10-Q and SOX Certifications referenced in paragraph 466 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms.

Countrywide otherwise denies the allegations of paragraph 466 of the Complaint.

467. Countrywide states that its August 9, 2007 Form 10-Q referenced in paragraph 467 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 467 of the Complaint.

468. Countrywide denies the allegations of paragraph 468 of the Complaint.

469. Countrywide states that its August 14, 2007 Form 8-K and press release referenced in paragraph 469 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 469 of the Complaint.

470. Countrywide states that the alleged *Los Angeles Times* article referenced in paragraph 470 of the Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 470 of the Complaint.

471. Countrywide states that its alleged stock prices referenced in paragraph 471 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 471 of the Complaint.

472. Countrywide states that the alleged August 15, 2007 Merrill Lynch analyst report and August 17, 2007 *Wall Street Journal* article referenced in paragraph 472 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 472 of the Complaint.

473. Countrywide states that its alleged stock prices referenced in paragraph

473 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 473 of the Complaint.

474. Countrywide denies the allegations of paragraph 474 of the Complaint.

475. Countrywide states that its alleged August 16, 2007 announcement and the alleged credit rating agencies' downgrades referenced in paragraph 475 of the Complaint speak for themselves, respectfully refers the Court to them for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 475 of the Complaint.

476. Countrywide denies the allegations of paragraph 476 of the Complaint.

477. Countrywide states that its alleged stock prices referenced in paragraph 477 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 477 of the Complaint.

478. Countrywide denies the allegations of paragraph 478 of the Complaint.

479. Countrywide states that the alleged merger announcement referenced in paragraph 479 of the Complaint speaks for itself, respectfully refers the Court to the announcement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 479 of the Complaint.

480. Countrywide states that the alleged August 23, 2007 CNBC interview referenced in paragraph 480 of the Complaint speaks for itself, respectfully refers the Court to the interview for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 480 of the Complaint.

481. Countrywide states that the alleged August 23, 2007 Fox News interview referenced in paragraph 481 of the Complaint speaks for itself, respectfully refers the Court to the interview for its contents, and denies any

characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 481 of the Complaint.

482. Countrywide states that the alleged August 23, 2007 Fox News interview referenced in paragraph 482 of the Complaint speaks for itself, respectfully refers the Court to the interview for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 482 of the Complaint.

483. Countrywide denies the allegations of paragraph 483 of the Complaint.

484. Countrywide states that the alleged August 24, 2007 Fitch Ratings announcement referenced in paragraph 484 of the Complaint speaks for itself, respectfully refers the Court to the announcement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 484 of the Complaint.

485. Countrywide denies the allegations of paragraph 485 of the Complaint.

486. Countrywide states that its alleged stock prices referenced in paragraph 486 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 486 of the Complaint.

487. Countrywide states that its alleged September 7, 2007 announcement referenced in paragraph 487 of the Complaint speaks for itself, respectfully refers the Court to the announcement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 487 of the Complaint.

488. Countrywide states that the alleged September 10, 2007 cuts in Merrill Lynch's and UBS's profit estimates referenced in paragraph 488 of the Complaint speaks for itself, respectfully refers the Court to the reports for their contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 488 of the Complaint.

489. Countrywide states that its alleged stock prices referenced in paragraph 489 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 489 of the Complaint.

490. Countrywide denies the allegations of paragraph 490 of the Complaint.

491. Countrywide states that the alleged September 11, 2007 *New York Post* article referenced in paragraph 491 of the Complaint speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 491 of the Complaint.

492. Countrywide states that its alleged stock prices referenced in paragraph 492 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 492 of the Complaint.

493. Countrywide states that the alleged October 11, 2007 *New York Times* article referenced in paragraph 493 of the Complaint speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 493 of the Complaint.

494. Countrywide states that its alleged stock prices referenced in paragraph 494 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 494 of the Complaint.

495. Countrywide states that the alleged media reports and stock prices referenced in paragraph 495 of the Complaint speak for themselves, respectfully refers the Court to the media reports and stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 495 of the Complaint.

