IRELL & MANELLA LLP
David Siegel (101355)
dsiegel@irell.com
Daniel P. Lefler (151253)
dlefler@irell.com
Adam Fletcher (247949)
afletcher@irell.com
Alexander F. Porter (258597)
aporter@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Defendant
Angelo Mozilo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHILDREN'S HOSPITAL & MEDICAL CENTER FOUNDATION OF OMAHA, HASTINGS COLLEGE FOUNDATION, PETER KIEWIT FOUNDATION, WEITZ VALUE FUND, WEITZ PARTNERS VALUE FUND, WEITZ HICKORY FUND, RESEARCH FUND, PARTNERS III OPPORTUNITY FUND, and HEIDER WEITZ PARTNERSHIP<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, ANGELO R. MOZILO, DAVID SAMBOL, ERIC P SIERACKI, and KPMG LLP.<br><br>Defendants. | Case No. CV 11-02056 MRP (MANx)<br><br>**DEFENDANT ANGELO MOZILO'S ANSWER TO COMPLAINT**<br><br>Ctrm: 12<br>Judge: Hon. Mariana R. Pfaelzer |

Defendant Angelo Mozilo ("Mr. Mozilo") hereby answers Plaintiffs' Complaint for Violations of the Federal Securities Laws and State Law (the "Complaint"), as follows:

## GENERAL RESPONSES

Except as expressly admitted herein, Mr. Mozilo denies any and all material allegations in the Complaint. The numbered paragraphs of this answer correspond to the paragraphs as numbered in the Complaint. To the extent paragraphs in the Complaint are grouped under headings, Mr. Mozilo responds generally that such headings and groupings are conclusions of law or fact and denies each and every such allegation made or implied by such headings or groupings.

To the extent that the Complaint attempts to characterize certain alleged facts in a conclusory manner such as "fraudulent," "manipulate," "material," "wrongful," "illegal," or "knowingly," Mr. Mozilo responds generally that such allegations constitute perjoratives or conclusions and do not constitute allegations of fact requiring a response. To the extent such allegations may be construed as allegations of fact, Mr. Mozilo objects to and denies each such allegation.

## SPECIFIC RESPONSES

The first unnumbered paragraph on page 1 of the Complaint addresses Plaintiffs' pre-suit investigation. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations the first unnumbered paragraph on page 1, and on that basis denies those allegations.

1. Paragraph 1 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 1.

2. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 2, and on that basis denies the allegations of the first sentence of paragraph 2. Mr. Mozilo denies the remaining allegations of paragraph 2.

3. Paragraph 3 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 3.

4. Mr. Mozilo states that to the extent the allegations in paragraph 4 are based on statements in Countrywide's SEC filings or conference call transcripts, those documents are the best evidence of their contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 4.

5. Mr. Mozilo states that to the extent the allegations in paragraph 5 are based on statements in Countrywide's SEC filings or conference call transcripts, those documents are the best evidence of their contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo also states that Countrywide's product mix was reported in its SEC filings, which are a matter of public record and which speak for themselves. Mr. Mozilo otherwise denies the allegations of paragraph 5.

6. Paragraph 6 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 6.

7. Mr. Mozilo states that the remarks allegedly made by him referenced in paragraph 7 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 7.

8. Mr. Mozilo states that the remarks allegedly made by him during the March 15, 2005 conference referenced in paragraph 8 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he

made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 8.

9. Mr. Mozilo states that the remarks allegedly made by him during the September 13, 2005 investor presentation referenced in paragraph 9 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 9.

10. Mr. Mozilo states that Countrywide's SEC filings and the statements referenced in paragraph 10 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 10.

11. Mr. Mozilo states that the remarks allegedly made by him during the July 26, 2005 conference call referenced in paragraph 11 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 11.

12. Paragraph 12 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. The Ambac report referenced in paragraph 12 speaks for itself and is the best evidence of its contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 12.

13. Mr. Mozilo states that Countrywide's SEC filings and the June 2006 document referenced in paragraph 13 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 13.

14. Mr. Mozilo states that the remarks allegedly made by him during the May 31, 2006 investor conference referenced in paragraph 14 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 14.

15. Mr. Mozilo states that the email referenced in paragraph 15 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 15.

16. Paragraph 16 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 16.

17. Mr. Mozilo states that the email referenced in paragraph 17 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 17.

18. Paragraph 18 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 18.

19. Paragraph 19 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 19.

20. Paragraph 20 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 20.

21. Mr. Mozilo states that the July 16, 2007 announcement and the S&P report referenced in paragraph 21 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the

actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 21.

22. Mr. Mozilo states that the July 24, 2007 press release and the statements referenced in paragraph 22 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Paragraph 22 also refers to Countrywide's stock price changes, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 22.

23. Mr. Mozilo states that the remarks allegedly made by him during the July 24, 2007 conference call referenced in paragraph 23 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 23.

24. Paragraph 24 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 24.

25. Paragraph 25 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 25.

26. Mr. Mozilo states that the remarks allegedly made by him during the August 23, 2007 conference call referenced in paragraph 26 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 26.

27. Mr. Mozilo states that the November 26, 2007 WSJ article and the statements referenced in paragraph 27 are the best evidence of their contents, and

denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 27.

28. Mr. Mozilo states that the allegations in paragraph 28 refer to Countrywide's stock prices, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 28.

29. Mr. Mozilo states that with respect to the first sentence of paragraph 29, the terms describing the July 2008 merger between Bank of America and Countrywide were publicly disclosed and speak for themselves. The second sentence of paragraph 29 should be stricken, as it refers to matters not admissible for any purpose and is a statement to which no response is necessary or appropriate. Mr. Mozilo otherwise denies the allegations of paragraph 29.

30. Paragraph 30 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 30.

31. Mr. Mozilo admits that the Court has federal subject matter jurisdiction over this case.

32. Mr. Mozilo admits that venue is proper in this Judicial District.

33. Paragraph 33 consists of conclusions of law, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations set forth in paragraph 33.

34. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and on that basis denies the allegations of paragraph 34.

35. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35, and on that basis denies the allegations of paragraph 35.

36. Mr. Mozilo admits the allegations of paragraph 36.

37. Answering paragraph 37, Mr. Mozilo admits that he is a co-founder of Countrywide, was Chairman of the Board of Directors from March 1999 until Countrywide's merger with Bank of America, and was Chief Executive Officer ("CEO") of Countrywide from February 1998 until Countrywide's merger with Bank of America. Mr. Mozilo also admits that he was President of the company from March 2000 to December 2003. Mr. Mozilo admits that he sold shares of Countrywide common stock during the Relevant Period, which were reported on Forms 4 filed with the SEC, and which speak for themselves and are the best evidence of their contents. Mr. Mozilo further states that to the extent he signed Countrywide's periodic financial reports or Sarbanes-Oxley certifications, these are a matter of public record and which speak for themselves. Mr. Mozilo otherwise denies the allegations of paragraph 37.

38. Mr. Mozilo admits the first sentence of paragraph 38. Answering the second sentence of paragraph 38, Mr. Mozilo admits that Mr. Sambol was Executive Managing Director of Countrywide's Business Segment Operations in 2006, but otherwise denies the allegations in that sentence. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of the third through fourth sentences of paragraph 38, and on that basis denies the allegations in that sentence. Mr. Mozilo states that whether Mr. Sambol signed Countrywide's periodic financial reports or Sarbanes-Oxley certifications is a matter of public record and speak for themselves. Mr. Mozilo states that Mr. Sambol's stock sales were reported on Forms 4 filed with the SEC, which speak for themselves and are the best evidence of their contents. Mr. Mozilo otherwise denies the allegations of paragraph 38.

