**DLA PIPER LLP (US)**
SHIRLI FABBRI WEISS (Bar No. 079225)
shirli.weiss@dlapiper.com
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: (619) 699-2700 | Fax: (619) 699-2701

NICOLAS MORGAN (Bar No. 166441)
nicolas.morgan@dlapiper.com
2000 Avenue of the Stars, Suite 400, North Tower
Los Angeles, CA 90067-6022
Tel: (310) 595-3000 | Fax: (310) 595-3300

DAVID PRIEBE (Bar No. 148679)
david.priebe@dlapiper.com
RAJIV DHARNIDHARKA (Bar No. 234756)
rajiv.dharnidharka@dlapiper.com
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000 | Fax: (650) 833-2001

Attorneys for Defendant ERIC P. SIERACKI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHILDREN'S HOSPITAL & MEDICAL CENTER FOUNDATION OF OMAHA *et al.*,<br>*Plaintiffs*,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION *et al.*,<br><br>*Defendants*. | No. CV 11-02056 MRP<br><br>**ANSWER OF ERIC P. SIERACKI**<br><br>**JURY TRIAL DEMANDED** |

Defendant Eric Sieracki ("Sieracki") hereby answers the Complaint as follows. Paragraph numbers in this document correspond to the paragraph numbers of the Complaint and respond to the allegations of the corresponding Complaint paragraph, up to the Affirmative Defenses section of this document. In the Complaint, Plaintiffs define the "Relevant Period" as March 12, 2004 through the end of November 2007. Solely for the purposes of this answer, Sieracki references that definition of "Relevant Period." For each paragraph, if an allegation is not explicitly admitted, it is denied.

1. Sieracki denies the allegations of Paragraph 1.

2. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph regarding Plaintiffs' stock purchases, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 2.

3. Sieracki denies the allegations of Paragraph 3.

4. Sieracki admits that Angelo Mozilo was a founder of Countrywide. Sieracki admits the allegations of Paragraph 4 concerning what statements were made by Mr. Mozilo only to the extent they precisely repeat complete and unaltered statements made. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made by Mr. Mozilo. Sieracki denies the remaining allegations of Paragraph 4.

5. Sieracki denies the allegations of Paragraph 5.

6. Sieracki admits that Countrywide disclosed its origination of Pay Option ARM loans and HELOCs in several monthly operations reports attached as Exhibits to 8-Ks filed on EDGAR. Sieracki denies the remaining allegations of Paragraph 6.

7. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of

Paragraph 7.

8. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 8.

9. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of of Paragraph 9 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 9.

10. Sieracki admits that during the purported Relevant Period, Countrywide filed reports with the SEC that set forth information regarding the loan portfolio of Countrywide Bank. Sieracki admits the allegations of Paragraph 10 concerning what statements were made in the referenced Countrywide SEC filings only to the extent they precisely repeat complete and unaltered statements made in the filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 10.

11. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 11.

12. Sieracki denies the allegations of Paragraph 12.

13. Sieracki admits that during the purported Relevant Period, Countrywide filed reports with the SEC that set forth information regarding the Company's loan underwriting. Sieracki admits the allegations of Paragraph 13 concerning what statements were made in the referenced Countrywide SEC filings only to the extent they precisely repeat complete and unaltered statements made in the filings. Sieracki denies any allegation or characterization inconsistent with the

actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 13.

14. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 14.

15. Sieracki denies the allegations of Paragraph 15.

16. Sieracki denies the allegations of Paragraph 16.

17. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 regarding the e-mail attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 17.

18. Sieracki denies the allegations of Paragraph 18.

19. Sieracki denies the allegations of Paragraph 19.

20. Sieracki denies the allegations of Paragraph 20.

21. Sieracki admits that on July 16, 2007, Countrywide filed a report on 8-K with the SEC that attached the monthly operations report for June 2007. Sieracki admits the allegations of Paragraph 21 concerning what statements were made in the operations report only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 regarding Standard & Poor's, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 21.

22. Sieracki denies the allegations of Paragraph 22.

23. Sieracki denies the allegations of Paragraph 23.

24. Sieracki denies the allegations of Paragraph 24.

25. Sieracki denies the allegations of Paragraph 25.

26. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 26.

27. Sieracki denies the allegations of Paragraph 27.

28. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $34.80 on July 16, 2007; and closed at $8.64 on November 26, 2007. Sieracki denies the remaining allegations of Paragraph 28.

29. Sieracki admits that on January 11, 2008, it was announced that Bank of America would acquire Countrywide in a stock-for-stock swap (0.1822 Bank of America share for 1 Countrywide share), which then valued Countrywide at approximately $7 per share. Sieracki denies the remaining allegations of Paragraph 29.

30. Sieracki denies the allegations of Paragraph 30.

31. Paragraph 31 consists of conclusions of law to which no response is required. To the extent Paragraph 31 contains factual allegations to which a response is required, Sieracki denies those allegations.

32. Sieracki admits that the action has been brought pursuant to the statutes set forth in Paragraph 32. Sieracki denies the remaining allegations of Paragraph 32.

33. Sieracki denies the allegations of Paragraph 33.

34. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and on that basis denies them.

35. Sieracki denies the allegations of Paragraph 35.

36. Sieracki admits that at times prior to July 1, 2008, Countrywide was the nation's largest home loan mortgage originator under certain measurements. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36, and on that basis denies them.

37. Sieracki admits that Mr. Mozilo was a co-founder of Countrywide and was Chairman of the Board of Directors from March 1999 and CEO between February 1998 and June 2008. Countrywide's Form 10-Ks for Fiscal Years 2003 through 2006 filed with the SEC reflect whether Mr. Mozilo signed the documents and the accompanying Sarbanes-Oxley certifications. Countrywide's Form 10-Qs between the First Quarter of fiscal year 2004 and the Third Quarter of fiscal year 2007 reflect whether Mr. Mozilo signed the accompanying Sarbanes-Oxley certifications. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the amount or dates of stock sales of Mr. Mozilo, and on that basis denies those allegations. Sieracki denies the remaining allegations of Paragraph 37.

38. Sieracki admits that David Sambol became Countrywide's President and Chief Operating Officer in September 2006, after having held executive or officer positions previously. Countrywide's Form 10-Qs filed with the SEC on November 7, 2006, May 9, 2007, August 9, 2007, and November 9, 2007 reflect whether Mr. Sambol signed the documents. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the amount or dates of stock sales of Mr. Sambol, and on that basis denies those allegations. Sieracki denies the remaining allegations of Paragraph 38.

39. Sieracki admits that he served as Chief Financial Officer of Countrywide, and had the title of Executive Managing Director, starting on April 1, 2005. Sieracki admits that during a portion of his tenure as Chief Financial Officer, Sieracki was a member of the Executive Strategy Committee, Asset/Liability Chairman (for which he was co-chairman at certain times), and Countrywide Credit Risk Committee. Sieracki admits that he signed Countrywide's Form 10-Ks for Fiscal Years 2005 and 2006 filed with the SEC, and accompanying Sarbanes-Oxley certifications. Sieracki admits that he signed Countrywide's Form 10-Qs from the First Quarter of fiscal year 2005, and the Third Quarter of fiscal year 2007, and

accompanying Sarbanes-Oxley certifications. Sieracki admits that in 2005, he signed Form 10-Q/A Amended Quarterly Reports for the first three quarters of fiscal 2004 to restate certain information in the originally filed quarterly reports not signed by Sieracki, by revising the timing for recognition of gains from certain securitizations that occurred during 2003 and 2004 and to reconsolidate mortgage loans held for sale and asset-backed secured financings in special purpose entities ("SPEs") that temporarily do not meet the conditions as qualifying special purpose entities ("QSPEs") under SFAS 140; the prior Forms 10-Q were not amended in any other respect except for certain minor conforming changes. Sieracki admits in 2004, before he was Chief Financial Officer or signed any Countrywide SEC filing, Sieracki exercised stock options and sold the acquired shares for net proceeds (before taxes) of $5,042,163.25. Sieracki denies the remaining allegations of Paragraph 39.