496. Countrywide states that the alleged October 24, 2007 *Wall Street Journal* article referenced in paragraph 496 of the Complaint speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 496 of the Complaint.

497. Countrywide states that the alleged October 24, 2007 *Wall Street Journal* article referenced in paragraph 497 of the Complaint speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 497 of the Complaint.

498. Countrywide states that the alleged October 24, 2007 *Wall Street Journal* article referenced in paragraph 498 of the Complaint speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 498 of the Complaint.

499. Countrywide states that the alleged October 24, 2007 *Wall Street Journal* article referenced in paragraph 499 of the Complaint speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 499 of the Complaint.

500. Countrywide states that its alleged stock prices referenced in paragraph 500 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 500 of the Complaint.

501. Countrywide states that its October 26, 2007 Form 8-K and press release referenced in paragraph 501 of the Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise

denies the allegations of paragraph 501 of the Complaint.

502. Countrywide states that its October 26, 2007 press release and conference call referenced in paragraph 502 of the Complaint speak for themselves, respectfully refers the Court to the press release and conference call transcript for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 502 of the Complaint.

503. Countrywide states that its November 9, 2007 Form 10-Q referenced in paragraph 503 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 503 of the Complaint.

504. Countrywide states that its November 9, 2007 Form 10-Q referenced in paragraph 504 of the Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 504 of the Complaint.

505. Countrywide states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 505 of the Complaint and therefore denies the same.

506. Countrywide states that its alleged stock prices referenced in paragraph 506 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 506 of the Complaint.

507. Countrywide states that its alleged stock prices referenced in paragraph 507 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 507 of the Complaint.

508. Countrywide denies the allegations of paragraph 508 of the Complaint.

509. Countrywide states that its alleged stock prices referenced in paragraph 509 of the Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 509 of the Complaint.

510. Countrywide states that the alleged November 26, 2007 *Wall Street Journal* article referenced in paragraph 510 of the Complaint speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 510 of the Complaint.

511. Countrywide states that the alleged November 26, 2007 letter from Senator Schumer referenced in paragraph 511 of the Complaint speaks for itself, respectfully refers the Court to the letter for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 511 of the Complaint.

512. Countrywide states that the alleged press release from Senator Schumer's office referenced in paragraph 512 of the Complaint speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 512 of the Complaint.

513. Countrywide states that the alleged press release from Senator Schumer's office referenced in paragraph 513 of the Complaint speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 513 of the Complaint.

514. Countrywide denies the allegations of paragraph 514 of the Complaint.

515. Countrywide states that its alleged stock prices referenced in paragraph 515 of the Complaint speak for themselves, respectfully refers the Court to the stock

prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 515 of the Complaint.

516. Countrywide admits that it merged with Bank of America and states that the Agreement and Plan of Merger, publicly filed with the SEC, speaks for itself, respectfully refers the Court to it for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 516 of the Complaint.

517. Countrywide states that its alleged January 29, 2008 report referenced in paragraph 517 of the Complaint is a document that speaks for itself, respectfully refers the Court to the report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 517 of the Complaint.

518. Countrywide states that the alleged June 4, 2009 SEC complaint referenced in paragraph 518 of the Complaint is a document that speaks for itself, respectfully refers the Court to the complaint for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 518 of the Complaint.

519. Countrywide states that the alleged October 15, 2010 press release referenced in paragraph 519 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 519 of the Complaint.

520. Countrywide states that the alleged October 15, 2010 press release referenced in paragraph 520 of the Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 520 of the Complaint.

521. Countrywide denies the allegations of paragraph 521 of the Complaint.

522. Countrywide denies the allegations of paragraph 522 of the Complaint.

523. Countrywide denies the allegations of paragraph 523 of the Complaint.

524. Countrywide denies the allegations of paragraph 524 of the Complaint.

525. Countrywide denies the allegations of paragraph 525 of the Complaint.

526. The first and second sentences of paragraph 526 of the Complaint consist of conclusions of law to which no response is required. To the extent these sentences contain factual allegations to which a response is required, Countrywide denies the allegations. Countrywide otherwise denies the allegations of paragraph 526 of the Complaint.