39. Mr. Mozilo admits the first sentence of paragraph 39. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 39, and on that basis denies the allegations in that sentence. Mr. Mozilo states that whether Mr. Sieracki signed Countrywide's periodic financial reports or Sarbanes-Oxley certifications is a matter of public record and speak for themselves. Mr. Mozilo states that Mr. Sieracki's stock sales were reported on Forms 4 filed with the SEC, which speak for themselves and are the best evidence of their contents. Mr. Mozilo otherwise denies the allegations of paragraph 39.

40. Paragraph 40 calls for no response from Mr. Mozilo.

41. Mr. Mozilo admits the first two sentences of paragraph 41. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 41, and on that basis denies the allegations in that sentence.

42. Mr. Mozilo admits the allegations in the first sentence of paragraph 42. As to the remainder of the paragraph, Mr. Mozilo states that Countrywide's number of loans originated and total earnings were reported in the company's periodic SEC filings, which are a matter of public record and are the best evidence of their contents. Mr. Mozilo denies the allegations to the extent they are inconsistent with Countrywide's SEC filings or with the actual statements made or incomplete or taken out of context.

43. Mr. Mozilo admits that Countrywide sold most of the mortgages it originated to the secondary market. As to the remainder of paragraph 43, Mr. Mozilo states that Countrywide's product mix and net earnings were reported in the company's periodic SEC filings, which are a matter of public record and the best evidence of their contents. Mr. Mozilo denies the allegations to the extent they are inconsistent with Countrywide's SEC filings or with the actual statements made or incomplete or taken out of context.

44. To the extent the paragraph 44 refers to statements in transcripts of earnings conference calls or SEC filings, those documents are the best evidence of their contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with the documents or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 44.

45. To the extent the paragraph 45 refers to statements in transcripts of earnings conference calls or SEC filings, those documents are the best evidence of their contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with the documents or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 45.

46. Paragraph 46 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 46.

47. Mr. Mozilo states that Countrywide's net earnings in 2004 were reported in the company's periodic SEC filings, which are a matter of public record and the best evidence of their contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with Countrywide's SEC filings or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 47.

48. Mr. Mozilo states that Countrywide's product mix during the Relevant Period was reported in the company's periodic SEC filings, which are a matter of public record and the best evidence of their contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with Countrywide's SEC filings or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 48.

49. Mr. Mozilo admits that Countrywide's changing product mix was no secret to investors and the market understood the increased credit risk associated with different loan products. The remainder of paragraph 49 is a statement of

Plaintiffs' legal position, to which no response is necessary or appropriate, but to the extent that a response is required, Mr. Mozilo denies the remaining allegations of paragraph 49.

50. Paragraph 50 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 50.

51. Paragraph 51 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 51.

52. Mr. Mozilo states that Countrywide's Form 10-Ks and the statements referenced in paragraph 52 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 52.

53. Mr. Mozilo states that the Countrywide's origination of Pay Option ARMs was reported in the company's periodic SEC filings, which are a matter of public record and the best evidence of their contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with Countrywide's SEC filings or with the actual statements made or incomplete or taken out of context. The remainder of paragraph 53 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate, but to the extent that a response is required, Mr. Mozilo denies the remaining allegations of paragraph 53.

54. Paragraph 54 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 54.

55. Paragraph 55 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 55.

56. Paragraph 56 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 56.

57. Mr. Mozilo states that the allegations in paragraph 57 refer to Countrywide's stock prices, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 57. The remainder of paragraph 57 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate, but to the extent that a response is required, Mr. Mozilo denies the remaining allegations of paragraph 57.

58. Paragraph 58 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 58.

59. Paragraph 59 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 59.

60. Paragraph 60 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 60.

61. Paragraph 61 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 61.

62. Paragraph 62 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 62.

63. Mr. Mozilo states that the July 1, 2008 MSNBC article and the statements referenced in paragraph 63 are the best evidence of their contents, and

denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 63.

64. Mr. Mozilo states that the November 13, 2008 BusinessWeek article and the statements referenced in paragraph 64 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 64.

65. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the witness referenced in paragraph 65 communicated the allegations described therein, and denies the underlying allegations of paragraph 65.

66. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the witness referenced in paragraph 66 communicated the allegations described therein, and denies the underlying allegations of paragraph 66.

67. Paragraph 67 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 67.

68. Mr. Mozilo states that the Ambac report and the statements referenced in paragraph 68 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 68.

69. Paragraph 69 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 69.

70. Paragraph 70 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 70.

71. Paragraph 71 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 71.

72. Mr. Mozilo states that the June 24, 2005 email referenced in paragraph 72 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 72.

73. Paragraph 73 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 73.

74. Paragraph 74 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 74.

75. Mr. Mozilo admits that Countrywide utilized an automated underwriting system known as "CLUES." The remainder of paragraph 75 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate, but to the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 75.

76. Mr. Mozilo admits that Countrywide utilized an automated underwriting system known as "CLUES." The remainder of paragraph 76 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate, but to the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 76.

77. Paragraph 77 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 77.

78. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78, and on that basis denies the allegations of paragraph 78.

79. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79, and on that basis denies the allegations of paragraph 79.

80. Paragraph 80 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 80.

81. Mr. Mozilo states that the June 2008 Conde Nast article and the statements referenced in paragraph 81 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the article or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 81.

82. Mr. Mozilo states that the June 2007 presentation and the statements referenced in paragraph 82 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 82.

83. Paragraph 83 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 83.

84. Mr. Mozilo admits that Countrywide originated a loan product called "Pay-Option ARM," which allowed borrowers certain options regarding their mortgage payments. Mr. Mozilo states that the percentage of Countrywide's loan

production that consisted of Pay Option ARMs was disclosed in its periodic SEC filings, which are a matter of public record and the best evidence of their contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with the SEC filings or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 84.

85. Mr. Mozilo admits that many of the Pay Option ARMs that Countrywide originated were held for investment, a fact that was publicly disclosed in Countrywide's SEC filings. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 85, and on that basis denies the allegations of paragraph 85.

86. Mr. Mozilo states that the 2006 Form 10-K and May 31, 2006 investor presentation referenced in paragraph 86 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 86.

87. Mr. Mozilo states that Countrywide's SEC filings and the statements referenced in paragraph 87 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 87.

88. Paragraph 88 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 88.

89. Mr. Mozilo states that the internal Countrywide documents referenced in paragraph 89 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 89.

90. Mr. Mozilo states that Countrywide study referenced in paragraph 90 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 90.

91. Paragraph 91 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 91.

92. Mr. Mozilo states that the February 23, 2008 WSJ article and the statements referenced in paragraph 92 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 92.

93. Mr. Mozilo states that the September 1, 2004 email and the statements referenced in paragraph 93 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 93.

94. Mr. Mozilo states that the September 9, 2004 memorandum and the statements referenced in paragraph 94 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 94.

95. Mr. Mozilo states that the September 9, 2004 email and the statements referenced in paragraph 95 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 95.

96. Paragraph 96 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 96.

97. Paragraph 97 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 97.

98. Mr. Mozilo states that the McMurray's SEC deposition testimony referenced in paragraph 98 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 98.

99. Mr. Mozilo states that the June 25, 2005 email and the statements referenced in paragraph 99 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 99.

100. Mr. Mozilo states that the November 2, 2006 email and the statements referenced in paragraph 100 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 100.

101. Mr. Mozilo states that the November 16, 2006 email and the statements referenced in paragraph 101 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 101.

102. Mr. Mozilo states that the November 16, 2006 email and the statements referenced in paragraph 102 are the best evidence of their contents, and denies the

allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 102.

103. Mr. Mozilo states that the February 11, 2007 email and the statements referenced in paragraph 103 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 103.