40. Paragraph 40 is a definition provided for purposes of the Complaint to which no answer is required.

41. Sieracki admits the allegations of Paragraph 41.

42. Sieracki admits the allegations of the first sentence of Paragraph 42. Sieracki admits that Countrywide was the largest U.S. originator of mortgage loans at certain points in time. Sieracki admits that Countrywide originated or acquired the amount of mortgage loans alleged in the second sentence of Paragraph 42. Sieracki denies the remaining allegations of Paragraph 42.

43. Sieracki admits that for many years, a majority of the loans originated by Countrywide were saleable to Government Sponsored Entities. Sieracki admits portions of allegations of Paragraph 43 regarding loan production and financial performance only to the extent of accurate and precise quotes from Countrywide's SEC filings for the years 2001 through 2004. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki admits the allegations of the fifth and sixth sentences of Paragraph

43. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43, and on that basis denies them.

44. Sieracki denies the allegations of Paragraph 44.

45. Sieracki denies the allegations of Paragraph 45.

46. Sieracki denies the allegations of Paragraph 46.

47. Sieracki admits that in 2004, total US residential mortgage production declined. Sieracki admits that in 2004, Countrywide's market share increased, and that Countrywide reported net earnings of over $2.1 billion, a decrease from 2003. Sieracki denies the remaining allegations of Paragraph 47.

48. Sieracki admits that Countrywide's Forms 10-K filed with the SEC disclosed the percentages of Countrywide's loan production failing into various categories. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 48.

49. Sieracki admits that Countrywide frequently disclosed the percentages of Countrywide's loan production falling into various categories. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence regarding what "the market understood," and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 49.

50. Sieracki denies the allegations of Paragraph 50.

51. Sieracki denies the allegations of Paragraph 51.

52. Sieracki denies the allegations of Paragraph 52.

53. To the extent the allegations of Paragraph 53 refer to disclosures in Countrywide's SEC filings, Sieracki admits the allegations concerning what statements were made in the referenced Countrywide SEC filings only to the extent they precisely repeat complete and unaltered statements made in the filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations

of Paragraph 53.

54. Sieracki denies the allegations of Paragraph 54.

55. Sieracki denies the allegations of Paragraph 55.

56. Sieracki denies the allegations of Paragraph 56.

57. Sieracki denies the allegations of Paragraph 57.

58. Sieracki denies the allegations of Paragraph 58.

59. Sieracki denies the allegations of Paragraph 59.

60. Sieracki admits that Countrywide originated loans with the expectation that they would be repaid. Sieracki denies the remaining allegations of Paragraph 60.

61. Sieracki denies the allegations of Paragraph 61.

62. Sieracki denies the allegations of Paragraph 62.

63. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 regarding the alleged statements of Mr. Zachary, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 63.

64. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 regarding the alleged statements of Mr. Sipes, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 64.

65. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 regarding the alleged statements of Mr. Koss, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 65.

66. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 regarding the alleged statements of Ms. Lau, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 66.

67. Sieracki denies the allegations of Paragraph 67.

68. Sieracki denies the allegations of Paragraph 68.

69. Sieracki denies the allegations of Paragraph 69.

70. Sieracki denies the allegations of Paragraph 70.

71. Sieracki denies the allegations of Paragraph 71.

72. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 regarding the alleged writing attributed to Mr. McMurray, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 72.

73. Sieracki denies the allegations of Paragraph 73.

74. Sieracki denies the allegations of Paragraph 74.

75. Sieracki denies the allegations of Paragraph 75.

76. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76, and on that basis denies them.

77. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 regarding other mortgage lenders, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 77.

78. Sieracki denies the allegations of Paragraph 78.

79. Sieracki denies the allegations of Paragraph 79.

80. Sieracki denies the allegations of Paragraph 80.

81. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81, and on that basis denies them.

82. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 regarding a June 2007 presentation, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 82.

83. Sieracki denies the allegations of Paragraph 83.

84. Sieracki admits that Countrywide originated pay-option ARM loans in 2004 through 2007. Sieracki admits that pay-option ARMs come with "negative amortization caps," which limit the amount of missed interest that can be rolled into the principal balance, typically 110 to 125% of the original loan balance. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 regarding the precise terms and customer reactions to pay-option ARM loans, and on that basis denies them. Sieracki admits that specific amounts of pay-option ARM loans were held for investment by Countrywide Bank. Sieracki denies the remaining allegations of Paragraph 84.

85. Sieracki admits that automatic resets were scheduled to occur in 2009. Sieracki admits that specific amounts of pay-option ARM loans were held for investment by Countrywide Bank. Sieracki denies the remaining allegations of Paragraph 85.

86. Sieracki admits the allegations of Paragraph 86 concerning what statements were made in the Countrywide's Form 10-K for Fiscal Year 2006 filed March 1, 2007 only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the document. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 regarding Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 86.

87. Sieracki admits that Countrywide's Forms 10-K filed with the SEC included disclosures about Pay Option ARMs. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 87.

88. Sieracki denies the allegations of Paragraph 88.

89. Sieracki denies the allegations of Paragraph 89.

90. Sieracki denies the allegations of Paragraph 90.

91. Sieracki denies the allegations of Paragraph 91.

92. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 regarding alleged statements in a *Wall Street Journal* article, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 92.

93. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 regarding an e-mail attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 93.

94. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 regarding a memorandum attributed to Mr. McMurray, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 94.

95. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 regarding a memorandum attributed to Mr. McMurray, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 95.

96. Sieracki denies the allegations of Paragraph 96.

97. Sieracki denies the allegations of Paragraph 97.

98. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 regarding alleged testimony, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 98.

99. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 regarding an e-mail attributed to Mr. McMurray, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 99.

100. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 regarding an e-mail attributed to Mr. McMurray, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 100.

101. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 regarding an e-mail attributed to Mr. McMurray, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 101.

102. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 regarding an e-mail attributed to Mr. McMurray, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 102.

103. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 regarding an e-mail attributed to Mr. McMurray, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 103.

104. Sieracki denies the allegations of Paragraph 104.

105. The article referenced in Paragraph 105 speaks for itself, and Sieracki denies any characterization of the document that is inconsistent with its contents. Sieracki denies the remaining allegations of Paragraph 105.

106. Sieracki denies the allegations of Paragraph 106.

107. Paragraph 107 is a characterization of the Complaint to which no answer is required. To the extent Paragraph 107 contains factual allegations, Sieracki denies them for lack of information and belief.

108. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 regarding specific attributes of "80/20" loans, and on that basis denies those allegations. Sieracki denies the remaining allegations of Paragraph 108.

109. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 regarding statistics, and on that basis denies those allegations. Sieracki denies the remaining allegations of Paragraph 109.

110. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 regarding an e-mail attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 110.

111. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 regarding Messrs. Mozilo and Sambol, and on that basis denies them. Sieracki admits the allegations of Paragraph 111 concerning what statements were made in the e-mail attributed to Mr. Mozilo only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 111.

112. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 regarding an e-mail attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 112.

113. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 regarding Risk Management and Messrs. Sambol and Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 113.

114. Sieracki admits the allegations of Paragraph 114 concerning what statements were made in a memorandum to the Board of Directors dated December 7, 2006, ostensibly from Mr. Mozilo, only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any

allegation or characterization inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 114.

115. Sieracki denies the allegations of Paragraph 115.

116. Sieracki denies the allegations of Paragraph 116.

117. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 regarding the "Credit Risk Leadership Reporting Package," and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 117.

118. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 regarding an e-mail attributed to Mr. McMurray, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 118.

119. Sieracki admits that as of June 28, 2005, he was a member of the Corporate Credit Risk Committee. Sieracki denies the remaining allegations of Paragraph 119.

120. Sieracki admits that that as of March 12, 2007, he was a member of the Corporate Credit Risk Committee, and that according to the minutes he was present for at least a portion of the meeting on that date. Sieracki denies the remaining allegations of Paragraph 120.