527. Countrywide repeats and incorporates by reference each of its responses to the Complaint set forth below.

528. Paragraph 528 of the Complaint is a characterization of the Complaint to which no response is required.

529. Countrywide denies the allegations of paragraph 529 of the Complaint.

530. Countrywide denies the allegations of paragraph 530 of the Complaint.

531. Countrywide denies the allegations of paragraph 531 of the Complaint.

532. Countrywide denies the allegations of paragraph 532 of the Complaint.

533. Countrywide denies the allegations of paragraph 533 of the Complaint.

534. Countrywide denies the allegations of paragraph 534 of the Complaint.

535. Countrywide denies the allegations of paragraph 535 of the Complaint.

536. Countrywide denies the allegations of paragraph 536 of the Complaint.

537. Countrywide denies the allegations of paragraph 537 of the Complaint.

538. Paragraph 538 of the Complaint consists of conclusions of law to which no response is required.

539. Paragraph 539 of the Complaint consists of conclusions of law to which no response is required. To the extent paragraph 539 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 539 of the Complaint.

540. Countrywide denies the allegations of paragraph 540 of the Complaint.

541. Countrywide denies the allegations of paragraph 541 of the Complaint.

542. Countrywide denies the allegations of paragraph 542 of the Complaint.

543. Countrywide repeats and incorporates by reference each of its responses to the Complaint set forth below.

544. Countrywide denies the allegations of paragraph 544 of the Complaint.

545. Paragraph 545 of the Complaint consists of conclusions of law to which no response is required. To the extent paragraph 545 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 545 of the Complaint.

546. Countrywide denies the allegations of paragraph 546 of the Complaint.

547. Countrywide denies the allegations of paragraph 547 of the Complaint.

548. Paragraph 548 of the Complaint consists of conclusions of law to which no response is required. To the extent paragraph 548 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 548 of the Complaint.

549. Countrywide denies the allegations of paragraph 549 of the Complaint.

550. Countrywide denies the allegations of paragraph 550 of the Complaint.

551. Paragraph 551 of the Complaint consists of conclusions of law to which no response is required. To the extent paragraph 551 of the Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 551 of the Complaint.

552. Countrywide denies the allegations of paragraph 552 of the Complaint.

553. Countrywide denies the allegations of paragraph 553 of the Complaint.

554. Countrywide denies the allegations of paragraph 554 of the Complaint.

555-563. Paragraphs 555 through 563 pertain to Count III of the Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus no answer is required as to these paragraphs.

564-571. Paragraphs 564 through 571 pertain to Count IV of the Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus no answer is required as to these paragraphs.

572-580. Paragraphs 572 through 580 pertain to Count V of the Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

PRAYER FOR RELIEF:

Countrywide denies that Plaintiffs are entitled to the requested relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Answers to each paragraph of the Amended Complaint are made by Countrywide without waiving, but expressly reserving, all rights Countrywide may have to seek relief by appropriate motions directed to the allegations in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

2. The Amended Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

3. This action is barred, in whole or in part, by the applicable statutes of limitation and other applicable periods of repose.

### FOURTH AFFIRMATIVE DEFENSE

4. This action is barred, in whole or in part, because Plaintiffs lack standing to assert the claims alleged in this action.

### FIFTH AFFIRMATIVE DEFENSE

5. The Amended Complaint fails to meet the requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act, 14 U.S.C. § 78u-5 ("PSLRA").

**SIXTH AFFIRMATIVE DEFENSE**

6. This action is barred, in whole or in part, because the statements complained of were immune from liability under the safe harbor provisions of the PSLRA.

**SEVENTH AFFIRMATIVE DEFENSE**

7. This action is barred, in whole or in part, because some or all of the alleged public disclosures bespoke caution or were forward-looking statements.

**EIGHTH AFFIRMATIVE DEFENSE**

8. This action is barred, in whole or in part, because Plaintiffs have failed to mitigate damages and have failed to exercise due diligence in an effort to mitigate their damages (to which, in any event, they are not entitled).