104. Paragraph 104 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 104.

105. Mr. Mozilo states that the December 2007 WSJ article and the statements referenced in paragraph 105 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 105.

106. Paragraph 106 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 106.

107. Mr. Mozilo admits that "80/20 Programs" did not require borrowers to put any money down on the purchase of a home. Mr. Mozilo otherwise denies the allegations of paragraph 107.

108. Mr. Mozilo states that Countrywide's "Policy on High Risk Products" referenced in paragraph 108 speaks for itself and is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 108.

109. Paragraph 109 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 109.

110. Mr. Mozilo states that the March 28, 2006 email referenced in paragraph 110 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 110.

111. Mr. Mozilo states that the April 13, 2006 email referenced in paragraph 111 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 111.

112. Mr. Mozilo states that the April 7, 2006 email referenced in paragraph 112 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 112.

113. Mr. Mozilo states that the April 2006 recommendation from Risk Management and Mr. Sambol's response referenced in paragraph 113 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 113.

114. Mr. Mozilo states that the December 7, 2006 memorandum referenced in paragraph 114 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 114.

115. Mr. Mozilo states that the April 2006 email referenced in paragraph 115 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 115.

116. Paragraph 116 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 116.

117. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 117, and on that basis denies the allegations of paragraph 117.

118. Mr. Mozilo states that the May 22, 2005 email referenced in paragraph 118 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 118.

119. Mr. Mozilo states that the June 28, 2005 Corporate Credit Risk Committee presentation referenced in paragraph 119 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 119.

120. Mr. Mozilo states that the March 12, 2007 credit risk committee materials referenced in paragraph 120 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 120.

121. Paragraph 121 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 121.

122. Paragraph 122 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 122.

123. Mr. Mozilo states that to the extent the allegations in are based on an email sent by McMurray in February 2004, that email is the best evidence of its contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 123.

124. Mr. Mozilo states that to the extent the allegations in are based on an email from Risk Management in June 2005, that email is the best evidence of its contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 124.

125. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 125, and on that basis denies the allegations of paragraph 125.

126. Mr. Mozilo states that the July 26, 2005 and April 4, 2006 emails referenced in paragraph 126 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 126.

127. Mr. Mozilo states that the June 2, 2006 email referenced in paragraph 127 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or

incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 127.

128. Mr. Mozilo states that the May 18, 2006 and May 19, 2006 emails referenced in paragraph 128 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 128.

129. Mr. Mozilo states that the June 1, 2006 email referenced in paragraph 129 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 129.

130. Paragraph 130 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 130.

131. Mr. Mozilo states that the July 10, 2006 email referenced in paragraph 131 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 131.

132. Mr. Mozilo states that the July 10, 2006 email referenced in paragraph 132 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 132.

133. Mr. Mozilo states that the August 16, 2006 email referenced in paragraph 133 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or

incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 133.

134. Mr. Mozilo states that the September 26, 2006 email referenced in paragraph 134 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 134.

135. Mr. Mozilo states that the September 26, 2006 email referenced in paragraph 135 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 135.

136. Mr. Mozilo states that the September 26, 2006 email referenced in paragraph 136 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 136.

137. Mr. Mozilo states that the January 29, 2007 email referenced in paragraph 137 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 137.

138. Mr. Mozilo states that the November 4, 2007 email referenced in paragraph 138 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 138.

139. Paragraph 139 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 139.

140. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 140, and on that basis denies the allegations of paragraph 140.

141. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 141, and on that basis denies the allegations of paragraph 141.

142. Mr. Mozilo states that the June 2005 email exchange between McMurray and Sambol referenced in paragraph 142 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 142.

143. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 143, and on that basis denies the allegations of paragraph 143.

144. Paragraph 144 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 144.

145. Mr. Mozilo states that the June 1, 2006 and June 2, 2006 emails referenced in paragraph 145 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 145.

146. Paragraph 146 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 146.

147. Mr. Mozilo states that the January 2007 emails referenced in paragraph 147 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 147.

148. Mr. Mozilo states that the August 2007 emails referenced in paragraph 148 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 148.

149. Mr. Mozilo states that the email referenced in paragraph 149 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 149.

150. Paragraph 150 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 150.

151. Mr. Mozilo states that the accounting standards referenced in paragraph 151 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 151.

152. Mr. Mozilo states that the accounting standards referenced in paragraph 152 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 152.

153. Paragraph 153 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 153.

154. Mr. Mozilo states that the accounting standards referenced in paragraph 154 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 154.

155. Mr. Mozilo states that the accounting standards referenced in paragraph 155 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 155.

156. Mr. Mozilo states that the accounting standards referenced in paragraph 156 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 156.

157. Mr. Mozilo states that the accounting standards referenced in paragraph 157 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 157.

158. Mr. Mozilo states that the accounting standards referenced in paragraph 158 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 158.

159. Mr. Mozilo states that the accounting standards referenced in paragraph 159 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 159.

160. Mr. Mozilo states that the accounting standards referenced in paragraph 160 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 160.

161. Mr. Mozilo states that the accounting standards referenced in paragraph 161 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 161.

162. Mr. Mozilo states that the accounting standards referenced in paragraph 162 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 162.

163. Mr. Mozilo states that the accounting standards referenced in paragraph 163 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 163.

164. Mr. Mozilo states that the accounting standards referenced in paragraph 164 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 164.

165. Mr. Mozilo states that the accounting standards referenced in paragraph 165 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 165.

166. Mr. Mozilo states that the accounting standards referenced in paragraph 166 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 166.

167. Mr. Mozilo states that the accounting standards referenced in paragraph 167 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 167.

168. Mr. Mozilo states that the accounting standards referenced in paragraph 168 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 168.

169. Mr. Mozilo states that the accounting standards referenced in paragraph 169 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 169.

170. Mr. Mozilo states that the accounting standards referenced in paragraph 170 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 170.

171. Mr. Mozilo states that the accounting standards referenced in paragraph 171 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 171.

172. Mr. Mozilo states that the accounting standards referenced in paragraph 172 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 172.

173. Paragraph 173 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 173.

174. Mr. Mozilo states that the July 24, 2007 Press Release and the statements referenced in paragraph 174 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 174.

175. Paragraph 175 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 175.

176. Paragraph 176 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 176.

177. Paragraph 177 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 177.

178. Paragraph 178 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 178.

179. Paragraph 179 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 179.

180. Paragraph 180 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 180.

181. Mr. Mozilo states that the accounting standards referenced in paragraph 181 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 181.

182. Paragraph 182 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 182.

183. Mr. Mozilo states that Countrywide's MSRs were reported in its periodic SEC filings, which are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the SEC filings or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 183.

184. Paragraph 184 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 184.

185. Mr. Mozilo states that the third quarter 2007 Form 10-Q and the statements referenced in paragraph 185 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 185.

186. Paragraph 186 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 186.

187. Mr. Mozilo admits that Countrywide made certain R&Ws in connection with mortgages sold to the secondary market, and those liabilities were reported in Countrywide's periodic SEC filings. The remainder of paragraph 187 is a statement of Plaintiffs' legal position, to which no response is necessary or

appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 187.

188. Paragraph 188 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 188.

189. Mr. Mozilo states that the accounting standards referenced in paragraph 189 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 189.

190. Mr. Mozilo states that the accounting standards referenced in paragraph 190 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 190.