121. Sieracki denies the allegations of Paragraph 121.

122. Sieracki denies the allegations of Paragraph 122.

123. Sieracki denies the allegations of Paragraph 123.

124. Sieracki denies the allegations of Paragraph 124.

125. Sieracki admits that that as of June 28, 2005, he was a member of the Corporate Credit Risk Committee, and that according to the minutes he was present for at least a portion of the meeting on that date. Sieracki denies the remaining allegations of Paragraph 125.

126. Sieracki lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 126 regarding e-mails, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 126.

127. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 regarding an internal recognition by Countrywide Bank or communications to Mr. Sambol, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 127.

128. Sieracki admits the allegations of Paragraph 128 concerning what statements were made in the e-mails attributed to Mr. Mozilo only to the extent they precisely repeat complete and unaltered statements made in the documents. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the documents. Sieracki denies the remaining allegations of Paragraph 128.

129. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 regarding an e-mail attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 129.

130. Sieracki denies the allegations of Paragraph 130.

131. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 regarding Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 131.

132. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132 regarding an e-mail attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 132.

133. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 regarding an e-mail attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 133.

134. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 regarding Messrs. Mozilo and Sambol, and on that basis denies them. Sieracki admits the allegations of Paragraph 134 concerning what statements were made in an e-mail attributed to Mr. Mozilo only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 134.

135. Sieracki admits the allegations of Paragraph 135 concerning what statements were made in an e-mail attributed to Mr. Mozilo only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 135.

136. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 136 regarding Mr. McMurray and Countrywide's CIO, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 136.

137. Sieracki admits the allegations of Paragraph 137 concerning what statements were made in a January 29, 2007 e-mail attributed to Mr. Mozilo only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the document. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137 regarding a November 3, 2007 e-mail attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 137.

138. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 regarding an e-mail attributed to Mr.

Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 138.

139. Sieracki denies the allegations of Paragraph 139.

140. Sieracki admits that at certain times, he and Mr. Sambol were members of the Countrywide Credit Risk Committee, which was scheduled to hold quarterly meetings. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 140 regarding an April 6, 2005 meeting, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 140.

141. Sieracki admits that that as of June 28, 2005, he was a member of the Corporate Credit Risk Committee, and that according to the minutes he was present for at least a portion of the meeting on that date. Sieracki denies the remaining allegations of Paragraph 141.

142. Sieracki admits that at certain times, he was a member of the Asset / Liability Committee. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142 regarding e-mails attributed to Messrs. Sambol and McMurray, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 142.

143. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143, and on that basis denies them.

144. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144, and on that basis denies them.

145. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145 regarding e-mails attributed to Messrs. Sambol and Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 145.

146. Sieracki denies the allegations of Paragraph 146.

147. Sieracki admits the allegations of Paragraph 147 concerning what

statements were made in the January 2, 2007 and January 29, 2007 e-mails attributed to Mr. McMurray only to the extent they precisely repeat complete and unaltered statements made in the documents. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the documents. Sieracki denies the remaining allegations of Paragraph 147.

148. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148, and on that basis denies them.

149. Sieracki denies the allegations of Paragraph 149.

150. Sieracki admits the allegations of Paragraph 150 concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in the filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 150.

151. Paragraph 151 consists of characterizations and conclusions of law to which no response is required.

152. Paragraph 152 consists of characterizations and conclusions of law to which no response is required.

153. Sieracki denies the allegations of Paragraph 153.

154. Paragraph 154 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 154.

155. Paragraph 155 contains conclusions of law and allegations citing and/or interpreting accounting standards and documents. Sieracki admits the allegations concerning what statements were made in the cited standards only to the

extent they precisely repeat complete and unaltered statements made in the standards and documents and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards and documents. Sieracki denies the remaining allegations of Paragraph 155.

156. Paragraph 156 contains conclusions of law and allegations citing and/or interpreting accounting documents. Sieracki admits the allegations concerning what statements were made in the cited documents only to the extent they precisely repeat complete and unaltered statements made in the documents and denies any allegation or characterization inconsistent with the actual statements made in the referenced documents. Sieracki denies the remaining allegations of Paragraph 156.

157. Paragraph 157 contains conclusions of law and allegations citing and/or interpreting accounting documents. Sieracki admits the allegations concerning what statements were made in the cited documents only to the extent they precisely repeat complete and unaltered statements made in the documents and denies any allegation or characterization inconsistent with the actual statements made in the referenced documents. Sieracki denies the remaining allegations of Paragraph 157.

158. Paragraph 158 contains conclusions of law and allegations citing and/or interpreting accounting documents. Sieracki admits the allegations concerning what statements were made in the cited documents only to the extent they precisely repeat complete and unaltered statements made in the documents and denies any allegation or characterization inconsistent with the actual statements made in the referenced documents. Sieracki denies the remaining allegations of Paragraph 158.

159. Paragraph 159 contains conclusions of law and allegations citing and/or interpreting accounting standards and documents. Sieracki admits the allegations concerning what statements were made in the cited standards only to the

extent they precisely repeat complete and unaltered statements made in the standards and documents and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards and documents. Sieracki denies the remaining allegations of Paragraph 159.

160. Paragraph 160 contains conclusions of law and allegations citing and/or interpreting accounting documents. Sieracki admits the allegations concerning what statements were made in the cited documents only to the extent they precisely repeat complete and unaltered statements made in the documents and denies any allegation or characterization inconsistent with the actual statements made in the referenced documents. Sieracki denies the remaining allegations of Paragraph 160.

161. Paragraph 161 contains conclusions of law and allegations citing and/or interpreting accounting documents. Sieracki admits the allegations concerning what statements were made in the cited documents only to the extent they precisely repeat complete and unaltered statements made in the documents and denies any allegation or characterization inconsistent with the actual statements made in the referenced documents. Sieracki denies the remaining allegations of Paragraph 161.

162. Paragraph 162 contains conclusions of law and allegations citing and/or interpreting accounting documents. Sieracki admits the allegations concerning what statements were made in the cited documents only to the extent they precisely repeat complete and unaltered statements made in the documents and denies any allegation or characterization inconsistent with the actual statements made in the referenced documents. Sieracki denies the remaining allegations of Paragraph 162.

163. Paragraph 163 contains conclusions of law and allegations citing and/or interpreting accounting documents. Sieracki admits the allegations concerning what statements were made in the cited documents only to the extent

they precisely repeat complete and unaltered statements made in the documents and denies any allegation or characterization inconsistent with the actual statements made in the referenced documents. Sieracki denies the remaining allegations of Paragraph 163.

164. Paragraph 164 contains conclusions of law and allegations citing and/or interpreting accounting documents. Sieracki admits the allegations concerning what statements were made in the cited documents only to the extent they precisely repeat complete and unaltered statements made in the documents and denies any allegation or characterization inconsistent with the actual statements made in the referenced documents. Sieracki denies the remaining allegations of Paragraph 164.

165. Paragraph 165 contains conclusions of law and allegations citing and/or interpreting accounting documents. Sieracki admits the allegations concerning what statements were made in the cited documents only to the extent they precisely repeat complete and unaltered statements made in the documents and denies any allegation or characterization inconsistent with the actual statements made in the referenced documents. Sieracki denies the remaining allegations of Paragraph 165.

166. In response to the allegations of Paragraph 166, Sieracki refers to Countrywide’s Form 10-K for Fiscal Year 2006 filed March 1, 2007 for a description of its allowance for loan losses. Sieracki denies any allegation or characterization of the allowance for loan losses inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 166.

167. Paragraph 167 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and

denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 167.

168. Paragraph 168 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 168

169. Sieracki denies the allegations of Paragraph 169.

170. Paragraph 170 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 170.

171. Paragraph 171 contains conclusions of law and allegations citing and/or interpreting accounting documents. Sieracki admits the allegations concerning what statements were made in the cited documents only to the extent they precisely repeat complete and unaltered statements made in the documents and denies any allegation or characterization inconsistent with the actual statements made in the referenced documents. Sieracki denies the remaining allegations of Paragraph 171.