**NINTH AFFIRMATIVE DEFENSE**

9. This action is barred, in whole or in part, because it fails to allege any actionable misstatement or omission by Countrywide.

**TENTH AFFIRMATIVE DEFENSE**

10. This action is barred, in whole or in part, because at all relevant times Countrywide had no duty to disclose the allegedly omitted information.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. This action is barred, in whole or in part, because any information that Countrywide allegedly had a duty to disclose but supposedly did not disclose was in fact disclosed.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The action is barred, in whole or in part, because the actual facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources. Plaintiffs are not entitled to any recovery because the substance of the allegedly material information that Plaintiffs claim to have been omitted or misrepresented was in fact disclosed in the public disclosures of other parties and third parties, in Countrywide' own public

filings and announcements, in the documents referenced in the Amended Complaint, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The action is barred, in whole or in part, because the statements alleged in the complaint, if any were in fact made, did not contain untrue material facts and all statements alleged to have been made (if any) had a reasonable basis in fact and were immaterial as a matter of law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. The Amended Complaint and each cause of action therein fails because Countrywide did not act with the requisite scienter.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. This action is barred, in whole or in part, by SEC Rule 10b5-l.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. This action is barred, in whole or in part, because the statements alleged in the complaint, if any were in fact made, were not made for the purpose of inducing the purchase or sale of a security.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. This action is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence, and/or assumption of risk.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. At all times mentioned in the Amended Complaint and with respect to all matters therein contained, Countrywide acted in good faith and exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of any alleged misconduct, untruth, omission, or any other action alleged in the Amended Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. This action is barred, in whole or in part, because at all relevant times

Plaintiffs did not rely on any material misrepresentations or omissions, or on the market price or on the integrity of the market as affected by any alleged misrepresentations or omissions, in transacting in Countrywide securities.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. The fraud on the market theory is not applicable and/or is not a basis of liability with respect to one or more of the claims alleged in this action.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

21. This action is barred, in whole or in part, because of the absence of actual reliance by Plaintiffs on the statements, acts, or omissions alleged in the Amended Complaint to have been made or, in the alternative, because any reliance (if proved) was unreasonable.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

22. The action is barred, in whole or in part, because Plaintiffs would have engaged in the securities transactions referenced in the Amended Complaint even with full knowledge of the facts that they now allege were misrepresented or omitted.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

23. The action is barred, in whole or in part, because Plaintiffs engaged in the securities transactions referenced in the Amended Complaint with actual or constructive knowledge of the risks involved in an investment in Countrywide securities, the risks involved with Countrywide's mortgage loan business, and other material risks to Countrywide's business and operations, and, thus, assumed the risk that the value of the securities referenced in the Amended Complaint would decline if such risks materialized.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

24. This action is barred, in whole or in part, because Countrywide did not directly or indirectly cause the alleged violations complained of in the Amended Complaint, and thus there is an absence of transaction and/or loss causation.

**TWENTY FIFTH AFFIRMATIVE DEFENSE**

25. This action is barred, in whole or in part, because any damages or injuries suffered by Plaintiffs are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than Countrywide.

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

26. Countrywide denies that it fraudulently, recklessly, negligently or otherwise engaged in any act of deceit, conspiracy, fraud or any other action, alleged conduct, or alleged omission, which was a proximate cause of any injury to Plaintiffs.

**TWENTY SEVENTH AFFIRMATIVE DEFENSE**

27. This action is barred, in whole or in part, by superseding and intervening causes of any alleged damages. If Plaintiffs suffered cognizable damages (which damages are denied), those damages resulted from causes other than any alleged act or omission by Countrywide, including but not limited to macroeconomic and mortgage industry events that constrained Countrywide's access to the credit and capital markets and affected its liquidity.

**TWENTY EIGHTH AFFIRMATIVE DEFENSE**

28. This action is barred, in whole or in part, because, in connection with the making of any statements to any purchasers of the securities of Countrywide or any affiliate or related entity, Countrywide exercised reasonable diligence and/or reasonably and justifiably relied on information provided to it by Countrywide’s independent public accountants and other professionals and experts and reasonably and in good faith believed such statements to be materially accurate and not misleadingly incomplete.