191. Paragraph 191 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 191.

192. Paragraph 192 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 192.

193. Paragraph 193 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 193.

194. Paragraph 194 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 194.

195. Paragraph 195 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 195.

196. Paragraph 196 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 196.

197. Paragraph 197 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 197.

198. Paragraph 198 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 198.

199. Paragraph 199 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 199.

200. Paragraph 200 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 200.

201. Paragraph 201 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 201.

202. Paragraph 202 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 202.

203. Paragraph 203 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 203.

204. Paragraph 204 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 204.

205. Paragraph 205 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 205.

206. Paragraph 206 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 206.

207. Paragraph 207 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 207.

208. Paragraph 208 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 208.

209. Paragraph 209 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 209.

210. Paragraph 210 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 210.

211. Paragraph 211 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 211.

212. Paragraph 212 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 212.

213. Paragraph 213 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 213.

214. Paragraph 214 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 214.

215. Paragraph 215 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 215.

216. Paragraph 216 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 216.

217. Paragraph 217 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 217.

218. Paragraph 218 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 218.

219. Paragraph 219 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 219.

220. Paragraph 220 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 220.

221. Paragraph 221 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 221.

222. Paragraph 222 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 222.

223. Mr. Mozilo admits that he sold shares of Countrywide common stock during the Relevant Period as reported on Forms 4 filed with the SEC, which are a matter of public record and which speak for themselves. The remainder of paragraph 223 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 223.

224. Paragraph 224 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 224.

225. Paragraph 225 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 225.

226. Mr. Mozilo states that Countrywide's Form 10-Ks and the statements referenced in paragraph 226 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 226.

227. Mr. Mozilo states that the July 16, 2007 Press Release and the statements referenced in paragraph 227 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 227.

228. Mr. Mozilo states that the July 24, 2007 Press Release and the statements referenced in paragraph 228 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 228.

229. Paragraph 229 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 229.

230. Paragraph 230 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 230.

231. Mr. Mozilo states that the August 9, 2007 Form 10-Q and the statements referenced in paragraph 231 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 231.

232. Mr. Mozilo states that the August 13th and August 15th Merrill Lynch reports referenced in paragraph 232 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 232.

233. Mr. Mozilo states that the August 16, 2007 Press Release and the statements referenced in paragraph 233 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 233.

234. Mr. Mozilo states that the November 26, 2007 WSJ article and the statements referenced in paragraph 234 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 234.

235. Mr. Mozilo states that the September 11, 2007 media reports referenced in paragraph 235 are the best evidence of their contents, and denies the allegations

to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 235.

236. Mr. Mozilo states that the October 26, 2007 Press Release and the statements referenced in paragraph 236 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 236.

237. Paragraph 237 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 237.

238. Mr. Mozilo states that the allegations in paragraph 238 refer to Countrywide's stock price, which is a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 238. Mr. Mozilo denies the allegations in the remainder of paragraph 238.

239. Mr. Mozilo states that the allegations in paragraph 239 refer to Countrywide's stock price, which is a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 239. Mr. Mozilo denies the allegations in the remainder of paragraph 239.

240. Mr. Mozilo states that the terms describing the merger between Bank of America and Countrywide were publicly disclosed and speak for themselves. Paragraph 240 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 240.

241. Mr. Mozilo states that the November 4, 2010 Huffington Post article referenced in paragraph 241 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 241.

242. Paragraph 242 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 242.

243. Paragraph 243 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 243.

244. Paragraph 244 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 244.

245. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 245, and on that basis denies the allegations of paragraph 245.

246. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 246, and on that basis denies the allegations of paragraph 246.

247. Mr. Mozilo states that the remarks allegedly made by him during the January 27, 2004 conference call referenced in paragraph 247 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 247.

248. Mr. Mozilo states that the 2003 Form 10-K referenced in paragraph 248 speaks for itself and is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements

made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 248.

249. Mr. Mozilo states that the 2003 Form 10-K referenced in paragraph 249 speaks for itself and is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 249.

250. Mr. Mozilo states that the 2003 Form 10-K referenced in paragraph 250 speaks for itself and is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 250.

251. Mr. Mozilo states that the 2003 Form 10-K referenced in paragraph 251 speaks for itself and is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 251.

252. Mr. Mozilo states that the 2003 Form 10-K referenced in paragraph 252 speaks for itself and is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 252.

253. Paragraph 253 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 253.

254. Mr. Mozilo states that the April 21, 2004 Press Release and the statements referenced in paragraph 254 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with

the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 254.

255. Mr. Mozilo states that the remarks allegedly made by him during the April 21, 2004 earnings call referenced in paragraph 255 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 255.

256. Mr. Mozilo states that the remarks allegedly made by him during the April 21, 2004 earnings call referenced in paragraph 256 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 256.

257. Paragraph 257 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 257.

258. Mr. Mozilo states that the May 7, 2004 10-Q and the statements referenced in paragraph 258 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 258.

259. Mr. Mozilo states that the May 7, 2004 10-Q and the statements referenced in paragraph 259 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 259.

260. Mr. Mozilo states that the May 7, 2004 10-Q and the statements referenced in paragraph 260 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual

statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 260.

261. Paragraph 261 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 261.

262. Mr. Mozilo states that the July 22, 2004 Press Release and the statements referenced in paragraph 262 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 262.

263. Mr. Mozilo states that the remarks allegedly made by him during the July 22, 2004 earnings call referenced in paragraph 263 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 263.

264. Paragraph 264 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 264.

265. Mr. Mozilo states that the August 6, 2004 Form 10-Q and the statements referenced in paragraph 265 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 265.

266. Mr. Mozilo states that the August 6, 2004 Form 10-Q and the statements referenced in paragraph 266 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 266.

267. Mr. Mozilo states that the August 6, 2004 Form 10-Q and the statements referenced in paragraph 267 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 267.

268. Paragraph 268 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 268.

269. Mr. Mozilo states that the remarks allegedly made by him during the September 14, 2004 earnings call referenced in paragraph 269 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 269.

270. Mr. Mozilo states that the October 20, 2004 Press Release and the statements referenced in paragraph 270 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 270.

271. Mr. Mozilo states that the remarks allegedly made during the October 20, 2004 earnings call referenced in paragraph 271 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 271.

272. Mr. Mozilo states that the remarks allegedly made during the October 20, 2004 earnings call referenced in paragraph 272 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 272.

273. Paragraph 273 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 273.

274. Mr. Mozilo states that the November 8, 2004 Form 10-Q and the statements referenced in paragraph 274 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 274.

275. Mr. Mozilo states that the November 8, 2004 Form 10-Q and the statements referenced in paragraph 275 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 275.

276. Mr. Mozilo states that the November 8, 2004 Form 10-Q and the statements referenced in paragraph 276 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 276.

277. Paragraph 277 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 277.

278. Mr. Mozilo states that the February 2, 2005 Press Release and the statements referenced in paragraph 278 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 278.

279. Mr. Mozilo states that the remarks allegedly made by him during the February 2, 2005 conference call referenced in paragraph 279 speak for themselves,

and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 279.

280. Paragraph 280 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 280.

281. Mr. Mozilo states that the 2004 Form 10-K and the statements referenced in paragraph 281 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 281.

282. Mr. Mozilo states that the 2004 Form 10-K and the statements referenced in paragraph 282 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 282.

283. Mr. Mozilo states that the 2004 Form 10-K and the statements referenced in paragraph 283 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 283.

284. Mr. Mozilo states that the 2004 Form 10-K and the statements referenced in paragraph 284 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 284.

285. Paragraph 285 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 285.

286. Mr. Mozilo states that the March 11, 2005 audit report and the statements referenced in paragraph 286 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 286.

287. Mr. Mozilo states that the 2004 Form 10-K and the statements referenced in paragraph 287 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 287.

288. Paragraph 288 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 288.

289. Mr. Mozilo states that the remarks allegedly made by him during the March 15, 2005 investor conference referenced in paragraph 289 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 289.

290. Mr. Mozilo states that the remarks allegedly made by him during the March 15, 2005 investor conference referenced in paragraph 290 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 290.

291. Mr. Mozilo states that the remarks allegedly made by him during the March 15, 2005 investor conference referenced in paragraph 291 speak for

themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 291.