172. Paragraph 172 contains conclusions of law and allegations citing and/or interpreting accounting documents. Sieracki admits the allegations concerning what statements were made in the cited documents only to the extent

they precisely repeat complete and unaltered statements made in the documents and denies any allegation or characterization inconsistent with the actual statements made in the referenced documents. Sieracki denies the remaining allegations of Paragraph 172.

173. Sieracki denies the allegations of Paragraph 173.

174. Sieracki admits that the July 24, 2007 and October 26, 2007 press releases announced unaudited quarterly results for the Second and Third Quarters 2007, respectively. Sieracki admits the allegations of Paragraph 174 concerning what statements were made in the documents only to the extent they precisely repeat complete and unaltered statements made in those documents. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in those documents. Sieracki denies the remaining allegations of Paragraph 174.

175. Sieracki denies the allegations of Paragraph 175.

176. Paragraph 176 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 176.

177. Sieracki denies the allegations of Paragraph 177.

178. Sieracki denies the allegations of Paragraph 178.

179. Sieracki denies the allegations of Paragraph 179.

180. Sieracki denies the allegations of Paragraph 180.

181. Paragraph 181 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they

precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 181.

182. Sieracki denies the allegations of Paragraph 182.

183. Sieracki denies the allegations of Paragraph 183.

184. Sieracki denies the allegations of Paragraph 184.

185. Sieracki denies the allegations of Paragraph 185.

186. Sieracki denies the allegations of Paragraph 186.

187. Sieracki denies the allegations of Paragraph 187.

188. Sieracki denies the allegations of Paragraph 188.

189. Paragraph 189 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 189.

190. Paragraph 190 contains conclusions of law and allegations citing and/or interpreting accounting standards and documents. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and documents and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards and documents. Sieracki denies the remaining allegations of Paragraph 190.

191. Sieracki denies the allegations of Paragraph 191.

192. Sieracki denies the allegations of Paragraph 192.

193. Sieracki denies the allegations of Paragraph 193.

194. Sieracki denies the allegations of Paragraph 194.

195. Sieracki denies the allegations of Paragraph 195.

196. Sieracki denies the allegations of Paragraph 196.

197. Sieracki denies the allegations of Paragraph 197.

198. Paragraph 198 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 198.

199. Sieracki denies the allegations of Paragraph 199.

200. Sieracki denies the allegations of Paragraph 200.

201. Sieracki denies the allegations of Paragraph 201.

202. Sieracki denies the allegations of Paragraph 202.

203. Sieracki denies the allegations of Paragraph 203.

204. Sieracki denies the allegations of Paragraph 204.

205. Sieracki denies the allegations of Paragraph 205.

206. Sieracki denies the allegations of Paragraph 206.

207. Sieracki denies the allegations of Paragraph 207.

208. Sieracki denies the allegations of Paragraph 208.

209. Sieracki denies the allegations of Paragraph 209.

210. Sieracki denies the allegations of Paragraph 210.

211. Sieracki denies the allegations of Paragraph 211.

212. Sieracki denies the allegations of Paragraph 212.

213. Sieracki denies the allegations of Paragraph 213.

214. Paragraph 214 contains conclusions of law and allegations citing and/or interpreting accounting documents. Sieracki admits the allegations

concerning what statements were made in the cited documents only to the extent they precisely repeat complete and unaltered statements made in the documents and denies any allegation or characterization inconsistent with the actual statements made in the referenced documents. Sieracki denies the remaining allegations of Paragraph 214.

215. Sieracki denies the allegations of Paragraph 215.

216. Sieracki denies the allegations of Paragraph 216.

217. Sieracki denies the allegations of Paragraph 217.

218. Sieracki denies the allegations of Paragraph 218.

219. Sieracki denies the allegations of Paragraph 219.

220. Sieracki denies the allegations of Paragraph 220.

221. Sieracki denies the allegations of Paragraph 221.

222. Sieracki denies the allegations of Paragraph 222.

223. Sieracki denies the allegations of Paragraph 223.

224. Sieracki admits that he knew that the elements of Countrywide's business model included not originating a loan if it was known that the borrower would not repay. Sieracki denies the remaining allegations of Paragraph 224.

225. Sieracki denies the allegations of Paragraph 225.

226. Sieracki denies the allegations of Paragraph 226.

227. Sieracki denies the allegations of Paragraph 227.

228. Sieracki admits the allegations of Paragraph 228 concerning what statements were made in Countrywide's press release dated July 24, 2007 only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 228.

229. Sieracki denies the allegations of Paragraph 229.

230. Sieracki denies the allegations of Paragraph 230.

231. Sieracki denies the allegations of Paragraph 231.

232. Sieracki admits the allegations of Paragraph 232 only to the extent they precisely repeat complete and unaltered statements made in the Merrill Lynch documents referenced in this paragraph. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in those documents. Sieracki denies the remaining allegations of Paragraph 232.

233. Sieracki admits the allegations of Paragraph 233 only to the extent they precisely repeat complete and unaltered statements made in Countrywide's press release and Form 8-K dated August 16, 2007. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in those documents. Sieracki denies the remaining allegations of Paragraph 233.

234. Sieracki denies the allegations of Paragraph 234.

235. Sieracki denies the allegations of Paragraph 235.

236. Sieracki admits the allegations of Paragraph 236 only to the extent they precisely repeat complete and unaltered statements made in Countrywide's press release dated October 26, 2007. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 236.

237. Sieracki denies the allegations of Paragraph 237.

238. Sieracki denies the allegations of Paragraph 238.

239. Sieracki denies the allegations of Paragraph 239.

240. Sieracki denies the allegations of Paragraph 240.

241. Sieracki denies the allegations of Paragraph 241.

242. Sieracki denies the allegations of Paragraph 242.

243. Sieracki admits that Countrywide common stock was traded on the New York Stock Exchange. Sieracki admits that Countrywide filed periodic public reports with the SEC. Sieracki admits that Countrywide was followed by securities analysts employed by prominent brokerage firms and investment banks, and that

those analysts wrote reports about the Company. Sieracki admits that Countrywide issued press releases on a regular basis and at other times, which were published on national news wires. The characterization of the market as an "efficient market" is a legal conclusion to which no response is required. Sieracki denies the remaining allegations of Paragraph 243.

244. Sieracki denies the allegations of Paragraph 244.

245. Sieracki denies the allegations of Paragraph 245.

246. Sieracki denies the allegations of Paragraph 246.

247. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 247 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 247.

248. Sieracki admits that on March 12, 2004, Countrywide filed its report on Form 10-K for Fiscal Year 2003. Sieracki admits the allegations of Paragraph 248 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 248.

249. Sieracki admits that on March 12, 2004, Countrywide filed its report on Form 10-K for Fiscal Year 2003. Sieracki admits the allegations of Paragraph 249 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 249.

250. Sieracki admits that on March 12, 2004, Countrywide filed its report on Form 10-K for Fiscal Year 2003. Sieracki admits the allegations of Paragraph

250 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 250.

251. Sieracki admits that on March 12, 2004, Countrywide filed its report on Form 10-K for Fiscal Year 2003. Sieracki admits the allegations of Paragraph 251 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 251.

252. Sieracki admits that on March 12, 2004, Countrywide filed its report on Form 10-K for Fiscal Year 2003. Sieracki admits the allegations of Paragraph 252 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 252.

253. Sieracki denies the allegations of Paragraph 253.

254. Sieracki denies the allegations of Paragraph 254.

255. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 255 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 255.

256. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 256 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining

allegations of Paragraph 256.

257. Sieracki denies the allegations of Paragraph 257.

258. Sieracki admits that on May 7, 2004, Countrywide filed its report on Form 10-Q for the First Quarter 2004. Sieracki admits the allegations of Paragraph 258 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 258.

259. Sieracki admits that on May 7, 2004, Countrywide filed its report on Form 10-Q for the First Quarter 2004. Sieracki admits the allegations of Paragraph 259 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 259.

260. Sieracki admits that on May 7, 2004, Countrywide filed its report on Form 10-Q for the First Quarter 2004. Sieracki admits the allegations of Paragraph 260 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 260.