**TWENTY NINTH AFFIRMATIVE DEFENSE**

29. This action is barred, in whole or in part, because any recovery by Plaintiffs would constitute unjust enrichment.

**THIRTIETH AFFIRMATIVE DEFENSE**

30. This action is barred, in whole or in part, because the Countrywide Defendants neither owed nor breached any duty to Plaintiffs to disclose information allegedly omitted, and had no duty to verify, opine upon, audit, review or correct such information that they disclosed.

**THIRTY FIRST AFFIRMATIVE DEFENSE**

31. This action is barred, in whole or in part, because Plaintiffs' claims are barred by the doctrine of laches.

**THIRTY SECOND AFFIRMATIVE DEFENSE**

32. Plaintiffs' claims are barred in whole or in part by the doctrines of waiver and estoppel.

**THIRTY THIRD AFFIRMATIVE DEFENSE**

33. This action is barred, in whole or in part, because Plaintiffs suffered no damages.

**THIRTY FOURTH AFFIRMATIVE DEFENSE**

34. Plaintiffs' alleged damages are speculative and thus not recoverable.

**THIRTY FIFTH AFFIRMATIVE DEFENSE**

35. Without admitting that Plaintiffs suffered damages as a result of any act or omission of Countrywide, any damages which may be awarded in connection with the claims asserted herein are offset and/or must be reduced by the amount of the tax benefits accruing to Plaintiffs, by virtue of his or her deduction of capital loss, in order to prevent unjust enrichment of said Plaintiffs.

**THIRTY SIXTH AFFIRMATIVE DEFENSE**

36. Plaintiffs are precluded from recovering prejudgment interest because, without admitting that Plaintiffs are entitled to any damages, any award recovered in this action is not liquidated nor ascertainable and is not otherwise statutorily prescribed.

**THIRTY SEVENTH AFFIRMATIVE DEFENSE**

37. The damages claimed by Plaintiffs should be offset in whole or in part by Plaintiffs' gains on Countrywide securities.

**THIRTY EIGHTH AFFIRMATIVE DEFENSE**

38. Plaintiffs' claims are vague, ambiguous, and uncertain.

**THIRTY NINTH AFFIRMATIVE DEFENSE**

39. Plaintiffs' claims are barred, in whole or in part, by the doctrine of in pari delicto.

**FORTIETH AFFIRMATIVE DEFENSE**

40. Countrywide was under no duty to revise, update, or correct any previously made statements that Plaintiffs allege were not subsequently revised, updated, or corrected.

**FORTY FIRST AFFIRMATIVE DEFENSE**

41. This action is barred, in whole or in part, by the doctrine of unclean hands, in that Plaintiffs have been guilty of inequitable conduct with respect to the matters alleged in the Amended Complaint, and specifically with respect to fabricating allegations therein, and such actions bar Plaintiffs' recovery therein.

**FORTY SECOND AFFIRMATIVE DEFENSE**

42. Countrywide denies that Plaintiffs are entitled to recovery of attorneys' fees.

**FORTY THIRD AFFIRMATIVE DEFENSE**

43. Countrywide hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any of the other defendants to the extent that Countrywide may share in such a defense.

**FORTY FOURTH AFFIRMATIVE DEFENSE**

44. Countrywide hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve its rights to amend this Answer and

assert all such defenses.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Countrywide demands a trial by jury of all issues raised by this Complaint which are triable by jury.

WHEREFORE, Countrywide respectfully requests the Complaint be dismissed with prejudice and the Court award Countrywide's attorneys fees and other relief deemed just and proper.