292. Paragraph 292 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 292.

293. Mr. Mozilo states that the April 26, 2005 Press Release and the statements referenced in paragraph 293 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 293.

294. Mr. Mozilo states that the remarks allegedly made by him during the April 26, 2005 conference call referenced in paragraph 294 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 294.

295. Mr. Mozilo states that the remarks allegedly made by him during the April 26, 2005 conference call referenced in paragraph 295 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 295.

296. Paragraph 296 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 296.

297. Mr. Mozilo states that the email referenced in paragraph 297 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 297.

298. Paragraph 298 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 298.

299. Mr. Mozilo states that the May 9, 2005 Form 10-Q and the statements referenced in paragraph 299 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 299.

300. Mr. Mozilo states that the May 9, 2005 Form 10-Q and the statements referenced in paragraph 300 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 300.

301. Mr. Mozilo states that the May 9, 2005 Form 10-Q and the statements referenced in paragraph 301 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 301.

302. Paragraph 302 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 302.

303. Mr. Mozilo states that the remarks allegedly made during the May 24, 2005 analyst meeting referenced in paragraph 303 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 303.

304. Mr. Mozilo states that the remarks allegedly made during the May 24, 2005 analyst meeting referenced in paragraph 304 speak for themselves, and denies

the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 304.

305. Mr. Mozilo states that the remarks allegedly made during the May 24, 2005 analyst meeting referenced in paragraph 305 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 305.

306. Paragraph 306 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 306.

307. Mr. Mozilo states that the remarks allegedly made by him during the June 2, 2005 investor conference referenced in paragraph 307 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 307.

308. Mr. Mozilo states that the remarks allegedly made by him during the June 2, 2005 investor conference referenced in paragraph 308 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 308.

309. Paragraph 309 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 309.

310. Mr. Mozilo states that the July 26, 2005 Press Release and the statements referenced in paragraph 310 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with

the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 310.

311. Mr. Mozilo states that the remarks allegedly made during the July 26, 2005 conference call referenced in paragraph 311 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 311.

312. Paragraph 312 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 312.

313. Mr. Mozilo states that the remarks allegedly made by him during the July 26, 2005 conference call referenced in paragraph 313 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 313.

314. Mr. Mozilo states that the remarks allegedly made by him during the July 26, 2005 conference call referenced in paragraph 314 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 314.

315. Mr. Mozilo states that the remarks allegedly made by him during the July 26, 2005 conference call referenced in paragraph 315 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 315.

316. Paragraph 316 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 316.

317. Mr. Mozilo states that the August 8, 2005 10-Q and the statements referenced in paragraph 317 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 317.

318. Mr. Mozilo states that the August 8, 2005 10-Q and the statements referenced in paragraph 318 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 318.

319. Mr. Mozilo states that the August 8, 2005 10-Q and the statements referenced in paragraph 319 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 319.

320. Paragraph 320 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 320.

321. Mr. Mozilo states that the remarks allegedly made by him during the September 13, 2005 investor conference call referenced in paragraph 321 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 321.

322. Mr. Mozilo states that the remarks allegedly made by him during the September 13, 2005 investor conference call referenced in paragraph 322 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 322.

323. Mr. Mozilo states that the remarks allegedly made by him during the September 13, 2005 investor conference call referenced in paragraph 323 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 323.

324. Paragraph 324 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 324.

325. Mr. Mozilo states that the October 27, 2005 Press Release and the statements referenced in paragraph 325 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 325.

326. Mr. Mozilo states that the October 27, 2005 Press Release and the statements referenced in paragraph 326 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 326.

327. Mr. Mozilo states that the October 27, 2005 Press Release and the statements referenced in paragraph 327 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 327.

328. Mr. Mozilo states that the remarks allegedly made by him during the October 27, 2005 investor conference call referenced in paragraph 328 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 328.

329. Paragraph 329 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 329.

330. Mr. Mozilo states that the November 8, 2005 Form 10-Q and the statements referenced in paragraph 330 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 330.

331. Mr. Mozilo states that the November 8, 2005 Form 10-Q and the statements referenced in paragraph 331 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 331.

332. Mr. Mozilo states that the November 8, 2005 Form 10-Q and the statements referenced in paragraph 332 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 332.

333. Mr. Mozilo states that the November 8, 2005 Form 10-Q and the statements referenced in paragraph 333 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 333.

334. Paragraph 334 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 334.

335. Mr. Mozilo states that the January 31, 2006 press release and the statements referenced in paragraph 335 are the best evidence of their contents, and

denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 335.

336. Mr. Mozilo states that the January 31, 2006 press release and the statements referenced in paragraph 336 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 336.

337. Mr. Mozilo states that the remarks allegedly made by him during the January 31, 2006 investor conference call referenced in paragraph 337 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 337.

338. Paragraph 338 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 338.

339. Mr. Mozilo states that the 2005 Form 10-K and the statements referenced in paragraph 339 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 339.

340. Mr. Mozilo states that the 2005 Form 10-K and the statements referenced in paragraph 340 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 340.

341. Mr. Mozilo states that the 2005 Form 10-K and the statements referenced in paragraph 341 are the best evidence of their contents, and denies the

allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 341.

342. Mr. Mozilo states that the 2005 Form 10-K and the statements referenced in paragraph 342 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 342.

343. Mr. Mozilo states that the 2005 Form 10-K and the statements referenced in paragraph 343 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 343.

344. Mr. Mozilo states that the 2005 Form 10-K and the statements referenced in paragraph 344 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 344.

345. Mr. Mozilo states that the 2005 Form 10-K and the statements referenced in paragraph 345 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 345.

346. Mr. Mozilo states that the February 27, 2006 KPMG audit report and the statements referenced in paragraph 346 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 346.

347. Mr. Mozilo states that the 2005 Form 10-K and the statements referenced in paragraph 347 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 347.

348. Paragraph 348 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 348.

349. Mr. Mozilo states that the remarks allegedly made during the March 8, 2006 investor conference call referenced in paragraph 349 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 349.

350. Paragraph 350 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 350.

351. Mr. Mozilo states that the remarks allegedly made during the March 21, 2006 investor conference referenced in paragraph 351 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 351.

352. Paragraph 352 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 352.

353. Mr. Mozilo states that the remarks allegedly made during the March 30, 2006 investor conference call referenced in paragraph 353 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks

made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 353.

354. Mr. Mozilo states that the remarks allegedly made during the March 30, 2006 investor conference call referenced in paragraph 354 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 354.

355. Mr. Mozilo states that the remarks allegedly made by him during the March 30, 2006 investor conference call referenced in paragraph 355 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 355.

356. Paragraph 356 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 356.

357. Mr. Mozilo states that the April 27, 2006 Press Release and the statements referenced in paragraph 357 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 357.

358. Mr. Mozilo states that the April 27, 2006 Press Release and the statements referenced in paragraph 358 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 358.

359. Mr. Mozilo states that the remarks allegedly made by him during the April 27, 2006 conference call referenced in paragraph 359 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks

he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 359.

360. Paragraph 360 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 360.

361. Mr. Mozilo states that the May 10, 2006 Form 10-Q and the statements referenced in paragraph 361 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 361.

362. Mr. Mozilo states that the May 10, 2006 Form 10-Q and the statements referenced in paragraph 362 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 362.

363. Mr. Mozilo states that the May 10, 2006 Form 10-Q and the statements referenced in paragraph 363 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 363.

364. Mr. Mozilo states that the May 10, 2006 Form 10-Q and the statements referenced in paragraph 364 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 364.

365. Paragraph 365 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 365.

366. Mr. Mozilo states that the remarks allegedly made by him during the May 31, 2006 investor conference referenced in paragraph 366 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 366.