261. Sieracki denies the allegations of Paragraph 261.

262. Sieracki denies the allegations of Paragraph 262.

263. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 263 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining

allegations of Paragraph 263.

264. Sieracki denies the allegations of Paragraph 264.

265. Sieracki admits that on August 6, 2004, Countrywide filed its report on Form 10-Q for the Second Quarter 2004. Sieracki admits the allegations of Paragraph 265 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 265.

266. Sieracki admits that on August 6, 2004, Countrywide filed its report on Form 10-Q for the Second Quarter 2004. Sieracki admits the allegations of Paragraph 266 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 266.

267. Sieracki admits that on August 6, 2004, Countrywide filed its report on Form 10-Q for the Second Quarter 2004. Sieracki admits the allegations of Paragraph 267 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 267.

268. Sieracki denies the allegations of Paragraph 268.

269. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 269 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 269.

270. Sieracki denies the allegations of Paragraph 270.

271. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 271 regarding statements attributed to Messrs. Mozilo and Kurland, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 271.

272. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 272 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 272.

273. Sieracki denies the allegations of Paragraph 273.

274. Sieracki admits that on November 8, 2004, Countrywide filed its report on Form 10-Q for the Third Quarter 2004. Sieracki admits the allegations of Paragraph 274 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 274.

275. Sieracki admits that on November 8, 2004, Countrywide filed its report on Form 10-Q for the Third Quarter 2004. Sieracki admits the allegations of Paragraph 275 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 275.

276. Sieracki admits that on August 7, 2004, Countrywide filed its report on Form 10-Q for the Third Quarter 2004. Sieracki admits the allegations of Paragraph 276 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that

document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 276.

277. Sieracki denies the allegations of Paragraph 277.

278. Sieracki denies the allegations of Paragraph 278.

279. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 279 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 279.

280. Sieracki denies the allegations of Paragraph 280.

281. Sieracki admits that on March 15, 2005, Countrywide filed its report on Form 10-K for Fiscal Year 2004. Sieracki admits the allegations of Paragraph 281 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 281.

282. Sieracki admits that on March 15, 2005, Countrywide filed its report on Form 10-K for Fiscal Year 2004. Sieracki admits the allegations of Paragraph 282 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 282.

283. Sieracki admits that on March 15, 2005, Countrywide filed its report on Form 10-K for Fiscal Year 2004. Sieracki admits the allegations of Paragraph 283 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document.

Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 283.

284. Sieracki admits that on March 15, 2005, Countrywide filed its report on Form 10-K for Fiscal Year 2004. Sieracki admits the allegations of Paragraph 284 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 284.

285. Sieracki denies the allegations of Paragraph 285.

286. Sieracki admits that on March 15, 2005, Countrywide filed its report on Form 10-K for Fiscal Year 2004, which included a report of KPMG dated March 11, 2005. Sieracki admits the allegations of Paragraph 286 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document.

287. Sieracki admits that on March 15, 2005, Countrywide filed its report on Form 10-K for Fiscal Year 2004. Sieracki admits the allegations of Paragraph 287 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 287.

288. Sieracki denies the allegations of Paragraph 288.

289. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 289 regarding statements attributed to

Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 289.

290. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 290 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 290.

291. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 291 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 291.

292. Sieracki denies the allegations of Paragraph 292.

293. Sieracki denies the allegations of Paragraph 293.

294. Sieracki denies the allegations of Paragraph 294.

295. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 295 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 295.

296. Sieracki denies the allegations of Paragraph 296.

297. Sieracki denies the allegations of Paragraph 297.

298. Sieracki denies the allegations of Paragraph 298.

299. Sieracki admits that on May 9, 2005, Countrywide filed its report on Form 10-Q for the First Quarter 2005. Sieracki admits the allegations of Paragraph 299 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 299.

300. Sieracki admits that on May 9, 2005, Countrywide filed its report on

Form 10-Q for the First Quarter 2005. Sieracki admits the allegations of Paragraph 300 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 300.

301. Sieracki admits that on May 9, 2005, Countrywide filed its report on Form 10-Q for the First Quarter 2005. Sieracki admits the allegations of Paragraph 301 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 301.

302. Sieracki denies the allegations of Paragraph 302.

303. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 303 regarding statements attributed to Mr. McMurray, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 303.

304. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 304 regarding statements attributed an unidentified Countrywide representative, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 304.

305. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 305 regarding statements attributed to Mr. Sambol, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 305.

306. Sieracki denies the allegations of Paragraph 306.

307. Sieracki lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 307 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 307.

308. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 308 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 308.

309. Sieracki denies the allegations of Paragraph 309.

310. Sieracki denies the allegations of Paragraph 310.

311. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 311 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 311.

312. Sieracki denies the allegations of Paragraph 312.

313. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 313 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 313.

314. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 314 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 314.

315. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 315 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 315.

316. Sieracki denies the allegations of Paragraph 316.

317. Sieracki admits that on August 8, 2005, Countrywide filed its report on

Form 10-Q for the Second Quarter 2005. Sieracki admits the allegations of Paragraph 317 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 317.

318. Sieracki admits that on August 8, 2005, Countrywide filed its report on Form 10-Q for the Second Quarter 2005. Sieracki admits the allegations of Paragraph 318 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 318.

319. Sieracki admits that on August 8, 2005, Countrywide filed its report on Form 10-Q for the Second Quarter 2005. Sieracki admits the allegations of Paragraph 319 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 319.

320. Sieracki denies the allegations of Paragraph 320.

321. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 321 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 321.

322. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 322 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining

allegations of Paragraph 322.

323. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 323 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 323.

324. Sieracki denies the allegations of Paragraph 324.

325. Sieracki denies the allegations of Paragraph 325.

326. Sieracki denies the allegations of Paragraph 326.

327. Sieracki denies the allegations of Paragraph 327.

328. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 328 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 328.

329. Sieracki denies the allegations of Paragraph 329.

330. Sieracki admits that on November 8, 2005, Countrywide filed its report on Form 10-Q for the Third Quarter 2005. Sieracki admits the allegations of Paragraph 330 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 330.

331. Sieracki admits that on November 8, 2005, Countrywide filed its report on Form 10-Q for the Third Quarter 2005. Sieracki admits the allegations of Paragraph 331 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 331.

332. Sieracki admits that on November 8, 2005, Countrywide filed its report on Form 10-Q for the Third Quarter 2005. Sieracki admits the allegations of Paragraph 332 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 332.

333. Sieracki admits that on November 8, 2005, Countrywide filed its report on Form 10-Q for the Third Quarter 2005. Sieracki admits the allegations of Paragraph 333 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 333.

334. Sieracki denies the allegations of Paragraph 334.

335. Sieracki denies the allegations of Paragraph 335.

336. Sieracki denies the allegations of Paragraph 336.

337. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 337 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 337.

338. Sieracki denies the allegations of Paragraph 338.

339. Sieracki admits that on March 1, 2006, Countrywide filed its report on Form 10-K for Fiscal Year 2005. Sieracki admits the allegations of Paragraph 339 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining

allegations of Paragraph 339.

340. Sieracki admits that on March 1, 2006, Countrywide filed its report on Form 10-K for Fiscal Year 2005. Sieracki admits the allegations of Paragraph 340 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 340.

341. Sieracki admits that on March 1, 2006, Countrywide filed its report on Form 10-K for Fiscal Year 2005. Sieracki admits the allegations of Paragraph 341 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 341.

342. Sieracki admits that on March 1, 2006, Countrywide filed its report on Form 10-K for Fiscal Year 2005. Sieracki admits the allegations of Paragraph 342 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 342.

343. Sieracki admits that on March 1, 2006, Countrywide filed its report on Form 10-K for Fiscal Year 2005. Sieracki admits the allegations of Paragraph 343 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining

allegations of Paragraph 343.

344. Sieracki admits that on March 1, 2006, Countrywide filed its report on Form 10-K for Fiscal Year 2005. Sieracki admits the allegations of Paragraph 344 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 344.