Dated: October 14, 2011

Respectfully submitted,

GOODWIN PROCTER LLP

By: /s/ Brian E. Pastuszenski

BRIAN E. PASTUSZENSKI
*bpastuszenski@goodwinprocter.com*
ALEXIS L. SHAPIRO
*ashapiro@goodwinprocter.com*
Mitchell D. Webber
*mwebber@goodwinpocter.com*
Exchange Place
53 State Street
Boston, Massachusetts 02109
Telephone: 617-570-1000
Facsimile: 617-523-1231

LLOYD WINAWER (SBN # 157823)
*lwinawer@goodwinprocter.com*
601 S. Figueroa Street
41st Floor
Los Angeles, CA 90017
Telephone: 213-426-2500
Facsimile: 213-623-1673

*Attorneys for Defendant Countrywide Financial Corporation*

# PROOF OF SERVICE

I, Gareth J. Oania, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 601 S. Figueroa Street, 41st Floor, Los Angeles, California, 90017.

On October 14, 2011, I served the following document by placing a true copy thereof in a sealed envelope(s) on the persons listed on the service list below:

**ANSWER TO PLAINTIFFS' COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS AND STATE LAW**

(MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☑ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed below by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on October 14, 2011, at Los Angeles, California.

Gareth J. Oania
(Type or print name)

(Signature)

# SERVICE LIST

## CHILDREN'S HOSPITAL & MEDICAL CENTER FOUNDATION OF OMAHA, et al. v. COUNTRYWIDE FINANCIAL CORPORATION, et al.

## CASE NO. CV-11-02056-MRP (MANx)

| | |
|---|---|
| David Siegel<br>Daniel Lefler<br>Charles Elder<br>Jacob Kreutzer<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067 | *Attorneys for Defendant:*<br>**Angelo R. Mozilo**<br><br>Tel: 310-277-1010<br>Fax: 310-203-7199<br>dsiegel@irell.com<br>dlefler@irell.com<br>celder@irell.com<br>jkreutzer@irell.com |
| Michael C. Tu<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>777 S. Figueroa Street, Suite 3200<br>Los Angeles, California 90017<br><br>Michael D. Torpey<br>Penelope A. Graboys Blair<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>The Orrick Building<br>405 Howard Street<br>San Francisco, California 94105-2669 | *Attorneys for Defendant:*<br>**David Sambol**<br><br>Tel: 213-629-2020<br>Fax: 213-612-2499<br>mtu@orrick.com<br><br>Tel: 415-773-5700<br>Fax: 415-773-5759<br>mtorpey@orrick.com<br>pgraboysblair@orrick.com |
| Shirli Fabbri Weiss<br>**DLA PIPER LLP (US)**<br>401 B Street, Suite 1700<br>San Diego, California 92101-4297<br><br>Nicolas Morgan<br>**DLA PIPER LLP (US)**<br>1999 Avenue of the Stars, Suite 400<br>Los Angeles, California 90067-6022<br><br>David Priebe<br>Jeffrey B. Coopersmith<br>**DLA PIPER LLP (US)**<br>2000 University Avenue<br>East Palo Alto, California 94303-2248 | *Attorneys for Defendant:*<br>**Eric P. Sieracki**<br><br>Tel: 619-699-2700<br>Fax: 619-699-2701<br>shirli.weiss@dlapiper.com<br><br>Tel: 310-595-3000<br>Fax: 310-595-3300<br>nicolas.morgan@dlapiper.com<br><br>Tel: 650-833-2000<br>Fax: 650-833-2001<br>david.priebe@dlapiper.com<br>jeff.coopersmith@dlapiper.com |

| | |
|---|---|
| David A. Thorpe<br>Edward P. Dietrich<br>Matthew P. Siben<br>Shawn M. Hayes<br>**DIETRICH SIBEN THORPE LLP**<br>2173 Salk Avenue, Suite 250<br>Carlsbad, CA 92008 | *Attorneys for Plaintiffs:*<br>**Children's Hospital & Medical Center Foundation of Omaha, Hastings College Foundation, Peter Kiewit Foundation, Weitz Value Fund, Weitz Partners Value Fund, Weitz Hickory Fund, Weitz Balanced Fund, Research Fund, Partners III Opportunity Fund, and Heider Weitz Partnership**<br><br>Tel: 760-579-7368<br>Fax: 760-579-7369<br>david@dstlegal.com<br>edward@dstlegal.com<br>matthew@dstlegal.com<br>shawn@dstlegal.com |