367. Mr. Mozilo states that the remarks allegedly made by him during the May 31, 2006 investor conference referenced in paragraph 367 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 367.

368. Paragraph 368 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 368.

369. Mr. Mozilo states that the July 25, 2006 Press Release and the statements referenced in paragraph 369 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 369.

370. Mr. Mozilo states that the remarks allegedly made by him during the July 25, 2006 conference call referenced in paragraph 370 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 370.

371. Paragraph 371 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 371.

372. Mr. Mozilo states that the August 7, 2006 Form 10-Q and the statements referenced in paragraph 372 are the best evidence of their contents, and

denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 372.

373. Mr. Mozilo states that the August 7, 2006 Form 10-Q and the statements referenced in paragraph 373 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 373.

374. Mr. Mozilo states that the August 7, 2006 Form 10-Q and the statements referenced in paragraph 374 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 374.

375. Paragraph 375 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 375.

376. Mr. Mozilo states that the remarks allegedly made during the September 12, 2006 investor conference referenced in paragraph 376 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 376.

377. Paragraph 377 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 377.

378. Mr. Mozilo states that the remarks allegedly made by him during the September 13, 2006 investor conference referenced in paragraph 378 speak for themselves, and denies the allegations to the extent they are inconsistent with the

actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 378.

379. Mr. Mozilo states that the remarks allegedly made during the September 13, 2006 investor conference referenced in paragraph 379 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 379.

380. Mr. Mozilo states that the remarks allegedly made during the September 13, 2006 investor conference referenced in paragraph 380 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 380.

381. Mr. Mozilo states that the remarks allegedly made by Mr. Furash during the September 13, 2006 investor forum referenced in paragraph 381 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 381.

382. Mr. Mozilo states that the remarks allegedly made by him during the September 13, 2006 investor forum referenced in paragraph 382 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 382.

383. Paragraph 383 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 383.

384. Mr. Mozilo states that the October 24, 2006 Press Release and the statements referenced in paragraph 384 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with

the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 384.

385. Mr. Mozilo states that the October 24, 2006 Press Release and the statements referenced in paragraph 385 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 385.

386. Mr. Mozilo states that the October 24, 2006 Press Release and the statements referenced in paragraph 386 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 386.

387. Mr. Mozilo states that the remarks allegedly made by him during the October 24, 2006 conference call referenced in paragraph 387 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 387.

388. Paragraph 388 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 388.

389. Mr. Mozilo states that the November 7, 2006 Form 10-Q and the statements referenced in paragraph 389 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 389.

390. Mr. Mozilo states that the November 7, 2006 Form 10-Q and the statements referenced in paragraph 390 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with

the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 390.

391. Mr. Mozilo states that the November 7, 2006 Form 10-Q and the statements referenced in paragraph 391 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 391.

392. Mr. Mozilo states that the November 7, 2006 Form 10-Q and the statements referenced in paragraph 392 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 392.

393. Paragraph 393 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 393.

394. Mr. Mozilo states that the January 30, 2007 Press Release and the statements referenced in paragraph 394 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 394.

395. Mr. Mozilo states that the January 30, 2007 Press Release and the statements referenced in paragraph 395 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 395.

396. Mr. Mozilo states that the January 30, 2007 Press Release and the statements referenced in paragraph 396 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with

the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 396.

397. Mr. Mozilo states that the remarks allegedly made by him during the January 30, 2007 conference call referenced in paragraph 397 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 397.

398. Mr. Mozilo states that the remarks allegedly made by him during the January 30, 2007 conference call referenced in paragraph 398 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 398.

399. Paragraph 399 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 399.

400. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 400 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 400.

401. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 401 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 401.

402. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 402 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual

statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 402.

403. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 403 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 403.

404. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 404 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 404.

405. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 405 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 405.

406. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 406 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 406.

407. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 407 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 407.

408. Mr. Mozilo states that the February 28, 2007 KPMG audit report and the statements referenced in paragraph 408 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 408.

409. Mr. Mozilo states that the 2005 Form 10-K and the statements referenced in paragraph 409 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 409.

410. Paragraph 410 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 410.

411. Mr. Mozilo states that the remarks allegedly made by Mr. Sieracki during the March 6, 2007 investor conference referenced in paragraph 411 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 411.

412. Paragraph 412 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 412.

413. Mr. Mozilo states that the remarks allegedly made by Mr. Sieracki during the March 7, 2007 investor conference referenced in paragraph 413 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 413.

414. Paragraph 414 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 414.

415. Mr. Mozilo states that the remarks allegedly made by him during March 13, 2007 CNBC interview referenced in paragraph 415 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 415.

416. Paragraph 416 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 416.

417. Mr. Mozilo states that the April 26, 2007 Press Release and the statements referenced in paragraph 417 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 417.

418. Mr. Mozilo states that the April 26, 2007 Press Release and the statements referenced in paragraph 418 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 418.

419. Mr. Mozilo states that the remarks allegedly made by him during the April 26, 2007 conference call referenced in paragraph 419 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 419.

420. Mr. Mozilo states that the remarks allegedly made during the April 26, 2007 conference call referenced in paragraph 420 speak for themselves, and denies

the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 420.

421. Paragraph 421 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 421.

422. Mr. Mozilo states that the remarks allegedly made by Ms. Sandefur during the April 26, 2007 investor conference referenced in paragraph 422 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 422.

423. Mr. Mozilo states that the remarks allegedly made by Ms. Sandefur during the April 26, 2007 investor conference referenced in paragraph 423 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 423.

424. Mr. Mozilo states that the remarks allegedly made by Ms. Sandefur during the April 26, 2007 investor conference referenced in paragraph 424 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 424.

425. Mr. Mozilo states that the remarks allegedly made by Ms. Sandefur during the April 26, 2007 investor conference referenced in paragraph 425 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 425.

426. Paragraph 426 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 426.

427. Mr. Mozilo states that the May 9, 2007 Form 10-Q and the statements referenced in paragraph 427 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 427.

428. Mr. Mozilo states that the May 9, 2007 Form 10-Q and the statements referenced in paragraph 428 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 428.

429. Mr. Mozilo states that the May 9, 2007 Form 10-Q and the statements referenced in paragraph 429 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 429.

430. Mr. Mozilo states that the May 9, 2007 Form 10-Q and the statements referenced in paragraph 430 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 430.

431. Mr. Mozilo states that the May 9, 2007 Form 10-Q and the statements referenced in paragraph 431 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 431.

432. Paragraph 432 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 432.

433. Paragraph 433 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 433.

434. Paragraph 434 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 434.

435. Paragraph 435 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 435.

436. Mr. Mozilo states that the July 16, 2007 Press Release and the statements referenced in paragraph 436 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 436.

437. Mr. Mozilo states that the S&P report referenced in paragraph 437 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 437.

438. Mr. Mozilo states that the analyst report referenced in paragraph 438 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 438.

439. Mr. Mozilo states that the allegations in paragraph 439 refer to Countrywide's closing stock prices, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo

states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 439.

440. Mr. Mozilo states that the July 24, 2007 Press Release and Form 8-K referenced in paragraph 440 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 440.

441. Mr. Mozilo states that the July 24, 2007 Press Release and Form 8-K referenced in paragraph 441 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 441.

442. Mr. Mozilo states that the remarks allegedly made during the July 24, 2007 conference call referenced in paragraph 442 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 442.

443. Mr. Mozilo states that the remarks allegedly made during the July 24, 2007 conference call and the Stifel Nicolaus report referenced in paragraph 443 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or with the documents or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 443.

444. Mr. Mozilo states that the remarks allegedly made during the July 24, 2007 conference call referenced in paragraph 444 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 444.