345. Sieracki admits that on March 1, 2006, Countrywide filed its report on Form 10-K for Fiscal Year 2005. Sieracki admits the allegations of Paragraph 345 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 345.

346. Sieracki admits that on March 1, 2006, Countrywide filed its report on Form 10-K for Fiscal Year 2005, which included a report of KPMG dated February 27, 2006. Sieracki admits the allegations of Paragraph 346 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document.

347. Sieracki admits that on March 1, 2006, Countrywide filed its report on Form 10-K for Fiscal Year 2005. Sieracki admits the allegations of Paragraph 347 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining

allegations of Paragraph 347.

348. Sieracki denies the allegations of Paragraph 348.

349. Sieracki denies the allegations of Paragraph 349.

350. Sieracki denies the allegations of Paragraph 350.

351. Sieracki denies the allegations of Paragraph 351.

352. Sieracki denies the allegations of Paragraph 352.

353. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 353 regarding statements attributed to Mr. Sambol, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 353.

354. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 354 regarding statements attributed to Mr. Garcia, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 354.

355. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 355 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 355.

356. Sieracki denies the allegations of Paragraph 356.

357. Sieracki denies the allegations of Paragraph 357.

358. Sieracki denies the allegations of Paragraph 358.

359. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 359 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 359.

360. Sieracki denies the allegations of Paragraph 360.

361. Sieracki admits that on May 10, 2006, Countrywide filed its report on Form 10-Q for the First Quarter 2006. Sieracki admits the allegations of Paragraph

361 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 361.

362. Sieracki admits that on May 10, 2006, Countrywide filed its report on Form 10-Q for the First Quarter 2006. Sieracki admits the allegations of Paragraph 362 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 362.

363. Sieracki admits that on May 10, 2006, Countrywide filed its report on Form 10-Q for the First Quarter 2006. Sieracki admits the allegations of Paragraph 363 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 363.

364. Sieracki admits that on May 10, 2006, Countrywide filed its report on Form 10-Q for the First Quarter 2006. Sieracki admits the allegations of Paragraph 364 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 364.

365. Sieracki denies the allegations of Paragraph 365.

366. Sieracki lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 366 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 366.

367. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 367 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 367.

368. Sieracki denies the allegations of Paragraph 368.

369. Sieracki denies the allegations of Paragraph 369.

370. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 370 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 370.

371. Sieracki denies the allegations of Paragraph 371.

372. Sieracki admits that on August 7, 2006, Countrywide filed its report on Form 10-Q for the Second Quarter 2006. Sieracki admits the allegations of Paragraph 372 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 372.

373. Sieracki admits that on August 7, 2006, Countrywide filed its report on Form 10-Q for the Second Quarter 2006. Sieracki admits the allegations of Paragraph 373 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 373.

374. Sieracki admits that on August 7, 2006, Countrywide filed its report on Form 10-Q for the Second Quarter 2006. Sieracki admits the allegations of Paragraph 374 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 374.

375. Sieracki denies the allegations of Paragraph 375.

376. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 376 regarding statements attributed to Mr. Furash, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 376.

377. Sieracki denies the allegations of Paragraph 377.

378. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 378 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 378.

379. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 379 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 379.

380. Sieracki denies the allegations of Paragraph 380.

381. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 381 regarding statements attributed to Mr. Furash, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 381.

382. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 382 regarding statements attributed to

Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 382.

383. Sieracki denies the allegations of Paragraph 383.

384. Sieracki denies the allegations of Paragraph 384.

385. Sieracki denies the allegations of Paragraph 385.

386. Sieracki denies the allegations of Paragraph 386.

387. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 387 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 387.

388. Sieracki denies the allegations of Paragraph 388.

389. Sieracki admits that on November 7, 2006, Countrywide filed its report on Form 10-Q for the Third Quarter 2006. Sieracki admits the allegations of Paragraph 389 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 389.

390. Sieracki admits that on November 7, 2006, Countrywide filed its report on Form 10-Q for the Third Quarter 2006. Sieracki admits the allegations of Paragraph 390 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 390.

391. Sieracki admits that on November 7, 2006, Countrywide filed its report on Form 10-Q for the Third Quarter 2006. Sieracki admits the allegations of Paragraph 391 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document only to the

extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 391.

392. Sieracki admits that on November 7, 2006, Countrywide filed its report on Form 10-Q for the Third Quarter 2006. Sieracki admits the allegations of Paragraph 392 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 392.

393. Sieracki denies the allegations of Paragraph 393.

394. Sieracki denies the allegations of Paragraph 394.

395. Sieracki denies the allegations of Paragraph 395.

396. Sieracki denies the allegations of Paragraph 396.

397. Sieracki denies the allegations of Paragraph 397.

398. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 398 egarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 398.

399. Sieracki denies the allegations of Paragraph 399.

400. Sieracki admits that on March 1, 2007, Countrywide filed its report on Form 10-K for Fiscal Year 2006. Sieracki admits the allegations of Paragraph 400 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 400.

401. Sieracki admits that on March 1, 2007, Countrywide filed its report on Form 10-K for Fiscal Year 2006. Sieracki admits the allegations of Paragraph 401 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 401.

402. Sieracki admits that on March 1, 2007, Countrywide filed its report on Form 10-K for Fiscal Year 2006. Sieracki admits the allegations of Paragraph 402 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 402.

403. Sieracki admits that on March 1, 2007, Countrywide filed its report on Form 10-K for Fiscal Year 2006. Sieracki admits the allegations of Paragraph 403 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 403.

404. Sieracki admits that on March 1, 2007, Countrywide filed its report on Form 10-K for Fiscal Year 2006. Sieracki admits the allegations of Paragraph 404 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 404.

405. Sieracki admits that on March 1, 2007, Countrywide filed its report on Form 10-K for Fiscal Year 2006. Sieracki admits the allegations of Paragraph 405 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 405.

406. Sieracki admits that on March 1, 2007, Countrywide filed its report on Form 10-K for Fiscal Year 2006. Sieracki admits the allegations of Paragraph 406 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 406.

407. Sieracki admits that on March 1, 2007, Countrywide filed its report on Form 10-K for Fiscal Year 2006. Sieracki admits the allegations of Paragraph 407 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 407.

408. Sieracki admits that on March 1, 2007, Countrywide filed its report on Form 10-K for Fiscal Year 2006, which included a report of KPMG dated February 28, 2006. Sieracki admits the allegations of Paragraph 408 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document.

409. Sieracki admits that on March 1, 2007, Countrywide filed its report on Form 10-K for Fiscal Year 2006. Sieracki admits the allegations of Paragraph 409 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 409.

410. Sieracki denies the allegations of Paragraph 410.

411. Sieracki denies the allegations of Paragraph 411.

412. Sieracki denies the allegations of Paragraph 412.

413. Sieracki denies the allegations of Paragraph 413.

414. Sieracki denies the allegations of Paragraph 414.

415. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 415 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 415.

416. Sieracki denies the allegations of Paragraph 416.

417. Sieracki denies the allegations of Paragraph 417.

418. Sieracki denies the allegations of Paragraph 418.

419. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 419 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 419.

420. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 420 regarding statements attributed to Mr. Sambol, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 420.

421. Sieracki denies the allegations of Paragraph 421.

422. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 422 regarding statements attributed to Ms. Sandefur, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 422.

423. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 423 regarding statements attributed to Ms. Sandefur, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 423.

424. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 424 regarding statements attributed to Ms. Sandefur, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 424.

425. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 425 regarding statements attributed to Ms. Sandefur, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 425.

426. Sieracki denies the allegations of Paragraph 426.

427. Sieracki admits that on May 9, 2007, Countrywide filed its report on Form 10-Q for the First Quarter 2007. Sieracki admits the allegations of Paragraph 427 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 427.

428. Sieracki admits that on May 9, 2007, Countrywide filed its report on Form 10-Q for the First Quarter 2007. Sieracki admits the allegations of Paragraph 428 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document.

Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 428.

429. Sieracki admits that on May 9, 2007, Countrywide filed its report on Form 10-Q for the First Quarter 2007. Sieracki admits the allegations of Paragraph 429 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 429.