445. Mr. Mozilo states that testimony of the Stifel Nicolaus testimony referenced in paragraph 445 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 445.

446. Mr. Mozilo states that the allegations in paragraph 446 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 446.

447. Paragraph 447 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 447.

448. Paragraph 448 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 448.

449. Paragraph 449 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 449.

450. Paragraph 450 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 450.

451. Mr. Mozilo states that the remarks allegedly made during the July 24, 2007 conference call referenced in paragraph 451 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 451.

452. Mr. Mozilo states that the remarks allegedly made by him during the July 24, 2007 conference call referenced in paragraph 452 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 452.

453. Mr. Mozilo states that the remarks allegedly made by Mr. Sieracki during the July 24, 2007 conference call referenced in paragraph 453 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 453.

454. Paragraph 454 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 454.

455. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 455, and on that basis denies the allegations of paragraph 455.

456. Mr. Mozilo states that the August 2, 2007 Press Release and the statements referenced in paragraph 456 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 456.

457. Paragraph 457 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 457.

458. Paragraph 458 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 458.

459. Paragraph 459 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 459.

460. Mr. Mozilo states that the allegations in paragraph 460 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 460.

461. Mr. Mozilo states that the August 9, 2007 Form 10-Q and the statements referenced in paragraph 461 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 461.

462. Mr. Mozilo states that the August 13, 2007 Merrill Lynch report and the statements referenced in paragraph 462 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 462.

463. Mr. Mozilo states that the allegations in paragraph 463 refer to Countrywide's closing stock prices, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 463.

464. Paragraph 464 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 464.

465. Paragraph 465 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 465.

466. Mr. Mozilo states that the August 9, 2007 Form 10-Q and the statements referenced in paragraph 466 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 466.

467. Mr. Mozilo states that the August 9, 2007 Form 10-Q and the statements referenced in paragraph 467 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 467.

468. Paragraph 468 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 468.

469. Mr. Mozilo states that the August 14, 2007 Press Release and the statements referenced in paragraph 469 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 469.

470. Mr. Mozilo states that the August 14, 2007 Los Angeles Times article and the statements referenced in paragraph 470 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 470.

471. Mr. Mozilo states that the allegations in paragraph 471 refer to Countrywide's closing stock prices and trading volume, which are a matter of public

record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 471.

472. Mr. Mozilo states that the August 15, 2007 Merrill Lynch report and WSJ article referenced in paragraph 472 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 472.

473. Mr. Mozilo states that the allegations in paragraph 473 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 473.

474. Paragraph 474 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 474.

475. Mr. Mozilo states that the August 16, 2007 announcement and rating agency reports referenced in paragraph 475 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 475.

476. Paragraph 476 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 476.

477. Mr. Mozilo states that the allegations in paragraph 477 refer to Countrywide's closing stock prices and trading volume, which are a matter of public

record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 477.

478. Paragraph 478 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 478.

479. Mr. Mozilo states that the August 22, 2007 announcement and the statements referenced in paragraph 479 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 479.

480. Mr. Mozilo states that the remarks allegedly made by him during the August 23, 2007 CNBC interview referenced in paragraph 480 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 480.

481. Mr. Mozilo states that the remarks allegedly made by him during the August 23, 2007 Fox News interview referenced in paragraph 481 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 481.

482. Mr. Mozilo states that the remarks allegedly made by him during the August 23, 2007 Fox News interview referenced in paragraph 482 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 482.

483. Paragraph 483 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 483.

484. Mr. Mozilo states that the August 24, 2007 Fitch report and the statements referenced in paragraph 484 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 484.

485. Paragraph 485 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 485.

486. Mr. Mozilo states that the allegations in paragraph 486 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 486.

487. Mr. Mozilo states that the September 7, 2007 announcement and the statements referenced in paragraph 487 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 487.

488. Mr. Mozilo states that the Merrill Lynch and UBS reports referenced in paragraph 488 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 488.

489. Mr. Mozilo states that the allegations in paragraph 489 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 489.

490. Paragraph 490 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 490.

491. Mr. Mozilo states that the September 11, 2007 New York Post article and the statements referenced in paragraph 491 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 491.

492. Mr. Mozilo states that the allegations in paragraph 492 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 492.

493. Mr. Mozilo states that the October 11, 2007 New York Times article and the statements referenced in paragraph 493 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 493.

494. Mr. Mozilo states that the allegations in paragraph 494 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required,

Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 494.

495. The first sentence of paragraph 495 should be stricken, as it refers to matters not admissible for any purpose and is a statement to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of the first sentence of paragraph 495. Regarding the second sentence, Mr. Mozilo states that the allegations in paragraph 495 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of the second sentence of paragraph 495.

496. Mr. Mozilo states that the October 24, 2007 Wall Street Journal article referenced in paragraph 496 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 496.

497. Mr. Mozilo states that the October 24, 2007 Wall Street Journal article referenced in paragraph 497 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 497.

498. Mr. Mozilo states that the October 24, 2007 Wall Street Journal article referenced in paragraph 498 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 498.

499. Mr. Mozilo states that the October 24, 2007 Wall Street Journal article referenced in paragraph 499 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 499.

500. Mr. Mozilo states that the allegations in paragraph 500 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 500.

501. Mr. Mozilo states that the October 26, 2007 Press Release and Form 8-K referenced in paragraph 501 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 501.

502. Mr. Mozilo states that the October 26, 2007 Press Release and Form 8-K referenced in paragraph 502 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 502.

503. Mr. Mozilo states that the November 9, 2007 Form 10-Q referenced in paragraph 503 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 503.

504. Mr. Mozilo states that the November 9, 2007 Form 10-Q referenced in paragraph 504 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or

extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 504.

505. Paragraph 505 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 505.

506. Paragraph 506 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 506.

507. Mr. Mozilo states that the allegations in paragraph 507 refer to Countrywide's stock price, which is a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 507.

508. Paragraph 508 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 508.

509. Mr. Mozilo states that the allegations in paragraph 509 refer to Countrywide's closing stock prices, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 509.

510. Mr. Mozilo states that the November 26, 2007 WSJ article and the statements referenced in paragraph 510 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 510.

511. Mr. Mozilo states that the November 26, 2007 letter referenced in paragraph 511 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 511.

512. Mr. Mozilo states that the November 26, 2007 press release referenced in paragraph 512 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 512.

513. Mr. Mozilo states that the November 26, 2007 press release referenced in paragraph 513 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 513.

514. Paragraph 514 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 514.

515. Mr. Mozilo states that the allegations in paragraph 515 refer to Countrywide's stock prices, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 515.

516. Mr. Mozilo states that the terms describing the 2008 merger between Bank of America and Countrywide were publicly disclosed and speak for themselves.

517. Mr. Mozilo states that the January 29, 2008 earnings release and the statements referenced in paragraph 517 are the best evidence of their contents, and

denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 517.

518. Paragraph 518 should be stricken, as it refers to matters not admissible for any purpose and is a statement to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 518.

519. Paragraph 519 should be stricken, as it refers to matters not admissible for any purpose and is a statement to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 519.

520. Paragraph 520 should be stricken, as it refers to matters not admissible for any purpose and is a statement to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 520.

521. Paragraph 521 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 521.

522. Paragraph 522 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 522.

523. Paragraph 523 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 523.

524. Paragraph 524 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 524.

525. Paragraph 525 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 525.

526. Paragraph 526 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 526.

527. Mr. Mozilo repeats and incorporates by reference each of his responses to the foregoing paragraphs as if fully set forth herein.

528. Paragraph 528 calls for no response from Mr. Mozilo.

529. Paragraph 529 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 529.

530. Paragraph 530 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 530.

531. Paragraph 531 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 531.

532. Paragraph 532 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 532.

533. Paragraph 533 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 533.

534. Paragraph 534 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 534.

535. Paragraph 535 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 535.

536. Paragraph 536 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 536.

537. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 537, and on that basis denies the allegations of paragraph 537.