430. Sieracki admits that on May 9, 2007, Countrywide filed its report on Form 10-Q for the First Quarter 2007. Sieracki admits the allegations of Paragraph 430 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 430.

431. Sieracki admits that on May 9, 2007, Countrywide filed its report on Form 10-Q for the First Quarter 2007. Sieracki admits the allegations of Paragraph 431 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 431.

432. Sieracki denies the allegations of Paragraph 432.

433. Sieracki denies the allegations of Paragraph 433.

434. Sieracki denies the allegations of Paragraph 434.

435. Sieracki denies the allegations of Paragraph 435.

436. Sieracki admits that on July 16, 2007, Countrywide filed a report on 8-K with the SEC that attached the monthly operations report for June 2007. Sieracki admits the allegations of Paragraph 436 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 436.

437. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 437, and on that basis denies them.

438. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 438, and on that basis denies them.

439. Sieracki denies the allegations of Paragraph 439.

440. Sieracki admits that on July 24, 2007, Countrywide issued a press release attached to a report on Form 8-K filed with the SEC announcing unaudited financial results for its Second Quarter 2007. Sieracki admits the allegations of Paragraph 440 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 440.

441. Sieracki denies the allegations of Paragraph 441.

442. Sieracki denies the allegations of Paragraph 442.

443. Sieracki denies the allegations of Paragraph 443.

444. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 444 regarding statements attributed to Messrs. Sambol and McMurray, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 444.

445. Sieracki lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 445, and on that basis denies them.

446. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 446, and on that basis denies them.

447. Sieracki denies the allegations of Paragraph 447.

448. Sieracki denies the allegations of Paragraph 448.

449. Sieracki denies the allegations of Paragraph 449.

450. Sieracki denies the allegations of Paragraph 450.

451. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 451 regarding statements attributed to Messrs. Mozilo and Sambol, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 451.

452. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 452 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 452.

453. Sieracki denies the allegations of Paragraph 453.

454. Sieracki denies the allegations of Paragraph 454.

455. Sieracki denies the allegations of Paragraph 455.

456. Sieracki denies the allegations of Paragraph 456.

457. Sieracki denies the allegations of Paragraph 457.

458. Sieracki denies the allegations of Paragraph 458.

459. Sieracki denies the allegations of Paragraph 459.

460. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 460, and on that basis denies them.

461. Sieracki denies the allegations of Paragraph 461.

462. Sieracki lacks information and belief as to the truth of the allegations of Paragraph 462 regarding an alleged August 13 report, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 462.

463. Sieracki denies the allegations of Paragraph 463.

464. Sieracki denies the allegations of Paragraph 464.

465. Sieracki denies the allegations of Paragraph 465.

466. Sieracki denies the allegations of Paragraph 466.

467. Sieracki denies the allegations of Paragraph 467.

468. Sieracki denies the allegations of Paragraph 468.

469. Sieracki admits that on August 14, 2007, Countrywide issued a press release attached to a report on Form 8-K filed with the SEC announcing operational results for July 2007. Sieracki admits the allegations of Paragraph 469 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 469.

470. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 470, and on that basis denies them.

471. Sieracki denies the allegations of Paragraph 471.

472. Sieracki lacks information and belief as to the truth of the allegations of Paragraph 472 regarding an alleged August 15 report and the impact thereof, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 472.

473. Sieracki denies the allegations of Paragraph 473.

474. Sieracki denies the allegations of Paragraph 474.

475. Sieracki admits that on August 16, 2007, Countrywide disclosed that it had successfully drawn down on its $11.5 billion credit facility. Sieracki lacks information and belief as to the truth of the allegations of Paragraph 475 regarding credit ratings agencies, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 475.

476. Sieracki denies the allegations of Paragraph 476.

477. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $21.29 on August 15, 2007; and at $18.95 on August 16, 2007. Sieracki denies the remaining allegations of Paragraph 477.

478. Sieracki denies the allegations of Paragraph 478.

479. Sieracki admits that on August 22, 2007, Countrywide issued a press release announcing an investment in Countrywide by Bank of America. Sieracki admits the allegations of Paragraph 479 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 479.

480. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 480 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 480.

481. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 481 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 481.

482. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 482 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 482.

483. Sieracki denies the allegations of Paragraph 483.

484. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 484, and on that basis denies them.

485. Sieracki denies the allegations of Paragraph 485.

486. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $22.02 on August 23, 2007; and at $21.00 on August 24, 2007. Sieracki denies the remaining allegations of Paragraph 486.

487. Sieracki denies the allegations of Paragraph 487.

488. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 488 regarding Merrill Lynch and UBS, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 488.

489. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $18.21 on September 7, 2007; and at $17.21 on September 10, 2007. Sieracki denies the remaining allegations of Paragraph 489.

490. Sieracki denies the allegations of Paragraph 490.

491. Sieracki admits the allegations of Paragraph 491 only to the extent they precisely repeat complete and unaltered statements made in the article referenced in this paragraph. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 491.

492. Sieracki denies the allegations of Paragraph 492.

493. Sieracki denies the allegations of Paragraph 493.

494. Sieracki denies the allegations of Paragraph 494.

495. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 495 regarding media reports, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 495.

496. Sieracki denies the allegations of Paragraph 496.

497. Sieracki denies the allegations of Paragraph 497.

498. Sieracki denies the allegations of Paragraph 498.

499. Sieracki denies the allegations of Paragraph 499.

500. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $15.68 on October 22, 2007; and at $15.05 on October 23, 2007. Sieracki denies the remaining allegations of Paragraph 500.

501. Sieracki admits that on October 26, 2007, Countrywide issued a press release attached to a report on Form 8-K filed with the SEC announcing unaudited financial results for its Third Quarter 2007. Sieracki admits the allegations of Paragraph 501 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 501.

502. Sieracki denies the allegations of Paragraph 502.

503. Sieracki admits the allegations of Paragraph 503.

504. Sieracki denies the allegations of Paragraph 504.

505. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 505, and on that basis denies them.

506. Sieracki denies the allegations of Paragraph 506.

507. Sieracki denies the allegations of Paragraph 507.

508. Sieracki denies the allegations of Paragraph 508.

509. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at lower prices than the closing price of the previous day from November 15, 2007 to November 21 2007; and at $9.42 on November 21, 2007. Sieracki denies the remaining allegations of Paragraph 509.

510. Sieracki denies the allegations of Paragraph 510.

511. Sieracki denies the allegations of Paragraph 511.

512. Sieracki denies the allegations of Paragraph 512.

513. Sieracki denies the allegations of Paragraph 513.

514. Sieracki denies the allegations of Paragraph 514.

515. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $8.64 on November 26, 2007. Sieracki denies the remaining allegations of Paragraph 515.

516. Sieracki admits that on January 11, 2008, it was announced that Bank of America would acquire Countrywide in a stock-for-stock swap (0.1822 Bank of America share for 1 Countrywide share), which then valued Countrywide at approximately $7 per share. Sieracki denies the remaining allegations of Paragraph 516.

517. Sieracki admits that on January 29, 2008, Countrywide issued a press release announcing unaudited financial results for its Fourth Quarter 2007. Sieracki admits the allegations of Paragraph 517 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 517.

518. Sieracki admits that on June 4, 2009, the SEC filed a civil lawsuit against Messrs. Mozilo, Sambol, and Sieracki. Sieracki admits the allegations of Paragraph 518 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 518.

519. Sieracki admits that on October 15, 2010, a settlement was filed in the SEC lawsuit against Messrs. Mozilo, Sambol, and Sieracki. Sieracki admits that the SEC issued a press release on that date. Sieracki admits the allegations of Paragraph 519 concerning what statements were made in that document only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the

actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 519.