538. Paragraph 538 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 538.

539. Paragraph 539 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 539.

540. Paragraph 540 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 540.

541. Paragraph 541 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 541.

542. Paragraph 542 is a legal conclusion, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations set forth in paragraph 542.

543. Mr. Mozilo repeats and incorporates by reference each of his responses to the foregoing paragraphs as if fully set forth herein.

544. Paragraph 544 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 544.

545. Paragraph 545 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 545.

546. Paragraph 546 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 546.

547. Paragraph 547 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 547.

548. Paragraph 548 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 548.

549. Paragraph 549 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 549.

550. Paragraph 550 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 550.

551. Paragraph 551 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 551.

552. Paragraph 552 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 552.

553. Paragraph 553 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 553.

554. Paragraph 554 is a legal conclusion, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations set forth in paragraph 554.

555. Mr. Mozilo repeats and incorporates by reference each of his responses to the foregoing paragraphs as if fully set forth herein.

556. Paragraph 556 calls for no response from Mr. Mozilo.

557. Paragraph 557 calls for no response from Mr. Mozilo.

558. Paragraph 558 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 558.

559. Paragraph 559 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 559.

560. Paragraph 560 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 560.

561. Paragraph 561 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 561.

562. Paragraph 562 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 562.

563. Paragraph 563 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 563.

564. Mr. Mozilo repeats and incorporates by reference each of his responses to the foregoing paragraphs as if fully set forth herein.

565. Paragraph 565 calls for no response from Mr. Mozilo.

566. Paragraph 566 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 566.

567. Paragraph 567 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 567.

568. Paragraph 568 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 568.

569. Paragraph 569 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 569.

570. Paragraph 570 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 570.

571. Paragraph 571 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 571.

572. Mr. Mozilo repeats and incorporates by reference each of his responses to the foregoing paragraphs as if fully set forth herein.

573. Paragraph 573 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 573.

574. Paragraph 574 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 574.

575. Paragraph 575 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 575.

576. Paragraph 576 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 576.

577. Paragraph 577 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 577.

578. Paragraph 578 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 578.

579. Paragraph 579 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 579.

580. Paragraph 580 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 580.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Mr. Mozilo, and without admitting that Plaintiffs have suffered any loss, damage or injury, Mr. Mozilo alleges the following affirmative defenses to the Complaint. By designating the following as affirmative defenses, Mr. Mozilo does not in any way waive or limit any defenses which are or may be raised by his denials, allegations, and averments set forth herein. Certain affirmative defenses are asserted for

completeness (including, but not limited to, the Ninth and Tenth affirmative defenses below) and refer to facts and proof which also negate required elements of Plaintiffs' claims, and by raising such defenses Mr. Mozilo does not admit that Plaintiffs do not have the burden of proof for any or all facts underlying any of those defenses or suggest that Plaintiffs are not required to carry the burden as to such elements.

These defenses are pled in the alternative, and are raised to preserve the rights of Mr. Mozilo to assert such defenses, and are without prejudice to Mr. Mozilo's ability to raise other and further defenses. Mr. Mozilo expressly reserves all rights to re-evaluate his defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and during pretrial proceedings in this action.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and each and every purported cause of action in it, is barred, in whole or in part, because it fails to state facts sufficient to state a cause of action against Mr. Mozilo.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, by the applicable statutes of limitation or statutes of repose.

**THIRD AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because Plaintiffs lack standing to assert the claims alleged in this action.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action in it, is barred, in whole or in part, because Mr. Mozilo exercised due care and justifiably relied on information and advice provided to him by others. For example, Mr. Mozilo relied in good faith upon: (1) the professional judgments and advice of in-house and outside professionals and others with respect to the contents of Countrywide's financial

statements, the sufficiency of disclosures, and adequacy of internal controls; (2) the sub-certifications and certifications provided to him by Countrywide officers and employees concerning the foregoing subjects, as well as regarding Countrywide's quality control, identification of risks, and adherence to standards; and (3) Countrywide's procedures and processes for, among other things, underwriting, preparation of disclosures, creation and approval of loan products, and quality control.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, is barred, in whole or in part, because at all times mentioned in the Complaint and with respect to all matters contained therein, Mr. Mozilo acted in good faith and exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of any alleged misconduct, untruth, omission, or any other action alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action set forth therein, including Plaintiffs' allegations regarding Mr. Mozilo's stock trading activity, is barred, in whole or in part, by SEC Rule 10b5-l.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, is barred, in whole or in part, because the statements complained of were immune from liability under the safe harbor provisions of the PSLRA and because some or all of the alleged public disclosures bespoke caution or were forward-looking statements.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action in it, is barred, in whole or in part, because Plaintiffs' damages, if any, were proximately caused by Plaintiffs' failure to mitigate, minimize, or avoid damages, and because Plaintiffs' damages, if

any, are speculative and impossible to ascertain and allocate and any recovery by Plaintiffs must be diminished or barred by reason thereof.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, because Mr. Mozilo did not directly or indirectly cause the alleged violations complained of in the Complaint and because of superseding and intervening causes of any alleged damages. If Plaintiffs suffered cognizable damages (which damages are denied), those damages resulted from causes other than any alleged act or omission by Mr. Mozilo, including macroeconomic and mortgage industry events that constrained Countrywide's access to the credit and capital markets and affected its liquidity and/or are the result of market conditions or other factors.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, because it fails to allege any actionable misstatement or misrepresentation by Mr. Mozilo and because the statements alleged in the Complaint, if any were in fact made, did not contain untrue material facts and all statements alleged to have been made (if any) had a reasonable basis in fact and were immaterial as a matter of law. At all relevant times, Mr. Mozilo acted without intent to defraud and without recklessness, and Mr. Mozilo believed, at the time the statements alleged in the Complaint were made (if at all), that those statements were correct and not misleadingly incomplete. The claims are further barred because Mr. Mozilo had no duty to disclose the allegedly omitted information and because any information that Mr. Mozilo allegedly had a duty to disclose but supposedly did not disclose was in fact disclosed.

**ELEVENTH AFFIRMATIVE DEFENSE**

Mr. Mozilo is entitled to a right of contribution from the other defendants or any other persons whose acts or omissions contributed to the occurrence of the

alleged injury, damage, and/or loss, if any, should Plaintiffs receive judgment against Mr. Mozilo.

**ADDITIONAL DEFENSES**

Mr. Mozilo hereby incorporates by reference any defense asserted by another defendant not set forth above that is applicable to Mr. Mozilo's defense of Plaintiffs' claims in this action.

**WHEREFORE**, Defendant Mr. Mozilo prays for judgment as follows:

1. That this Court enter judgment in favor of Mr. Mozilo and against Plaintiffs on the Complaint, and that the Complaint be dismissed with prejudice;

2. That Plaintiffs take nothing by their Complaint;

3. That the Court award Mr. Mozilo his costs of suit incurred herein, including attorneys' fees; and

4. That the Court order such other and further relief for Mr. Mozilo as the Court may deem just and proper.

Dated: October 14, 2011

IRELL & MANELLA LLP
David Siegel
Daniel P. Lefler
Adam Fletcher
Alexander F. Porter

By: /s/ David Siegel
David Siegel
Attorneys for Defendant
Angelo Mozilo

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Mozilo demands a trial by jury of all issues raised by this Complaint which are triable by jury.

Dated: October 14, 2011

IRELL & MANELLA LLP
David Siegel
Daniel P. Lefler
Adam Fletcher
Alexander F. Porter

By: /s/ David Siegel
David Siegel
Attorneys for Defendant
Angelo Mozilo