520. Sieracki denies the allegations of Paragraph 520.

521. Sieracki denies the allegations of Paragraph 521.

522. Sieracki denies the allegations of Paragraph 522.

523. Sieracki denies the allegations of Paragraph 523.

524. Sieracki denies the allegations of Paragraph 524.

525. Sieracki denies the allegations of Paragraph 525.

526. Sieracki denies the allegations of Paragraph 526.

527. Paragraph 527 is a characterization of the allegations of the Complaint to which no response is required.

528. Paragraph 528 is a characterization of the allegations of the Complaint to which no response is required.

529. Sieracki denies the allegations of Paragraph 529.

530. Sieracki denies the allegations of Paragraph 530.

531. Sieracki denies the allegations of Paragraph 531.

532. Sieracki denies the allegations of Paragraph 532.

533. Sieracki denies the allegations of Paragraph 533.

534. Sieracki denies the allegations of Paragraph 534.

535. Sieracki denies the allegations of Paragraph 535.

536. Sieracki denies the allegations of Paragraph 536.

537. Sieracki denies the allegations of Paragraph 537.

538. Sieracki admits that Countrywide common stock was traded on the New York Stock Exchange. Sieracki admits that Countrywide filed periodic public reports with the SEC. Sieracki admits that Countrywide was followed by securities analysts employed by prominent brokerage firms and investment banks, and that those analysts wrote reports about the Company. Sieracki admits that Countrywide issued press releases on a regular basis and at other times, which were published on

national news wires. The characterization of the market as an "efficient market" is a legal conclusion to which no response is required. Sieracki denies the remaining allegations of Paragraph 538.

539. Sieracki denies the allegations of Paragraph 539.

540. Sieracki denies the allegations of Paragraph 540.

541. Sieracki denies the allegations of Paragraph 541.

542. Sieracki denies the allegations of Paragraph 542.

543. Paragraph 543 is a characterization of the allegations of the Complaint to which no response is required.

544. Sieracki denies the allegations of Paragraph 544.

545. Paragraph 545 consists of conclusions of law to which no response is required. To the extent that Paragraph 545 contains factual allegations to which a response is required, Sieracki denies the allegations.

546. Sieracki denies the allegations of Paragraph 546.

547. Sieracki denies the allegations of Paragraph 547.

548. Paragraph 548 consists of conclusions of law to which no response is required. To the extent that Paragraph 548 contains factual allegations to which a response is required, Sieracki denies the allegations.

549. Sieracki denies the allegations of Paragraph 549.

550. Sieracki denies the allegations of Paragraph 550.

551. Paragraph 551 consists of conclusions of law to which no response is required. To the extent that Paragraph 551 contains factual allegations to which a response is required, Sieracki denies the allegations.

552. Sieracki denies the allegations of Paragraph 552.

553. Sieracki denies the allegations of Paragraph 553.

554. Sieracki denies the allegations of Paragraph 554.

555. Paragraph 555 is a characterization of the allegations of the Complaint to which no response is required.

556. Paragraph 556 is a characterization of the allegations of the Complaint to which no response is required.

557. Paragraph 557 is a characterization of the allegations of the Complaint to which no response is required.

558. Sieracki denies the allegations of Paragraph 558.

559. Sieracki denies the allegations of Paragraph 559.

560. Sieracki denies the allegations of Paragraph 560.

561. Sieracki denies the allegations of Paragraph 561.

562. Sieracki denies the allegations of Paragraph 562.

563. Sieracki denies the allegations of Paragraph 563.

564. Paragraph 564 is a characterization of the allegations of the Complaint to which no response is required.

565. Paragraph 565 is a characterization of the allegations of the Complaint to which no response is required.

566. Sieracki denies the allegations of Paragraph 566.

567. Sieracki denies the allegations of Paragraph 567.

568. Sieracki denies the allegations of Paragraph 568.

569. Sieracki denies the allegations of Paragraph 569.

570. Sieracki denies the allegations of Paragraph 570.

571. Sieracki denies the allegations of Paragraph 571.

572. Paragraph 572 is a characterization of the allegations of the Complaint to which no response is required.

573. Paragraph 573 consists of conclusions of law to which no response is required. To the extent that Paragraph 573 contains factual allegations to which a response is required, Sieracki denies the allegations.

574. Paragraph 574 consists of conclusions of law to which no response is required. To the extent that this Paragraph 574 contains factual allegations to which a response is required, Sieracki denies the allegations.

575. Sieracki denies the allegations of Paragraph 575.

576. Sieracki denies the allegations of Paragraph 576.

577. Sieracki denies the allegations of Paragraph 577.

578. Sieracki denies the allegations of Paragraph 578.

579. Sieracki denies the allegations of Paragraph 579.

580. Sieracki denies the allegations of Paragraph 580.

## AFFIRMATIVE DEFENSES

Sieracki sets forth below his affirmative defenses. By setting forth these affirmative defenses, Sieracki does not assume the burden of proving any fact, issue or element of a claim where such burden properly belongs to Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each of its purported claims, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitation or repose.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are bared in whole or in part because Sieracki was permitted under applicable law to rely, and did reasonably rely, on information, opinions, reports and statements prepared or presented by officers or employees of the corporation whom he believed to be reliable and competent in the matters presented; and counsel, independent accountants or other persons as to matters which he believed to be within such person's professional or expert competence.

### FOURTH AFFIRMATIVE DEFENSE

Sieracki acted in good faith and with good cause with respect to all matters alleged in the Complaint.

FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the actual facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources. Plaintiffs are not entitled to any recovery because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in the public disclosures of other parties and third parties, in Countrywide's own public filings and announcements (and those of its affiliates), in the documents referenced in the Complaint, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

SIXTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because some or all of the alleged public disclosures bespoke caution or were forward-looking statements, and/or are encompassed by the statutory safe harbor provisions of 15 U.S.C. §78u-5(c).

SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiffs lack standing to assert the claims alleged therein.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting their claims.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs waived their claims.

TENTH AFFIRMATIVE DEFENSE

The Complaint, and each claim in it, is barred by the doctrine of laches.

ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence, and/or assumption of risk.

TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because any recovery by Plaintiffs would constitute unjust enrichment.

THIRTEENTH AFFIRMATIVE DEFENSE

Without admitting that Plaintiffs suffered damages as a result of any act or omission of Sieracki, any damages which may be awarded in connection with the claims asserted herein are offset and/or must be reduced by the amount of the tax benefits accruing to Plaintiffs, by virtue of his or her deduction of capital loss, in order to prevent unjust enrichment of said Plaintiff.

FOURTEENTH AFFIRMATIVE DEFENSE

Without admitting that Plaintiffs suffered damages as a result of any act or omission of Sieracki, any damages which may be awarded in connection with the claims asserted herein are offset and/or must be reduced by Plaintiffs' gains on Countrywide securities.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to take reasonable steps to mitigate or minimize their damages.

SIXTEENTH AFFIRMATIVE DEFENSE

Sieracki cannot be liable as a control person under the Securities Exchange Act for the wrongs alleged in the Complaint. To the extent a court may conclude that it is a defendant's burden to prove the absence of culpable participation as a control person, Sieracki asserts as an affirmative defense that he is not liable as a control person for any claims under §20(a) of the Securities Exchange Act.

SEVENTEENTH AFFIRMATIVE DEFENSE

Sieracki acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action of §10(b) of the Securities Exchange Act.

EIGHTEENTH AFFIRMATIVE DEFENSE

Without admitting that Plaintiffs suffered damages as a result of any act or omission of Sieracki, any damages which may be awarded in connection with the claims asserted herein are offset and/or must be reduced by dividends received by Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Sieracki prays for relief and judgment as set forth below.

1. For judgment in his favor;
2. That Plaintiffs takes nothing by means of their Complaint; and
3. For such other further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 14, 2011 DLA PIPER LLP (US)

By: */s/ Shirli Fabbri Weiss*
Shirli Fabbri Weiss
Attorneys for Defendant ERIC P. SIERACKI

**JURY DEMAND**

Sieracki demands a trial by jury.

Respectfully submitted,

Dated: October 14, 2011

DLA PIPER LLP (US)

By: *_/s/ Shirli Fabbri Weiss_*

Shirli Fabbri Weiss

Attorneys for Defendant ERIC P. SIERACKI